UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                  Case No.: 8:20-cr-207-CEH-JSS

PHILLIP ROY WASSERMAN
_____/

## REPORT AND RECOMMENDATION

Defendant Phillip Wasserman filed his Motion to Dismiss Indictment Based on Government Misconduct, and/or in the Alternative, Motion to Suppress Evidence and Exclude Witnesses (Dkt. 281) and Motion to Dismiss and/or Strike Allegations from Superseding Indictment (Dkt. 315) (Motions), and the Government responded in opposition (Dkts. 305, 316). On March 31, 2022, the undersigned held a hearing on the Motions. For the reasons that follow, the undersigned recommends that the Motions be denied.

## BACKGROUND

On June 23, 2020, a federal grand jury in the Middle District of Florida returned an Indictment charging Defendant Roy Wasserman (Defendant) and Defendant Kenneth Murray Rossman (Defendant Rossman) with conspiracy to commit wire fraud and mail fraud (Count One); wire fraud (Counts Two through Four); and mail fraud (Counts Five through Seven). (Dkt. 1.) The Indictment was sealed pending Defendants' arrest, which occurred on June 26, 2020. (Dkts. 2, 3, 8, 9.)

1

On November 18, 2020, a federal grand jury in the Middle District of Florida returned a Superseding Indictment charging Defendant with conspiracy to commit wire fraud and mail fraud (Count One); wire fraud (Counts Two through Six); mail fraud (Counts Seven through Ten); tax evasion (Count Eleven); and fraud and false statements (Counts Twelve through Eighteen). (Dkt. 69.) The Superseding Indictment charges Defendant Rossman with conspiracy to commit wire fraud and mail fraud (Count One); wire fraud (Counts Two through Six); mail fraud (Counts Seven through Ten); tax evasion (Count Eleven); fraud and false statements (Counts Nineteen through Twenty-One); and aiding and assisting fraud and false statements (Counts Twenty-Two and Twenty-Three). (*Id.*)

Defendant is a former attorney and a licensed insurance agent. (*Id.* ¶ 1.) The allegations in the Superseding Indictment involve an insurance business known as FastLife Insurance Company ("FastLife") that Defendant founded, as well as other companies Defendant owns. (*Id.* ¶¶ 1–8). According to the Superseding Indictment, as early as August 2016, and continuing through at least July 16, 2020, Defendant solicited at least $6.3 million from victim-investors in a "Ponzi-like" scheme to make payments to earlier investors in FastLife and other companies Defendant owned and also to finance Defendant's lifestyle. (*Id.*)

## ANALYSIS

### A. Motion to Dismiss Superseding Indictment (Dkt. 281)

In the Motion to Dismiss, Defendant seeks dismissal of the Superseding Indictment due to the Government's alleged conduct while investigating Defendant

and FastLife. Specifically, Defendant argues that the Government's agents improperly disclosed his tax return information in violation of 26 U.S.C. § 6103. (Dkt. 281 at 2.) Defendant maintains that "the government agents' unlawful conduct has violated [his] Fifth Amendment due process rights, was outrageous, and has made it impossible for [him] to receive a fair trial." (*Id.*) Thus, Defendant requests that the court dismiss the Superseding Indictment with prejudice, or in the alternative, suppress the evidence that resulted from the agents' "outrageous" misconduct. (*Id.*) In response, the Government maintains that Defendant allegations are "erroneous and baseless" and that his Motion to Dismiss is "legally deficient." (Dkt. 305 at 1–2.)

Section 6103 is a provision of the Internal Revenue Code that provides for the confidentiality of tax return information. Specifically, § 6103 provides that "[r]eturns and return information shall be confidential" and shall not be disclosed except as authorized by federal law. Return information includes, among other things, any information "received by, recorded by, prepared by, furnished to, or collected by" the Internal Revenue Service ("IRS") "with respect to . . . the determination of the existence or possible existence, of liability . . . of any person . . . for any tax, penalty interest, fine, forfeiture, or other imposition or offense." 26 U.S.C. § 6103(b)(2).

Congress has provided civil and criminal remedies for violations of § 6103. Specifically, 26 U.S.C. § 7431 establishes a private right of action for civil damages against the United States as a remedy if a federal officer knowingly or negligently violates § 6103. Additionally, 26 U.S.C. § 7213(a)(1) provides criminal penalties for the unauthorized disclosure of tax return information in violation of § 6103. *See also*

3

*United States v. Stuckey*, 165 F. App'x 806, 807 (11th Cir. 2006) (noting that "[f]ederal law also makes it illegal for an IRS employee "willfully to disclose to any person, except as authorized . . . any return or return information") (quoting 26 U.S.C. § 7213(a)(1)).

As noted above, Defendant contends that government agents violated § 6103 when they disclosed his tax return information to witnesses in this case. As such, Defendant asks this court to dismiss the Superseding Indictment or in the alternative suppress evidence obtained as a result of the disclosures. To the extent Defendant contends that the remedies of dismissal or suppression are appropriate when a § 6103 violation occurs, that contention is foreclosed by Eleventh Circuit precedent.

In *Nowicki v. Comm'r of Internal Revenue*, 262 F.3d 1162, 1163 (11th Cir. 2001), the appellant argued that the disclosure of her tax return information violated § 6103 and that the evidence obtained as a result of the violation must be suppressed. In affirming the Tax Court's denial of appellant's motion to suppress, the Eleventh Circuit held that even assuming a § 6103 violation occurred, "imposition of the exclusionary rule is not warranted for a disclosure of return information which violates § 6103." *Id.* The court reasoned that although "Congress has specifically provided civil (I.R.C. § 7431) as well as criminal penalties (I.R.C. § 7213) for violations of § 6103," "[t]here is no statutory provision requiring exclusion of evidence obtained in violation of § 6103 and we will not invent one." *Id.*

Similarly, in *United States v. Michaelian*, 803 F.2d 1042 (9th Cir. 1986), a case cited in the *Nowicki* decision, the Ninth Circuit rejected the defendant's contention that

dismissal or suppression was an appropriate remedy for a § 6103 violation. *Id.* at 1049. In making this determination, the court noted "its reluctance to imply a judicial remedy for violations of § 6103 given Congress' explicit provision of a remedy." *Id.* (referring to 26 U.S.C. § 7213). The court further noted that "no court has held that a § 6103 violation warrants dismissal or suppression." *Id.* As such, the court concluded that the "[e]ven if a violation of § 6103 occurred, dismissal or suppression are improper remedies, and the district court did not abuse its discretion in refusing to fashion them as remedies." *Id.* at 1050.

Thus, there is no exclusionary remedy for a § 6103 violation. *See also United States v. Orlando*, 281 F.3d 586, 595–96 (6th Cir. 2002) (agreeing with *Nowicki* and finding the exclusionary rule inapplicable because any purported § 6103 violation did not infringe upon the defendant's constitutional rights); *Marvin v. United States*, 732 F.2d 669, 673 (8th Cir. 1984) ("Assuming . . . that a violation of section 6103 occurred, we hold that in this case . . . suppression[ ] of copies of the seized records is not an available remedy.") As such, the court need not decide whether a violation of § 6103 occurred, because even assuming that the procedures set forth in § 6103 were not followed by the agents investigating Defendant, the relief Defendant's seeks is unavailable.

Next, Defendant contends that the Superseding Indictment should be dismissed due to outrageous government conduct. The court previously noted (Dkt. 151 at 5), however, that the Eleventh Circuit has "never acknowledged the existence of the outrageous government conduct doctrine," *United States v. Jayyousi*, 657 F.3d 1085,

5

1111 (11th Cir. 2011), and other Circuits have either questioned or rejected it. *See United States v. Boyd*, 55 F.3d 239, 241–42 (7th Cir. 1995) (holding that the doctrine/defense does not exist in the Seventh Circuit); *United States v. Tucker*, 28 F.3d 1420, 1428 (6th Cir. 1994) (rejecting a due process argument based on the government's conduct as a matter of law); *United States v. Stantana*, 6 F.3d 1, 4 (1st Cir. 1993) (explaining that "the doctrine is moribund; in practice, courts have rejected its application with almost monotonous regularity").

Outrageous government conduct, "occurs when law enforcement obtains a conviction for conduct beyond the defendant's predisposition by employing methods that fail to comport with due process guarantees." *United States v. Ciszkowski*, 492 F.3d 1264, 1270 (11th Cir. 2007). Indeed, the conduct of a law enforcement officer may violate the Fifth Amendment if it is "so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction." *United States v. Russell*, 411 U.S. 423, 431–32 (1973). The Eleventh Circuit has noted that even if the court had recognized the outrageous government conduct defense, "the actionable government misconduct must relate to the defendant's underlying or charged criminal acts." *Jayyousi*, 657 F.3d at 1111. In *Jayyousi*, the defendant moved to dismiss the indictment, not based on "any government intrusion into his underlying criminal conduct," but based on "alleged mistreatment he received at the brig after the conclusion of his criminal acts and prior to the indictment on the present charges." *Id.* at 1112. The Eleventh Circuit held,

6

even if it were to adopt the outrageous government conduct doctrine, "the doctrine does not apply in this situation." *Id.*

In this case, Defendant fails to allege governmental intrusion or influence into FastLife or Defendant's other companies. Instead, Defendant asserts that the government acted outrageously in committing violations of § 6103. According to Defendant, the alleged violations "have made it impossible for him to have a fair trial." (Dkt. 281 at 22.) Here as in *Jayyousi*, the outrageous government conduct doctrine does not apply since the "egregious" and "outrageous" conduct that Defendant alleges occurred relates to post-indictment conduct. Moreover, even if § 6103 violations occurred, the violations do not meet the high bar of outrageous misconduct that would entitle Defendant to relief under the Fifth Amendment. *See United States v. Fattah*, 858 F.3d 801, 814 (3d Cir. 2017) (noting that although the government conceded that a § 6103 violation occurred, "we are unable to conclude that the disclosure of this financial information, standing alone or in combination with any of the above considerations, is 'so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction.'") (quoting *Russell*, 411 U.S. at 431–32).

As the final basis for dismissal or suppression, Defendant argues that "[e]ven if [Defendant's] due process rights had not been violated, dismissal of the Superseding Indictment would be appropriate under the Court's supervisory power." (Dkt. 281 at 23.) Federal courts may invoke their supervisory powers for three purposes: (1) to remedy a violation of a statutory or constitutional right; (2) to preserve judicial

7

integrity; and (3) to deter future illegal conduct. *United States v. Hasting*, 461 U.S. 499, 505 (1983). As part of this power, federal courts may dismiss an indictment in response to government misconduct. This, however, is a "disfavored remedy" that "should only be utilized in the most egregious of cases." *United States v. Diaz*, 156 F. App'x 223, 224 (11th Cir. 2005). Moreover, dismissal under a court's supervisory powers, also requires prejudice. *See United States v. Deluca*, No. 6:11-cr-221-Orl-28KRS, 2014 WL 3341345, at *9 (M.D. Fla. July 8, 2014) (citing *United States v. Campagnuolo*, 592 F.2d 852, 865 (5th Cir. 1979); *Hasting*, 461 U.S. at 506).

Upon consideration, the undersigned finds that Defendant has failed to demonstrate that dismissal of the Superseding Indictment pursuant to the court's inherent supervisory powers is appropriate in this case. Specifically, the undersigned finds that Defendant has failed to demonstrate prejudice. To the extent he contends that the alleged § 6103 violations have affected his ability to have a fair trial, the undersigned finds that contention to be speculative since, as noted above, the case has yet to proceed to trial. Indeed, at trial, the Government has the burden of proving the allegations of the Superseding Indictment beyond a reasonable doubt. Any witness who may have been exposed to Defendant's tax return information that will testify on behalf of the Government must withstand cross-examination. Thus, Defendant will have the ability to vigorously cross-examine any such witness regarding the effect of the agents' alleged conduct. *See United States v. Moss*, No. 10-60264-cr-COHN, 2011 WL 2669159, at *9 (S.D. Fla. Mar. 21, 2011) (declining to exercise its supervisory power where the defendant failed to demonstrate prejudice in the government agency's

interviewing of potential witnesses prior to trial since the credibility of the witness' "testimony would be tested through the adversary system, which grants [the defendant] the right to vigorous cross-examination"). As such, the court is unpersuaded by Defendant's contentions and declines to exercise its supervisory power to dismiss the Superseding Indictment or fashion an exclusionary remedy at this time. *See, e.g.*, *United States v. O'Keefe,* 825 F.2d 314, 318 (11th Cir. 1987) (affirming denial of motion to dismiss because, while prosecutor's behavior was less than exemplary, the defendants failed to demonstrate prejudice); *Deluca*, 2014 WL 3341345, at *9 (declining to exercise the court's supervisory powers to dismiss an indictment where prejudice was not shown).

For these reasons, the court further recommends that Defendant's request for an evidentiary hearing (Dkt. 332) be denied. *See United States v. Galvis-Pena*, No. 1:09-cr-25-TCB-CCH-4, 2012 WL 42540 (N.D. Ga. Feb. 9, 2012) (adopting the magistrate judge's recommendation that a pretrial evidentiary hearing regarding outrageous government conduct would be inappropriate and further noting that the defendant could "move for dismissal at trial should the evidence establish this defense").

### B. Motion to Dismiss and/or Strike Allegations from Superseding Indictment (Dkt. 315)

In the Motion to Dismiss and/or Strike, Defendant moves to dismiss or strike "all allegations in the [Superseding Indictment] that [he] defrauded investors by failing to disclose that he had preexisting personal tax liens filed against him by the [IRS]." (Dkt. 315 at 1.) Defendant argues that he "had no duty to disclose that information to

9

investors, nor did that information relate to a material fact." (*Id.*) Thus, Defendant requests that the court dismiss or strike those allegations because whether he "informed investors of the existence of those tax liens is irrelevant and cannot form the basis of a mail or wire fraud charge against him." (*Id.*) The Government argues in response that there is no requirement that a defendant have a legal duty to disclose tax liens for the mail and wire fraud charges to be valid; the materiality of Defendant's failure to disclose the existence of his tax liens is an issue for the jury to decide; and that because the allegations concerning Defendant's failure to disclose his tax liens are relevant and not unfairly inflammatory or prejudicial, the allegations should not be stricken as surplusage. (Dkt. 316 at 2–11.)

Under Federal Rule of Criminal Procedure 12(b)(1), a defendant may challenge an indictment as defective for failure to state an offense. Fed. R. Crim. P. 12(b)(3)(B)(v). When considering a pretrial motion to dismiss, a district court's review is limited to "the face of the indictment and, more specifically, the language used to charge the crimes." *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006). As the Eleventh Circuit has held, "an indictment may be dismissed where there is an infirmity of law in the prosecution; a court may not dismiss an indictment, however, on a determination of facts that should have been developed at trial." *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987). Therefore, an indictment may not be dismissed based on facts outside the indictment, even if those facts are undisputed. *See United States v. Salman*, 378 F.3d 1266, 1267–68 (11th Cir. 2004) (noting that "there

10

is no explicit authority to grant a pre-trial judgment as a matter of law on the merits under the Federal Rules of Criminal Procedure").

"For an indictment to be valid, it must contain the elements of the offense intended to be charged, and sufficiently apprise the defendant of what he must be prepared to meet." *United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir. 2003) (internal quotation marks omitted). "An indictment not framed to apprise the defendant with reasonable certainty, of the nature of the accusation against him is defective, although it may follow the language of the statute." *Id.* (internal quotation marks omitted). "Furthermore, if the indictment tracks the language of the statute, it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Id.* (internal quotation marks omitted).

As noted above, Defendant seeks to dismiss or strike the allegations in the Superseding Indictment that he defrauded investors in FastLife by failing to disclose that he had preexisting personal tax liens field against him by the IRS. (Dkt. 315 at 4–8.) Defendant asserts that because he had no legal duty to disclose the existence of tax liens against him, "it follows that such conduct cannot form the basis of a mail or wire fraud charge." (*Id.* at 8.) The undersigned finds that this contention, however, is without merit because, as the Government correctly notes, the essential elements of these fraud offenses do not include proof of a legal duty.

According to the Eleventh Circuit "mail or wire fraud occurs when a person (1) intentionally participates in a scheme [or artifice] to defraud another of money or

property and (2) uses the mails or wires in furtherance of that scheme." *McCulloch v. PNC Bank, Inc.*, 298 F.3d 1217, 1225 (11th Cir. 2002). "A scheme to defraud requires proof of a material misrepresentation, or the omission or concealment of a material fact calculated to deceive another out of money or property." *United States v. Maxwell*, 579 F.3d 1282, 1299 (11th Cir. 2009). "A misrepresentation is material if it has a natural tendency to influence, or is capable of influencing, the decision maker to whom it is addressed." *Id.* (quotation marks and alteration omitted). Moreover, "concealment of critical data, even without a formalized duty to disclose that data, can constitute mail and/or wire fraud in certain situations." *Langford v. Rite Aid of Ala., Inc.*, 231 F.3d 1308, 1313 (11th Cir. 2000).

    Here, the factual allegations in the Superseding Indictment, viewed in the light most favorable to the Government, are sufficient to charge the offenses as a matter of law. Specifically, the Superseding Indictment alleges numerous false or fraudulent pretenses, representations, or promises, as well as specific material omissions, that the Government alleges demonstrates Defendant's scheme to defraud. Each count of the Superseding Indictment specifies the statute on which the charge is based, tracks the language of that statute, and provides sufficient facts in support of the charge. Moreover, the allegation that Defendant failed to disclose his tax liens could be considered a material omission, which can form the basis of a scheme to defraud. *See United States v. Waymer*, 55 F.3d 564, 572 (11th Cir. 1995) (upholding mail fraud convictions and noting materiality of undisclosed information because fraud may be proved through non-disclosure of material facts intended to create a false and

fraudulent representation and noting defendant's obvious fiduciary duty to the citizens to disclose the fact that he was receiving a 15% cut from companies doing business with the school board).

Defendant also contends that allegations concerning his failure to disclose preexisting personal tax liens should be stricken from the Superseding Indictment. The court disagrees. The United States has alleged that Defendant's failure to disclose his tax liens to investors in FastLife was a material omission. A material omission can form the basis for a scheme to defraud. *See Maxwell*, 579 F.3d at 1299. Upon review, the Superseding Indictment sufficiently alleges materiality. To the extent Defendant takes issue with the sufficiency of the evidence to support the allegations and whether they are "material," that issue is premature and is properly addressed at trial. *See United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992) (stating that there is no provision in criminal cases for a "pre-trial determination of sufficiency of the evidence"). The jury must decide whether Defendant's alleged conduct, including the failure to disclose tax lien information, was material to investors' decision to invest in FastLife.

Defendant's final contention that the allegations concerning his failure to disclose his tax lien information should be stricken as surplusage is also without merit. Federal Rule of Criminal Procedure 7(d) provides that, upon a motion, "the court may strike surplusage from the indictment." *Id.* at 7(d). A motion to strike surplusage should not be granted "unless it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." *United States v. Awan*, 966 F.2d 1415,

13

1426 (11th Cir. 1992) (internal quotations and citations omitted). As stated above, the allegations that Defendant failed to disclose his tax lien information to investors are relevant to whether he took part in a scheme to defraud. As such, the court finds that the allegations should not be stricken.

In sum, the court rejects Defendant's arguments. Upon review, the Superseding Indictment is sufficient. The Superseding Indictment adequately contains the elements of the charged offenses and fairly informs the Defendant of the charges against him.

## CONCLUSION

Upon consideration, it is **RECOMMENDED** that Defendant Wasserman's Motion to Dismiss (Dkt. 281), Motion to Dismiss and/or Strike Allegations from Superseding Indictment (Dkt. 315), and Motion for Evidentiary Hearing on Defendant's Motion to Dismiss (Dkt. 332) be **DENIED**.

**IT IS SO REPORTED** in Tampa, Florida, on May 27, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to

factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

The Honorable Charlene Edwards Honeywell
Counsel of Record
Pro Se Defendant