# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                   Case No.: 8:20-cr-207-CEH-MRM

PHILLIP ROY WASSERMAN
_____/

## **O R D E R**

This cause comes before the Court upon the following motions, all of which were filed by Defendant Phillip Wasserman:

Motion *in Limini* [sic] Regarding Alleged Commingling of Funds (Doc. 472);

Motion *in Limine* to Allow Evidence of Defendant's Legal Career Into Evidence Including Evidence of All Government Actions Against Defendant While He Was an Attorney and All Related Instances to Show that This Case is Politically Motivated (Doc. 473);

Motion *in Limine* to Prevent the Government From Asking Defendant About His Conversations With His Counsel While Defendant is on the Witness Stand (Doc. 474);

Motion to Review All Grand Jury Transcripts (Doc. 475);

Motion for Grand Jury Transcripts Based Upon the Illegality of Telling the Grand Jury Defendant Had an Obligation to Tell the Note Holders About Personal Tax Liens and Personal Financial Situations (Doc. 478);

Motion *in Limine* to Not Refer to the Investor Note Holders as Victims (Doc. 488); and

Motion to Allow Civil Suit Against Stephen Howland and the US Government into Evidence (Doc. 507).

At the outset, the Court notes that the pretrial-motions deadline has passed. Doc. 299 at 1–2; Doc. 347; Doc. 354 at 2. Additionally, not one of these motions

contains a legal memorandum. *See* Local R. M.D. Fla. 3.01(a) ("A motion must include—in a single document no longer than twenty-five pages inclusive of all parts—a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request."). As such, the Court will deny the motions, without prejudice. Because the Court will deny the motions, without prejudice, the Court will also deny as moot the Government's Unopposed Motion for Extension of Time to File Responses to Defendant's Motions Docketed at 472, 473, 474, 487, and 488 (Doc. 494).[1]

Accordingly, it is **ORDERED**:

1. Defendant Wasserman's Motion *in Limini* [sic] Regarding Alleged Commingling of Funds (Doc. 472) is **DENIED, without prejudice**.

2. Defendant Wasserman's Motion *in Limine* to Allow Evidence of Defendant's Legal Career Into Evidence Including Evidence of All Government Actions against Defendant While He Was an Attorney and All Related Instances to Show that This Case is Politically Motivated (Doc. 473) is **DENIED, without prejudice**.

3. Defendant Wasserman's Motion *in Limine* to Prevent the Government From Asking Defendant About His Conversations With His Counsel While Defendant is on the Witness Stand (Doc. 474) is **DENIED, without prejudice**.

---

[1] Also, the Government has responded to Doc. 487 (Doc. 510).

4. Defendant Wasserman's Motion to Review All Grand Jury Transcripts (Doc. 475) is **DENIED, without prejudice**.

5. Defendant Wasserman's Motion for Grand Jury Transcripts Based Upon the Illegality of Telling the Grand Jury Defendant Had an Obligation to Tell the Note Holders About Personal Tax Liens and Personal Financial Situations (Doc. 478) is **DENIED, without prejudice**.

6. Defendant Wasserman's Motion *in Limine* to Not Refer to the Investor Note Holders as Victims (Doc. 488) is **DENIED, without prejudice**.

7. Defendant Wasserman's Motion to Allow Civil Suit Against Stephen Howland and the US Government into Evidence (Doc. 507) is **DENIED, without prejudice**.

8. The Government's Unopposed Motion for Extension of Time to File Responses to Defendant's Motions Docketed at 472, 473, 474, 487, and 488 (Doc. 494) is **DENIED, as moot**.

**DONE AND ORDERED** in Tampa, Florida on October 12, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any