# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.    CASE NO: 8:20-cr-207-CEH-MRM

PHILLIP ROY WASSERMAN

## ORDER

This cause comes before the Court upon Defendant Philip Roy Wasserman's Objections to Order on Motion for Bill of Particulars (Doc. 131), and the Government's response thereto (Doc. 136). Upon careful consideration, the Court will overrule Wasserman's objections and affirm the Magistrate Judge's order.

### I. BACKGROUND

On June 23, 2020, a federal grand jury in the Middle District of Florida returned an indictment that charged Defendant Phillip Roy Wasserman with conspiracy to commit wire fraud and mail fraud (Count One); wire fraud (Counts Two through Four); and mail fraud (Counts Five through Seven). Doc. 1 at 1–16. Months after his arrest, a federal grand jury in the Middle District of Florida returned a superseding indictment that charges Wasserman with conspiracy to commit wire fraud and mail fraud (Count One); wire fraud (Counts Two through Six); mail fraud (Counts Seven through Ten); evasion of payment of income taxes (Count Eleven); and fraud and false statements (Counts Twelve through Eighteen). Doc. 69 at 1–25.

Wasserman moved for a bill of particulars relating to Count One of the Superseding Indictment. Doc. 85. Primarily, he argued that Count One of the Superseding Indictment, which charges conspiracy to commit wire fraud and mail fraud, "lacks any explanation regarding what expenditures by Mr. Wasserman or Fastlife the Government alleges were fraudulent." *Id.* at 8. He also argued that Counts Two through Ten are "not helpful in understanding the government's theory" because they only detail certain payments from investors to FastLife and certain expenditures by FastLife but provide no explanation as to how the payments or expenditures are fraudulent. *Id.*

In response, the Government argued that the purpose of a bill of particulars is to supplement essential facts to a defendant, rather than to serve as a vehicle for inquiring into the government's legal theory or evidentiary basis concerning the means by which a defendant committed a specific criminal act. Doc. 102 at 1–5. Additionally, the Government cited numerous conspiracy cases where requests for a bill of particulars were rejected. *Id.* at 5–8. The Government also argued that Count One sufficiently detailed the alleged conspiracy and exceeded the requirement of Rule 7 of the Federal Rules of Criminal Procedure. *Id.* at 9–12. Finally, the Government argued that Wasserman was improperly trying to discover the details of the Government's trial strategy, and that the details Wasserman seeks are available through other sources, including case agents who were made available to defense counsel to review the analysis of financial records pertaining to the charged offenses. *Id.* at 14.

The Magistrate Judge found that a bill of particulars was not warranted here, as the allegations in Count One of the Superseding Indictment, read together with the remaining counts, were sufficient to inform Wasserman of the charges against him. Doc. 126 at 4. As to Wasserman's argument that the Superseding Indictment fails to inform him which specific payments made in connection with his businesses are alleged to be fraudulent, the Magistrate Judge found that Wasserman failed to demonstrate that this information was essential to his preparation of a defense. *Id.* at 5. Additionally, the Order notes that the Government stated at a hearing that it would contend all of Defendant's expenditures were made to advance the alleged conspiracy. *Id.* The Magistrate Judge also found that Wasserman was requesting evidentiary information above and beyond the required notice as to the conspiracy offense charged in Count One of the Superseding Indictment, based on the fact that conspiracy to commit wire and mail fraud does not require proof of an overt act. *Id.* at 5–6. Finally, the Magistrate Judge found that the other counts in the Superseding Indictment, read together with Count One, contained ample detail to inform Wasserman of the charges against him to enable him to prepare a defense. *Id.* at 7.

Wasserman now objects. He asks the Court to "overrule Magistrate Judge Sneed's Order and order the government to identify the expenditures of investor funds the government contends were fraudulent." Doc. 131 at 1–2. The Government opposes. Doc. 136.

## II.  LEGAL STANDARD

A magistrate judge's ruling on a non-dispositive matter must be affirmed unless "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Crim. P. 59(a) ("The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous."). The "clearly erroneous or contrary to law" standard is extremely deferential. *Pac. Employers Ins. Co. v. Wausau Bus. Ins. Co.*, No. 3:05-cv-850-JHM-MMH, 2007 WL 433362, at *2 (M.D. Fla. Feb. 6, 2007). A finding is clearly erroneous if "the reviewing court, after assessing the evidence in its entirety, is left with a definite and firm conviction that a mistake has been committed." *Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1523 (11th Cir. 1997).

### III.  ANALYSIS

This Court will affirm the ruling of the Magistrate Judge. Wasserman fails to show that the Magistrate Judge's order is clearly erroneous or contrary to law.

Wasserman asserts in the objection, as he did before the Magistrate Judge, that he does not have enough information to adequately prepare for trial. He also claims, as he did in his initial motion, that he needs a bill of particulars due to the large amount of discovery in the case. Finally, he asks that this Court order the Government to identify the expenditures that it alleges were fraudulent in a bill of particulars. However, he fails to point out anything in the Magistrate Judge's order that was clearly erroneous or contrary to the law.

In addressing Wasserman's motion for a bill of particulars relating to Count One of the Superseding Indictment, the Magistrate Judge correctly explained that one

was not warranted in this case. This is because the allegations in Count One, read together with the remaining counts, are sufficient to inform Wasserman of the charges against him to prepare a defense, minimize surprise at trial, and enable him to plead double jeopardy if he were later charged with the same offense. In addition, Count One includes a detailed description of the alleged conspiracy and a similarly detailed description of the manner and means of the conspiracy.

In his objection, Wasserman again asserts that the Superseding Indictment fails to inform him which payments made in connection with his business are fraudulent. The Magistrate Judge sufficiently addressed this issue by explaining that Wasserman has failed to demonstrate that it is essential to his preparation of a defense to know which specific expenditures the Government maintains were fraudulent, and that the Government in fact contends all of Defendant's expenditures were made to advance the alleged conspiracy. Finally, the Magistrate Judge correctly found that a bill of particulars is not an appropriate mechanism to compel the government to provide detailed facts regarding the existence and formation of a conspiracy, and that Wasserman has failed to establish a basis to require the Government to identify each and every expenditure made to further the conspiracy alleged in Count One of the Superseding Indictment.

Therefore, upon careful review, the Court finds no basis to conclude that the Magistrate Judge's order was clearly erroneous or contrary to law. As such, the Court must affirm.

## IV.  CONCLUSION

Accordingly, it is **ORDERED**:

1. Defendant Philip Wasserman's Objections to Order on Motion for Bill of Particulars (Doc. 131) are **OVERRULED**.

2. The February 11, 2021 order of the Magistrate Judge (Doc. 126) is **AFFIRMED**.

**DONE** and **ORDERED** in Tampa, Florida on November 29, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

6