## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO: 8:20-cr-207-CEH-MRM

PHILLIP ROY WASSERMAN

_____

### <u>ORDER</u>

This cause comes before the Court on the Report and Recommendation (Doc. 401), issued by Magistrate Judge Julie S. Sneed. In the R&R, Magistrate Judge Sneed recommends denying Defendant Phillip Wasserman's Motion to Dismiss Indictment Based on Government Misconduct, and/or in the Alternative, Motion to Suppress Evidence and Exclude Witnesses (Doc. 281), his Motion to Dismiss and/or Strike Allegations from Superseding Indictment (Doc. 315), and his Motion for Evidentiary Hearing on Defendant's Motion to Dismiss and In the Alternative, Motion to Suppress (Doc. 332).

All parties were furnished copies of the R&R and afforded the opportunity to file objections, in accordance with 28 U.S.C. § 636(b)(1). Wasserman filed a timely Objection to the R&R. Doc. 404. He later submitted a filing titled "Notice of Filing Supplemental Authority in Doc. 404," (Doc. 416) and attached a Magistrate Judge's R&R from a civil action in the Northern District of Texas. The Government filed a response to Wasserman's Objection. Doc. 429.

Upon careful consideration of the R&R, the Objection, the Government's response to the Objection, and upon this Court's independent examination of the file, it is determined that the Objection should be overruled, the R&R adopted, and Wasserman's three motions (Docs. 281, 315, and 332) denied.

## I.   BACKGROUND

On June 23, 2020, a federal grand jury in the Middle District of Florida returned an indictment that charged Defendant Phillip Roy Wasserman with conspiracy to commit wire fraud and mail fraud (Count One); wire fraud (Counts Two through Four); and mail fraud (Counts Five through Seven). Doc. 1 at 1–16. Months after his arrest, a federal grand jury in the Middle District of Florida returned a superseding indictment that charges Wasserman with conspiracy to commit wire fraud and mail fraud (Count One); wire fraud (Counts Two through Six); mail fraud (Counts Seven through Ten); evasion of payment of income taxes (Count Eleven); and fraud and false statements (Counts Twelve through Eighteen). Doc. 69 at 1–25.

*A.   Motion to Dismiss Indictment Based on Government Misconduct, and/or in the Alternative, Motion to Suppress Evidence and Exclude Witnesses (Doc. 281)*

Wasserman moves to dismiss the Superseding Indictment based on allegations that IRS agents repeatedly disclosed his tax return information to other parties in violation of 26 U.S.C. § 6103 ("§ 6103"). Doc. 281 at 2, 10–21. Wasserman alleges that the § 6103 disclosures were a violation of his Fifth Amendment due process rights, constitute outrageous government conduct, and have made it impossible for him to receive a fair trial. *Id.* at 21–22. He asks for the Superseding Indictment's dismissal on

this basis. *Id.* at 24. Additionally, Wasserman seeks dismissal under the Court's supervisory powers based on the various violations of federal law that he claims occurred. *Id.* at 23. In the alternative, he asks the Court to suppress all evidence that was obtained through the violations, as well as any derivative evidence. *Id.* at 24.

> B.  *Motion to Dismiss and/or Strike Allegations from Superseding Indictment (Doc. 315)*

Wasserman also moves to dismiss and/or strike all allegations in the Superseding Indictment that he defrauded investors by failing to disclose that he had preexisting personal tax liens filed against him by the IRS. Doc. 315 at 1. Wasserman claims that he had no duty to disclose that information to investors and that the information did not relate to a material fact. *Id.* He asks the Court to strike or dismiss those allegations from the Superseding Indictment because they are "irrelevant and cannot form the basis of a mail or wire fraud charge" against him. *Id.* Wasserman also argues that the allegations should be stricken from the Superseding Indictment on the basis that they are "unduly prejudicial" surplusage. *Id.* at 8.

> C.  *Motion for Evidentiary Hearing on Defendant's Motion to Dismiss (Doc. 332)*

Wasserman moves for an evidentiary hearing on his Motion to Dismiss Indictment Based on Government Misconduct, and/or in the Alternative, Motion to Suppress Evidence and Exclude Witnesses (Doc. 281). Doc 332 at 1. Wasserman argues that, by law, evidentiary hearings should be granted on "allegations of jury tampering, prosecutorial misconduct, or third-party confession" and lists several witnesses that he would likely call to testify at such a hearing. *Id.* at 1-4.

*D.  The Government's Responses (Doc. 305, Doc. 316)*

The Government filed a response in opposition to Wasserman's Motion to Dismiss Indictment Based on Government Misconduct, and/or in the Alternative, Motion to Suppress Evidence and Exclude Witnesses. Doc. 305. The Government argues that Wasserman failed to support his requests for dismissal of the indictment, suppression of evidence, and removal of case agents with any pertinent legal authority. *Id.* at 10–13. Additionally, the Government argues that Wasserman failed to establish that any of the investigators violated § 6103 during the course of their investigation. *Id.* at 16–26.

The Government also filed a response in opposition to Wasserman's Motion to Dismiss and/or Strike Allegations from Superseding Indictment. Doc. 316. The Government disputes Wasserman's contention that the fraud charges against him should be dismissed because he had no legal duty to disclose his personal tax liens. *Id.* at 2–8. The Government asserts that there is no legal basis for the allegations to be stricken from the Superseding Indictment and that proof of a legal duty is not one of the essential elements of a fraud offense. *Id.* at 4. The Government also contends that it properly alleged that Wasserman's failure to disclose his tax liens was a material omission, and that it is for a jury to decide whether the omission was in fact material. *Id.* at 9–11. Finally, the Government argues that the allegations about Wasserman's failure to disclose his tax liens are relevant to the offenses charged, are not surplusage, and should not be stricken. *Id.* at 11–12.

*E.  The Magistrate Judge's Findings and Recommendations (Doc. 401)*

Based on the submissions of both sides, as well as a hearing held on March 31, 2022, the Magistrate Judge recommended that each of Wasserman's motions be denied. Doc. 401. As to Wasserman's first motion (Doc. 281), the Magistrate Judge found that the remedies of dismissal and suppression are foreclosed by Eleventh Circuit precedent, and that there is no exclusionary remedy for a § 6103 violation. *Id.* at 4–5. The Magistrate Judge also found that the Court need not decide whether a violation of § 6103 occurred because the relief Wasserman seeks is unavailable. *Id.* at 5.

Next, the Magistrate Judge found that the "outrageous government conduct doctrine" would not apply here because the alleged conduct happened post-indictment, Wasserman fails to adequately allege governmental intrusion into or influence on his companies, and his allegations of § 6103 violations—even if assumed to be true—do not meet the high bar of outrageous misconduct that would entitle him to relief under the Fifth Amendment. *Id.* at 5–7. Finally, the Magistrate Judge found that dismissal of the Superseding Indictment pursuant to the Court's inherent supervisory powers was not appropriate in this case. *Id.* at 8–9. As to Wasserman's request for an evidentiary hearing on his first motion (Doc. 332), the Magistrate Judge found that such a hearing was unwarranted, noting that Wasserman could move for dismissal at trial should the evidence establish an outrageous government conduct defense. Doc. 401 at 9.

The R&R then addressed the second motion. The Magistrate Judge recommended denial of Wasserman's request to dismiss or strike the allegations in the Superseding Indictment regarding his failure to disclose his preexisting personal tax liens. *Id.* at 14. She rejected Wasserman's argument that he had no duty to disclose the liens, finding that because the essential elements of the offenses charged do not include proof of a legal duty, this argument was unavailing. *Id.* at 11–13. She also found that the Superseding Indictment sufficiently alleged materiality with regard to Defendant's alleged omissions and noted that to the extent the Defendant objected to the sufficiency of the evidence, that issue would be properly addressed at trial. *Id.* at 13. Finally, the Magistrate Judge found that Defendant's contention that the allegations surrounding his failure to disclose tax liens should be stricken as surplusage were meritless, because the allegations are relevant to the charge of a scheme to defraud. *Id.* at 13–14.

## F.  *Phillip Wasserman's Objections (Doc. 404)*

Wasserman now objects to the Magistrate Judge's factual findings and analysis contained in the R&R. He begins by stating that he "specifically appeals the REPORT AND RECOMMENDATION" as to his three relevant motions discussed above. Doc. 404 at 1. Wasserman then describes a press release issued by the United States Attorney's Office about his case. *Id.* at 1–2. Next, he lists a number of alleged "examples of government misconduct and witness tampering" with no clear connection to the R&R and airs his grievances with the Government, its investigative methods, and the case generally. *Id.* at 2–5.

Wasserman then outlines his objections to the R&R. First, he claims that the Magistrate Judge "ignored the multitude of caselaw Defendant cited in both argument and brief" related to the § 6103 violations. *Id.* at 5. Wasserman states that the Magistrate Judge failed to rule as to "whether the agents violated 6103 or not," and instead only addressed the fact that such a violation would not serve as justification for suppression or dismissal. *Id.* He argues that the alleged § 6103 violations are "absolute proof of government misconduct" and should have led to the case being dismissed or, in the alternative, the evidence being suppressed. *Id.* Wasserman also argues that the Magistrate Judge should have held an evidentiary hearing on the § 6103 violations. *Id.* at 6.

Additionally, Wasserman objects to the Magistrate Judge's ruling on his allegation that the agents' behavior would affect his ability to have a fair trial. *Id.* He asserts that the Court has the authority to exclude "all this tainted evidence and witnesses" and claims that his right to a fair trial and 5th Amendment right to due process have been violated by the Government. *Id.* He also claims to have demonstrated "enough due process violations and government misconduct per all the caselaw previously submitted" to have this case dismissed. *Id.* at 7. Separately, Wasserman claims that "[t]his Court has already ruled that the counts on the taxes should be severed because that they are prejudicial to the counts relating to FastLife," and that the Magistrate Judge's R&R wrongly allows prejudicial tax information into the fraud case against him. *Id.*

Finally, Wasserman claims generally that "the Magistrate's interpretation is incorrect" and asks this Court to dismiss the case for extreme government misconduct or alternatively exclude the evidence. *Id.* at 8. Wasserman also asks this Court to rule that there is "no duty to disclose personal tax information" and exclude any such evidence. *Id.*

### G. The Government's Response to the Defendant's Objections (Doc. 429)

The Government opposes Wasserman's objections. Doc. 429. First, the Government contends that the investigators did not violate § 6103, and that the Magistrate Judge was correct in finding that the sanctions Wasserman requests are unavailable. *Id.* at 3. The Government also argues that the Magistrate Judge correctly found that Wasserman's argument for dismissal due to "outrageous government conduct" is unsupported by the law of this Circuit and that Wasserman failed to demonstrate prejudice—as would be necessary for the Court to exercise its supervisory power and dismiss the Superseding Indictment. *Id.* at 4–6.

Next, the Government responded to Wasserman's claims that the Magistrate Judge erroneously recommended denial of his "Motion to Dismiss and/or Strike Allegations from Superseding Indictment." *Id.* at 6. The Government argues that Wasserman's request to strike the allegations concerning his failure to disclose personal tax liens is unfounded and unsupported by law, and that his claim that the R&R circumvents this Court's previous Order on his motion to sever and allows "prejudicial tax information into the wire and fraud case" is incorrect. *Id.* at 6–7. The Government responds to the last claim by stating that Wasserman fails to recognize

that the Court's previous order on his motion to sever did not result in the elimination of these allegations from the fraud counts in his Superseding Indictment. *Id.* at 7. The Government concludes that Wasserman has failed to support his objections, that the Magistrate Judge's R&R is correct, and that Wasserman's motions should be denied. *Id.* at 9.

## II.    LEGAL STANDARD

Congress vested Article III judges with the power to "designate a magistrate judge to hear and determine any pretrial matter pending before the court," subject to various exceptions. 28 U.S.C § 636(b)(1)(A). Magistrate judges have the authority to submit proposed findings of fact and recommendations for disposition by an Article III judge. *Id.* § 636(b)(1)(B). When a party makes a timely and specific objection to a magistrate judge's report and recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *See also* Fed. R. Crim. P. 59(b)(3). The district judge may accept, reject, or modify, in whole or in part, the Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(3). The objections to a magistrate judge's recommendation and report must be "specific" and "clear enough to permit the district court to effectively review the magistrate judge's ruling." *Knezevich v. Ptomey*, 761 F. App'x 904, 906 (11th Cir. 2019). In the absence of specific objections, there is no requirement for a district judge to review factual findings *de novo. Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

## III.   DISCUSSION

### A. *Objections to the Legal Analysis*

Although Wasserman does not clearly state which specific findings or rulings in the R&R he is objecting to, he appears to challenge several of the Magistrate Judge's legal findings. Doc. 404. In particular, he challenges the findings that: (1) a § 6103 violation cannot serve as justification for suppression or dismissal; (2) the "outrageous government conduct doctrine" does not apply to the facts in this case; (3) dismissal of the Superseding Indictment pursuant to the Court's inherent supervisory powers is not appropriate in this case; and (4) his motion to strike the allegations related to his failure to disclose tax liens from the Superseding Indictment was without merit.

### 1.  Motion to Dismiss Superseding Indictment (Doc. 281)

Wasserman objects to the Magistrate Judge's recommendation that his Motion to Dismiss the Superseding Indictment be denied. Wasserman first challenges the Magistrate Judge's reasoning that under the law of this Circuit, the remedies of dismissal or suppression are unavailable for a § 6103 violation. However, he fails to cite any legal authority supporting his argument. Instead, he simply states that the Judge's reasoning about government misconduct was incorrect. Doc. 404 at 5.  Upon review of this issue, the Court finds that Magistrate Judge Sneed correctly determined that Eleventh Circuit precedent forecloses the remedies of dismissal or suppression in response to a § 6103 violation. "[I]mposition of the exclusionary rule is not warranted for a disclosure of return information which violates § 6103." *Nowicki v. Comm'r of Internal Revenue*, 262 F.3d 1162, 1163 (11th Cir. 2001). The *Nowicki* Court found that

Congress specifically provided civil and criminal penalties for § 6103 violations and declined to invent an exclusionary remedy not found in the statute. *Id.* This ruling is on point here and Wasserman's argument fails.

Next, Wasserman argues that the Magistrate Judge should have dismissed the Superseding Indictment based on a theory of outrageous government conduct. Doc. 404 at 5–6. As Magistrate Judge Sneed correctly explained, outrageous government conduct "occurs when law enforcement obtains a conviction for conduct beyond the defendant's predisposition by employing methods that fail to comport with due process guarantees." *United States v. Ciszkowski*, 492 F.3d 1264, 1270 (11th Cir. 2007). Additionally, "the actionable government misconduct must relate to the defendant's underlying or charged criminal acts." *United States v. Jayyousi*, 657 F.3d 1085, 1111 (11th Cir. 2011). Here, the outrageous government conduct doctrine does not apply, because the alleged § 6103 violations that Wasserman claims were "egregious" and "outrageous" were not related to Wasserman's charged criminal acts and were not so outrageous as to violate principles of due process.

Wasserman also argues that the Magistrate Judge should have found that the agents' § 6103 violations were government misconduct necessitating dismissal of his case under the Court's supervisory powers. Again, he fails to cite to any legal authority for this point. Doc. 404 at 6–7. Federal courts may invoke their supervisory powers for three purposes: (1) to remedy a violation of a statutory or constitutional right; (2) to preserve judicial integrity; and (3) to deter future illegal conduct. *United States v. Hasting*, 461 U.S. 499, 505 (1983). As part of this power, federal courts may dismiss an

11

indictment in response to government misconduct. This, however, is a "disfavored remedy" that "should only be utilized in the most egregious of cases." *United States v. Diaz*, 156 F. App'x 223, 224 (11th Cir. 2005). A showing of prejudice is required for dismissal under a federal court's supervisory powers. *See United States v. Deluca*, No. 6:11-cr-221-JA-KRS, 2014 WL 3341345, at *9 (M.D. Fla. July 8, 2014) (citing *United States v. Campagnuolo*, 592 F.2d 852, 865 (5th Cir. 1979); *Hasting*, 461 U.S. at 506).

Based on Wasserman's failure to show prejudice, the Court denies his request that this Court exercise its supervisory powers and dismiss the Superseding Indictment. *See, e.g., United States v. O'Keefe*, 825 F.2d 314, 318 (11th Cir. 1987) (affirming denial of motion to dismiss because the defendants failed to demonstrate prejudice); *Deluca*, 2014 WL 3341345, at *9 (declining to exercise the Court's supervisory powers to dismiss an indictment where prejudice was not shown).

## 2. Motion to Dismiss and/or Strike Allegations from Superseding Indictment (Doc. 315)

Wasserman also seeks to dismiss or strike the allegations in the Superseding Indictment that he defrauded investors by failing to disclose that he had preexisting personal tax liens filed against him by the IRS. In his Objection, Wasserman claims that he had no legal duty to disclose that information to investors and that the allegations should thus be removed from the Superseding Indictment. Doc. 404 at 7. The Magistrate Judge correctly denied this request because a legal duty is not an essential element of the charged offenses, and Wasserman's alleged failure to disclose

his tax liens could be considered a material omission, which can form the basis of a scheme to defraud.

Under Federal Rule of Criminal Procedure 12(b)(1), a defendant may challenge an indictment as defective for failure to state an offense. Fed. R. Crim. P. 12(b)(3)(B)(v). When considering a pretrial motion to dismiss, a district court's review is limited to "the face of the indictment and, more specifically, the *language used* to charge the crimes." *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006). As the Eleventh Circuit has held, "an indictment may be dismissed where there is an infirmity of law in the prosecution; a court may not dismiss an indictment, however, on a determination of facts that should have been developed at trial." *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987). Therefore, an indictment may not be dismissed based on facts outside the indictment, even if those facts are undisputed. *See United States v. Salman*, 378 F.3d 1266, 1267–68 (11th Cir. 2004) (noting that "there is no explicit authority to grant a pre-trial judgment as a matter of law on the merits under the Federal Rules of Criminal Procedure").

According to the Eleventh Circuit, "mail or wire fraud occurs when a person (1) intentionally participates in a scheme to defraud another of money or property and (2) uses the mails or wires in furtherance of that scheme." *McCulloch v. PNC Bank, Inc.*, 298 F.3d 1217, 1225 (11th Cir. 2002). "A scheme to defraud requires proof of a material misrepresentation, or the omission or concealment of a material fact calculated to deceive another out of money or property." *United States v. Maxwell*, 579 F.3d 1282, 1299 (11th Cir. 2009). "A misrepresentation is material if it has a natural

tendency to influence, or is capable of influencing, the decision maker to whom it is addressed." *Id.* (quotation marks and alteration omitted). Moreover, "concealment of critical data, even without a formalized duty to disclose that data, can constitute mail and/or wire fraud in certain situations." *Langford v. Rite Aid of Ala., Inc.*, 231 F.3d 1308, 1312–13 (11th Cir. 2000).

The Court agrees with the Magistrate Judge's finding that the factual allegations in the Superseding Indictment, viewed in the light most favorable to the Government, are sufficient to charge the offense as a matter of law. The Magistrate Judge also correctly found that Wasserman's alleged failure to disclose his tax liens could be considered a material omission forming the basis of a scheme to defraud. Finally, the Court finds that it is for the jury to decide whether Wasserman's alleged failure to disclose tax lien information was material to investors' decisions to invest in his company, and that his motion to dismiss the indictment and/or strike certain allegations should be denied.

### 3. Motion For Evidentiary Hearing on Defendant's Motion to Dismiss and In the Alternative, Motion to Suppress (Doc. 281)

In his Objection, Wasserman restates his argument that an evidentiary hearing should be held on the § 6103 violations. As to his request, the Court agrees with the Magistrate Judge's recommendation that it be denied. Wasserman fails to sufficiently allege facts showing that the government engaged in outrageous conduct as defined by the Eleventh Circuit. A pretrial evidentiary hearing regarding outrageous conduct would be inappropriate at this time, regardless, because Wasserman can move for

14

dismissal at trial should the evidence establish this defense. *See United States v. Galvis-Pena*, No. 1:09-cr-25-TCB-CCH-4, 2012 WL 42540 (N.D. Ga. Feb. 9, 2012) (adopting the magistrate judge's recommendation that a pretrial evidentiary hearing regarding outrageous government conduct would be inappropriate and further noting that the defendant could "move for dismissal at trial should the evidence establish this defense"). The Court will decline to hold an evidentiary hearing on the issue and deny Wasserman's motion.

## IV.    CONCLUSION

After careful consideration of the Report and Recommendation of the Magistrate Judge and the Objections thereto, and in conjunction with an independent *de novo* examination of the file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects, and the motions denied. Accordingly, it is now

> **ORDERED**:

(1)    Defendant's Objection (Doc. 404) is overruled.

(2)    The Report and Recommendation of the Magistrate Judge (Doc. 401) is adopted, confirmed, and approved in all respects and is made a part of this Order for all purposes, including appellate review.

(3)    Defendant's Motion to Dismiss Indictment Based on Government Misconduct, and/or In the Alternative, Motion to Suppress Evidence and Exclude Witnesses (Doc. 281), Motion to Dismiss and/or Strike Allegations from Superseding Indictment (Doc. 315) and Motion for Evidentiary Hearing on Defendant's Motion to

Dismiss and In the Alternative, Motion to Suppress (Doc. 332) are all hereby

**DENIED**.

      **DONE** and **ORDERED** in Tampa, Florida on November 29, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties