UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:20-cr-207-CEH-MRM

PHILLIP ROY WASSERMAN
_____/

**ORDER**

This cause comes before the Court upon Defendant Philip Roy Wasserman's "Appeal of Denial of Motion to Modify Bond." Doc. 541. Upon careful consideration, the Court will overrule Wasserman's objections and affirm the Magistrate Judge's order.

**I. BACKGROUND**

On June 23, 2020, a federal grand jury in the Middle District of Florida returned an indictment that charged Defendant Phillip Roy Wasserman with conspiracy to commit wire fraud and mail fraud (Count One); wire fraud (Counts Two through Four); and mail fraud (Counts Five through Seven). Doc. 1 at 1–16. Months after his arrest, a federal grand jury in the Middle District of Florida returned a superseding indictment that charges Wasserman with conspiracy to commit wire fraud and mail fraud (Count One); wire fraud (Counts Two through Six); mail fraud (Counts Seven through Ten); evasion of payment of income taxes (Count Eleven); and fraud and false statements (Counts Twelve through Eighteen). Doc. 69 at 1–25.

On October 19, 2022, Wasserman filed a motion to modify the conditions of his pre-trial release. Doc. 532. He requested an order allowing him permission to travel to the office of William Sansone, his stand-by counsel, for trial preparation. He also asked the Court to allow him to meet with Leo Martinez, an investigator working on his case, at a restaurant in Lakewood Ranch, Florida.

Magistrate Judge Sean P. Flynn denied this motion the next day. Doc. 536. He noted that the Court previously amended Wasserman's conditions of release after finding probable cause to believe that he committed a felony while on pretrial release and finding by clear and convincing evidence that he violated the conditions of his pretrial release. Docs. 443, 467. As a result of this, Wasserman was placed on home incarceration with electronic monitoring. Doc. 443. In denying Wasserman's motion to modify these conditions, the Magistrate Judge found that the conditions of release ordered by the court were the least restrictive combination of conditions necessary to assure Wasserman's appearance as required and assure the safety of any other person and the community, including witnesses and alleged victims in the case. Doc. 536 at 1. He also noted that the conditions did not prevent Wasserman from meeting with his standby counsel or investigator, but merely stipulated that he must do so in his own home. *Id.* at 1–2. Wasserman now objects. Doc. 541.

## II. LEGAL STANDARD

A magistrate judge's ruling on a non-dispositive matter must be affirmed unless "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Crim. P. 59(a) ("The district judge must

consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous."). The "clearly erroneous or contrary to law" standard is extremely deferential. *Pac. Employers Ins. Co. v. Wausau Bus. Ins. Co.*, No. 3:05-cv-850-JHM-MMH, 2007 WL 433362, at *2 (M.D. Fla. Feb. 6, 2007). A finding is clearly erroneous if "the reviewing court, after assessing the evidence in its entirety, is left with a definite and firm conviction that a mistake has been committed." *Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1523 (11th Cir. 1997).

### III. ANALYSIS

The Court will affirm the ruling of the Magistrate Judge. Wasserman fails to show that the Magistrate Judge's order is clearly erroneous or contrary to law in any way.

In his objection, Wasserman restates the claims he made in his initial motion. In particular, he argues that many documents involved in this case are located in the office of his stand-by counsel, William Sansone, and that it is too burdensome for Mr. Sansone to travel to Wasserman's home. Doc. 541 at 1. He also claims that these travel expenses will increase the costs for the Government based on the additional hours Sansone will have to spend traveling. *Id.* at 2. As to the Magistrate Judge's Order, Wasserman states that he believes that it interferes "with his ability to meet with standby counsel to go over hundreds of thousands of documents" and "impairs [his] ability to prepare for trial and effects [sic] his 6th Amendment right to counsel." *Id.* Wasserman now asks this court to grant his appeal of the Magistrate Judge's Order and allow him to meet with Sansone at his office.

The Court finds no basis to set aside the Magistrate Judge's order denying Wasserman's request for modification of his pretrial release conditions. As noted by the Magistrate Judge, Wasserman was placed on home incarceration based on a finding of probable cause to believe that he engaged in felony witness tampering while on pretrial release. That restriction was previously affirmed by this Court. Doc. 443. The Court agrees with the Magistrate Judge that the current conditions of release are the least restrictive combination of conditions necessary to reasonably assure Wasserman's appearance as required and the safety of any other person and the community, including witnesses and alleged victims in this case. *See* 18 U.S.C. § 3142(c).

Therefore, upon careful review, the Court finds no basis to conclude that the Magistrate Judge's order was clearly erroneous or contrary to law. As such, the Court must affirm.

### IV. CONCLUSION

Accordingly, it is **ORDERED**:

1. Defendant Philip Wasserman's Appeal of Denial of Motion to Modify Bond (Doc. 541) is **OVERRULED**.

2. The October 20, 2022, order of the Magistrate Judge (Doc. 536) is **AFFIRMED**.

**DONE** and **ORDERED** in Tampa, Florida on November 29, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties