# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:20-cr-207-CEH-MRM

PHILLIP ROY WASSERMAN

## ORDER

This cause comes before the Court upon Defendant Philip Roy Wasserman's "Objections to the Order of the Magistrate Document Number (Doc. 407)" (Doc. 415), and the Government's response thereto (Doc. 424). Upon careful consideration, the Court will overrule Wasserman's objections and affirm the Magistrate Judge's order.

### I. BACKGROUND

On June 23, 2020, a federal grand jury in the Middle District of Florida returned an indictment that charged Defendant Phillip Roy Wasserman with conspiracy to commit wire fraud and mail fraud (Count One); wire fraud (Counts Two through Four); and mail fraud (Counts Five through Seven). Doc. 1 at 1–16. Months after his arrest, a federal grand jury in the Middle District of Florida returned a superseding indictment that charges Wasserman with conspiracy to commit wire fraud and mail fraud (Count One); wire fraud (Counts Two through Six); mail fraud (Counts Seven through Ten); evasion of payment of income taxes (Count Eleven); and fraud and false statements (Counts Twelve through Eighteen). Doc. 69 at 1–25.

Wasserman objects to an order by Magistrate Judge Julie S. Sneed denying two of his motions. Doc. 407. In his first motion, Wasserman requested an independent review of all the cases in which a specific IRS agent involved in his case had participated. Doc. 322. The Government responded to this motion, arguing that Wasserman's request is speculative, fails to make any specific allegations of misconduct, and is simply an attempt to delay trial and deflect attention from himself. Doc. 337 at 2–5. The Magistrate Judge denied the motion, finding that Wasserman failed to demonstrate any basis for the Court to order either the Department of Justice or the Office of the Treasury Inspector General for Tax Administration to initiate an investigation or prosecution. Doc. 407 at 5. The Magistrate Judge further found that Wasserman's request for the Court to use its supervisory powers to order such an investigation was without merit, as the supervisory power "comprehends authority for the courts to supervise their own affairs, not the affairs of the other branches." *Id.* at 6.

Wasserman's second motion, referencing *Brady v. Maryland*, 373 U.S. 83 (1963) and *United States v. Giglio*, 405 U.S. 150, 154 (1972), asks for the disclosure of all witnesses who the IRS agents and the Government allegedly "influenced and tampered with" by aiding them with their personal taxes. Doc. 375 at 1–2. Wasserman attached a letter from two investors in FastLife that he claimed showed an IRS agent inappropriately helping witnesses in this case with their personal tax debts. *Id* at. 4–5. In its response, the Government provided background information as to those investors, how and why they reached out to the IRS Agent, and what actions he took. The Government argued that the agent's conduct was appropriate and necessary to

2

afford the investors the rights they are entitled to under the Crime Victims' Rights Act. Doc. 383 at 3–7. The Magistrate Judge denied Wasserman's second motion, finding that *Brady and Giglio* do not create a general right to discovery in a criminal case. Further, she found that mere speculation or allegations that the prosecution possesses exculpatory information is not sufficient to prove materiality. *Id.* at 7–8. In addition, the Magistrate Judge found that the information in Wasserman's motion was speculative, and that he failed to argue or demonstrate that the requested documents are material. Instead, he merely "pose[d] questions that do not establish the requisite elements of *Brady* and which are merely based on his own conjecture." *Id.* at 8.

Wasserman now objects. Doc. 415. The Government filed a response. Doc. 424.

## II. LEGAL STANDARD

A magistrate judge's ruling on a non-dispositive matter must be affirmed unless "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Crim. P. 59(a) ("The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous."). The "clearly erroneous or contrary to law" standard is extremely deferential. *Pac. Employers Ins. Co. v. Wausau Bus. Ins. Co.*, No. 3:05-cv-850-JHM-MMH, 2007 WL 433362, at *2 (M.D. Fla. Feb. 6, 2007). A finding is clearly erroneous if "the reviewing court, after assessing the evidence in its entirety, is left with a definite and firm conviction that a mistake has been committed." *Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1523 (11th Cir. 1997).

afford the investors the rights they are entitled to under the Crime Victims' Rights Act. Doc. 383 at 3–7. The Magistrate Judge denied Wasserman's second motion, finding that *Brady and Giglio* do not create a general right to discovery in a criminal case. Further, she found that mere speculation or allegations that the prosecution possesses exculpatory information is not sufficient to prove materiality. *Id.* at 7–8. In addition, the Magistrate Judge found that the information in Wasserman's motion was speculative, and that he failed to argue or demonstrate that the requested documents are material. Instead, he merely "pose[d] questions that do not establish the requisite elements of *Brady* and which are merely based on his own conjecture." *Id.* at 8.

Wasserman now objects. Doc. 415. The Government filed a response. Doc. 424.

## II. LEGAL STANDARD

A magistrate judge's ruling on a non-dispositive matter must be affirmed unless "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Crim. P. 59(a) ("The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous."). The "clearly erroneous or contrary to law" standard is extremely deferential. *Pac. Employers Ins. Co. v. Wausau Bus. Ins. Co.*, No. 3:05-cv-850-JHM-MMH, 2007 WL 433362, at *2 (M.D. Fla. Feb. 6, 2007). A finding is clearly erroneous if "the reviewing court, after assessing the evidence in its entirety, is left with a definite and firm conviction that a mistake has been committed." *Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1523 (11th Cir. 1997).

### III. ANALYSIS

The Court will affirm the ruling of the Magistrate Judge. Wasserman fails to show that the Magistrate Judge's order is clearly erroneous or contrary to law.

In his filing, Wasserman states that he "reiterates his motions and caselaw cited in the motions that were denied by the Magistrate" and also adds an argument asking for an order pursuant to *Brady* or *Giglio*. Doc. 415 at 1–2. Wasserman requests that the Court overturn the Magistrate Judge's ruling or, in the alternative, allow for an evidentiary hearing on these motions before they are decided. *Id.* at 3. As to the first motion, the Court finds that Wasserman fails to cite any authority to support his requested relief. Nor does he allege that the Magistrate Judge's denial was clearly erroneous or contrary to law. The Court agrees with the Magistrate Judge's finding that Wasserman has failed to demonstrate any basis for the Court to order an investigation into the IRS Agent's conduct and will deny Wasserman's motion.

As to the second motion, Wasserman reiterates his original arguments and states that his request for a "*Brady/Giglio* Order" is a "constitutional compliance request," not a "discovery request." Doc. 415 at 1–2. However, he again fails to even allege that the Magistrate Judge's order was erroneous or contrary to law. Nor does he object to any specific findings or analysis in the Order. The Court agrees with the Magistrate Judge's finding that Wasserman has failed to argue or demonstrate that the requested documents are material. Additionally, Wasserman has not made a sufficient showing that the Government possesses evidence favorable to him that has not been disclosed, that the evidence he seeks is related to the crimes charged, how any possible

information from this evidence would aid in the preparation of a defense, or how the evidence could affect the outcome of the trial. As such, Wasserman's request to compel disclosure is denied.

Therefore, upon careful review, the Court finds no basis to conclude that the Magistrate Judge's order was clearly erroneous or contrary to law. As such, the Court must affirm.

### IV. CONCLUSION

Accordingly, it is **ORDERED**:

1. Defendant Philip Wasserman's "Objections to the Order of the Magistrate Document Number (Doc. 407)" (Doc. 415) are **OVERRULED**.

2. The June 13, 2022, order of the Magistrate Judge (Doc. 407) is **AFFIRMED**.

**DONE** and **ORDERED** in Tampa, Florida on November 29, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties