# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:20-cr-207-CEH-MRM

PHILLIP ROY WASSERMAN
_____

## ORDER

This cause comes before the Court upon Defendant Philip Roy Wasserman's "Appeal of Magistrate Judge's Order Denying Motions to Compel" (Doc. 395), and the Government's response thereto (Doc. 420). Upon careful consideration, the Court will overrule Wasserman's objections and affirm the Magistrate Judge's order.

## I. BACKGROUND

On June 23, 2020, a federal grand jury in the Middle District of Florida returned an indictment that charged Defendant Phillip Roy Wasserman ("Wasserman") and Defendant Kenneth Murray Rossman ("Rossman") with conspiracy to commit wire fraud and mail fraud (Count One); wire fraud (Counts Two through Four); and mail fraud (Counts Five through Seven). Doc. 1 at 1–16. Months after his arrest, a federal grand jury in the Middle District of Florida returned a superseding indictment that charges Wasserman with conspiracy to commit wire fraud and mail fraud (Count One); wire fraud (Counts Two through Six); mail fraud (Counts Seven through Ten); evasion of payment of income taxes (Count Eleven); and fraud and false statements (Counts Twelve through Eighteen). Doc. 69 at 1–25. The Superseding Indictment also

charged Rossman with conspiracy to commit wire fraud and mail fraud (Count One); wire fraud (Counts Two through Six); mail fraud (Counts Seven through Ten); fraud and false statements (Counts Nineteen through Twenty-One); and aiding and assisting fraud and false statements (Counts Twenty-Two and Twenty-Three). *Id.*

Wasserman filed two separate motions to compel. The first sought an order compelling Rossman to disclose "the names of Mr. Rossman's medical and prescription drug providers so [Wasserman] can send a targeted subpoena to these individuals." Doc. 280 at 3. The Magistrate Judge denied the first motion to compel Rossman's medical records. Doc. 390 at 4, 11. Wasserman's motion was denied on the basis that he provided no authority for the Court to compel a co-defendant to provide discovery, let alone disclose medical records and prescription information. *Id.* at 3. The Magistrate Judge also rejected Wasserman's argument that he is entitled to the records under the Confrontation Clause, noting that confrontation is primarily a trial right directed at cross-examination, not a constitutionally compelled rule of pre-trial discovery. *Id.* at 3–4.

The second motion sought an order compelling various documents and information concerning the alleged "Section 6103 violations committed by various agents in this case." Doc. 285 at 1. Specifically, Wasserman sought the following information from the government:

> 1) Information regarding where and from what source Agents Batsch and Kocinski obtained Defendant's "return" or "return information" as defined in § 6103(b)(1)(2);

2) Information regarding what training, if any, Agents Batsch and Kocinski received concerning the disclosure and non-disclosure laws outlined in Section 6103;

3) IRS logs reflecting who accessed Defendant's return information during this investigation and when such access occurred; and

4) Unax certifications for Agents Batsch and Kocinski.

*Id.* at 3.

In support of the second motion to compel, Wasserman argued that the evidence he requested qualified as disclosure required under *Brady v. Maryland*, 373 U.S. 83 (1963) and *United States v. Giglio,* 405 U.S. 150, 154 (1972). *Id.* In response to the second motion, the Government argued that because no violations of 26 U.S.C § 6103 ("§ 6103") have been committed in this case, there is no *Brady* or *Giglio* material to be disclosed. Doc. 308 at 1–2.

The Magistrate Judge denied the second motion to compel as well, finding that Wasserman failed to make a sufficient showing that the requested internal government documents are material, made only a speculative assertion that the discovery he requested would yield material information, and failed to discuss the potentially exculpatory nature of the material he was requesting. Doc. 390 at 9–10.

Wasserman now objects. He reiterates his allegations about Rossman's health and § 6103 violations by IRS agents involved in his case and asks the Court to grant his motions to compel. Doc. 395 at 1–4. Wasserman later filed a supplement to his

objection, attaching a police report about a car accident Rossman was involved in. Doc. 414. The Government opposes. Doc. 420.

## II. LEGAL STANDARD

A magistrate judge's ruling on a non-dispositive matter must be affirmed unless "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Crim. P. 59(a) ("The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous."). The "clearly erroneous or contrary to law" standard is extremely deferential. *Pac. Employers Ins. Co. v. Wausau Bus. Ins. Co.*, No. 3:05-cv-850-JHM-MMH, 2007 WL 433362, at *2 (M.D. Fla. Feb. 6, 2007). A finding is clearly erroneous if "the reviewing court, after assessing the evidence in its entirety, is left with a definite and firm conviction that a mistake has been committed." *Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1523 (11th Cir. 1997).

## III. ANALYSIS

The Court will affirm the ruling of the Magistrate Judge. Wasserman fails to show that the Magistrate Judge's order is clearly erroneous or contrary to law with regard to either motion.

As to the denial of his first Motion to Compel, Wasserman does not allege that any portion of the Magistrate Judge's order was clearly erroneous or contrary to law. Nor does he provide this Court with any legal authority to support his requested relief. However, Wasserman objects to the Magistrate Judge's order on the grounds that he is allowed by the United States Constitution to confront his accuser. Doc. 395 at 2. As

the Magistrate Judge correctly found, Wasserman cites no legal authority for the court to compel Rossman to provide discovery, let alone compel him to disclose medical records and prescription information. The Court also agrees with the Magistrate Judge's finding that the Confrontation Clause does not entitle a defendant to the pretrial disclosure of a witness' medical records. His motion will therefore be denied.

As to his second Motion to Compel, Wasserman again fails to allege that the Magistrate Judge's Order was clearly erroneous or contrary to law. Wasserman states that he disagrees with the ruling, but does not cite any authority or point out any factual errors in the Order. Doc. 395 at 3. Wasserman simply states that the § 6103 violations did in fact occur and that the information he seeks is necessary for him to confront his accusers and protect his constitutional rights. *Id.* at 4. As to this claim, the Magistrate Judge was correct in finding that Wasserman has failed to make a sufficient showing that the internal government documents he requests are material under Federal Rule of Criminal Procedure 16(a)(1)(E). The "materiality standard" is "not a heavy burden," and "evidence is material as long as there is a strong indication that it will 'play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal.'" *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993) (quoting *United States v. George*, 786 F. Supp. 56, 58 (D.D.C. 1992)). However, a "conclusory argument that the requested item is material to the defense" is not sufficient to compel disclosure. *United States v. Jordan*, 316 F.3d 1215, 1250 (11th Cir. 2003). "There must be some indication that the pretrial disclosure of the disputed evidence would have enabled the defendant

5

significantly to alter the quantum of proof in his favor." *United States v. Ross*, 511 F.2d 757, 763 (5th Cir. 1975). Here, Wasserman provides no indication that the information and documents he requests are material.

Therefore, upon careful review, the Court finds no basis to conclude that the Magistrate Judge's order was clearly erroneous or contrary to law. As such, the Court must affirm.

### IV.  CONCLUSION

Accordingly, it is **ORDERED**:

1. Defendant Philip Wasserman's Appeal of Magistrate Judge's Order Denying Motion to Compel (Doc. 395) is **OVERRULED**.

2. The May 11, 2022, order of the Magistrate Judge (Doc. 390) is **AFFIRMED**.

**DONE** and **ORDERED** in Tampa, Florida on November 29, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

6