# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:20-cr-207-CEH-MRM

PHILLIP ROY WASSERMAN
_____

## ORDER

This cause comes before the Court upon Defendant Philip Roy Wasserman's Objection to Order Denying Motion for Bill of Particulars (Doc. 237), and the Government's response thereto (Doc. 251). Upon careful consideration, this Court will overrule Wasserman's objections and affirm the Magistrate Judge's order.

## I. BACKGROUND

On June 23, 2020, a federal grand jury in the Middle District of Florida returned an indictment that charged Defendant Phillip Roy Wasserman with conspiracy to commit wire fraud and mail fraud (Count One); wire fraud (Counts Two through Four); and mail fraud (Counts Five through Seven). Doc. 1 at 1–16. Months after his arrest, a federal grand jury in the Middle District of Florida returned a superseding indictment that charges Wasserman with conspiracy to commit wire fraud and mail fraud (Count One); wire fraud (Counts Two through Six); mail fraud (Counts Seven

through Ten); evasion of payment of income taxes (Count Eleven); and fraud and false statements (Counts Twelve through Eighteen).[1] Doc. 69 at 1–25.

Wasserman moved for a bill of particulars relating to Counts Eleven through Eighteen of the Superseding Indictment. Doc. 161. He argued that Count Eleven provides little information regarding what materially false statements were made or omitted on any of the relevant tax returns, and that Counts Twelve through Eighteen provide no such information. *Id.* at 1. Wasserman argued that without a bill of particulars on these Counts, it would be impossible for him to formulate a defense to the alleged wrongful conduct or to avoid unfair surprise at trial. *Id.* at 1–2.

The Government opposed this motion. Doc. 174. The Government argued that the information Wasserman sought was either detailed in the Superseding Indictment, available in discovery, irrelevant to matters the Government would have to prove at trial, or otherwise an improper basis for a bill of particulars. *Id.* at 1. The Court granted leave for Wasserman to submit a reply, which he did. Doc. 199. He again asserted that a bill of particulars is needed for Counts Eleven and Counts Twelve through Eighteen in order for him to prepare his defense and defend against each element of the charged crimes. *Id.* at 4–6.

---

[1] On April 12, 2022, this Court granted a motion to sever Counts Eleven, Twelve, Thirteen, Fourteen, Fifteen, Sixteen, Seventeen, and Eighteen (the same counts that this objection asks for a bill of particulars on). Doc. 376. In accordance with the Government's notice, the fraud counts (Counts One, Two, Three, Four, Five, Six, Seven, Eight, and Ten), as well as the forfeiture count, will proceed to trial first. Doc. 361.

The Magistrate Judge found that a bill of particulars was not warranted in this case because Counts Eleven through Eighteen are adequately detailed (1) to inform Wasserman of the charges against him with sufficient precision to enable him to prepare his defense; (2) to minimize surprise at trial; and (3) to enable him to plead double jeopardy in the event he is later charged with the same offense. Doc. 227 at 5–6. With regard to Count Eleven, the Magistrate Judge noted that the Superseding Indictment listed the tax assessments that Wasserman failed to pay for the relevant years, described the IRS's collection efforts, and detailed numerous examples of conduct he engaged in to evade payment of taxes between 2011 and 2019. *Id.* at 5. Similarly, with regard to Counts Twelve through Eighteen, the Magistrate Judge noted that the allegations, coupled with the allegations incorporated from Count One of the Superseding Indictment, were adequately detailed. *Id.* at 6. Wasserman now objects to the Magistrate Judge's Order (Doc. 237), and the Government has filed a response (Doc. 251).

## II. LEGAL STANDARD

A magistrate judge's ruling on a non-dispositive matter must be affirmed unless "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Crim. P. 59(a) ("The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous."). The "clearly erroneous or contrary to law" standard is extremely deferential. *Pac. Employers Ins. Co. v. Wausau Bus. Ins. Co.*, No. 3:05-cv-850-JHM-MMH, 2007 WL 433362, at *2 (M.D. Fla. Feb. 6, 2007). A finding is clearly

erroneous if "the reviewing court, after assessing the evidence in its entirety, is left with a definite and firm conviction that a mistake has been committed." *Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1523 (11th Cir. 1997).

### III.  ANALYSIS

The Court will affirm the ruling of the Magistrate Judge. Wasserman fails to show that the Magistrate Judge's order is clearly erroneous or contrary to law.

Wasserman asserts in his objection, as he did before the Magistrate Judge, that he needs a bill of particulars because the Superseding Indictment fails to identify critical information needed to defend the charges in Count Eleven and Counts Twelve through Eighteen. Doc. 237 at 4. On Count Eleven, Wasserman restates his claim that he has the right to know what specifically was false in his tax returns for the years in question, arguing that he should not have to "sift through the government's voluminous discovery" in order to find out. *Id.* at 7. He additionally claims that an evasion of payment charge cannot be supported by tax returns unless the returns in question "reflected an actual tax due and owing." *Id.*

The Court agrees that the Superseding Indictment provides adequate information to inform Wasserman of the charges against him with sufficient precision to enable him to prepare his defense, to minimize surprise at trial, and to plead double jeopardy in the event of later charges. As the Magistrate Judge noted, Count Eleven explicitly discusses those tax assessments that Wasserman failed to pay for the years 2004, 2005, 2007, and 2009, in addition to providing details about the IRS's collection efforts and conduct that Wasserman engaged in to avoid paying taxes. Doc. 69 at 17–

22. The Court also agrees with the Magistrate Judge's decision to reject Wasserman's argument that his reporting of losses cannot constitute tax evasion unless he should have reported taxable income for those years on the basis that it raises a factual issue.

As to Counts Twelve through Eighteen, Wasserman argues that the Superseding Indictment fails to specify what material facts were omitted from or false as to his tax returns. Doc. 237 at 8. He also argues that trying to find this information in discovery would impose an unreasonable burden on him in preparing his defense, and that a bill of particulars is thus warranted. *Id.* at 8–10. The Magistrate Judge correctly rejected Wasserman's argument on the basis that, with regard to Counts Twelve through Fourteen, the Superseding Indictment specifically alleges that Defendant underreported his total income on Line 22 of IRS Form 1040 for tax years 2014, 2015, and 2016. *See* Doc. 69 at 23–24. Similarly, for Counts Fifteen through Eighteen, the Superseding Indictment alleges that Defendant failed to disclose compensation and instead disguised compensation as other business expenses and loans on IRS Form 1120S for tax years 2014, 2015, 2016, and 2017. *Id.* at 24–25. The Court agrees with the Magistrate Judge that these allegations are adequately detailed to inform Wasserman of the charges against him with sufficient precision to enable him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event he is later charged with the same offense. *See, e.g., United States v. Acosta*, 807 F. Supp. 2d 1154, 1268 (N.D. Ga. 2011) ("The ultimate test in deciding whether a bill of particulars should be ordered is whether the information sought is necessary, as opposed to helpful, in preparing a defense.") (citation omitted).

5

Therefore, upon careful review, the Court finds no basis to conclude that the Magistrate Judge's order was clearly erroneous or contrary to law. As such, the Court must affirm.

## IV. CONCLUSION

Accordingly, it is **ORDERED**:

1. Defendant Philip Wasserman's Objection to Order on Motion for Bill of Particulars (Doc. 237) is **OVERRULED**.

2. The September 3, 2021, order of the Magistrate Judge (Doc. 227) is **AFFIRMED**.

**DONE** and **ORDERED** in Tampa, Florida on November 29, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties