UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO.: 8:20-cr-207-CEH-MRM

PHILLIP ROY WASSERMAN

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant's Motion to Dismiss Superseding

Indictment Based Upon Government Misconduct by Telling Investors that

Defendant Had a Duty to Disclose Personal Financial Information, filed on March

2, 2022.  (Doc. 340).[1]  The Government filed a response in opposition on June 27,

2022.  (Doc. 419).  The motion was referred to the assigned magistrate judge for a

report and recommendation.

---

[1]  Defendant also filed a Supplemental Filing to the Motion to Dismiss for
Government Misconduct Regarding No Duty to Disclose Personal Finances, which
purports to relate to the motion filed at docket entry number 333, on April 8, 2022.
(Doc. 374).  The arguments proffered therein, however, do not relate to the motion
filed at docket entry number 333.  (*Compare* Doc. 374, *with* Doc. 333).  Instead, the
filing appears to relate to either (1) the instant motion (Doc. 340) or (2) Defendant
Phillip Roy Wasserman's Motion to Dismiss and/or Strike Allegations from
Superseding Indictment (Doc. 315).

Because the Court has already ruled on Defendant Phillip Roy Wasserman's Motion
to Dismiss and/or Strike Allegations from Superseding Indictment, (*see* Docs. 401,
579), the Undersigned addresses the supplemental filing herein to the extent that
filing appears to apply.

On July 1, 2022, the case was re-assigned to the Undersigned.  (Doc. 425).

Because the motion was previously referred to the assigned magistrate judge, the

motion was re-referred to the Undersigned.  (*See id.*).  For the reasons set forth below,

the Undersigned recommends that the Motion to Dismiss Superseding Indictment

Based Upon Government Misconduct by Telling Investors that Defendant Had a

Duty to Disclose Personal Financial Information (Doc. 340) be **DENIED**.

## I.      Factual Background

Under the operative indictment, Defendant Phillip Roy Wasserman

("Defendant") is charged with conspiracy to commit wire fraud and mail fraud

(Count One); wire fraud (Counts Two through Six); mail fraud (Counts Seven

through Ten); tax evasion (Count Eleven); fraud and false statements (Counts

Nineteen through Twenty-One); and aiding and assisting fraud and false statements

(Counts Twenty-Two and Twenty-Three).  (Doc. 69).  The indictment alleges that at

least as early as August 2016, through at least as late as July 16, 2020, Defendant – a

former attorney and licensed insurance agent – solicited at least $6.3 million from

victim-investors in a "Ponzi-like" scheme to make payments to earlier investors in

his company, FastLife Insurance Company ("FastLife"), and other companies

owned by Defendant as well as to finance Defendant's lifestyle.  (*See id.* at ¶¶ 1-8).

## II.     Parties' Arguments

Defendant essentially argues that throughout the relevant investigation and

prosecution of his charges, (1) IRS Agent Shawn Batsch has violated the law and

(2) Government agents have (a) ignored exculpatory evidence, (b) impermissibly

disclosed personal financial information, (c) lied to witnesses, (d) lied to Defendant's therapist, and (e) made inappropriate comments to at least one witness.  (Doc. 340 at 1-3).  Defendant argues that this conduct was intended to "embarrass Defendant, ruin his reputation and good name, and poison the[] witnesses against him."  (*Id.* at 2; *see also* Doc. 340 at 4).  In support, Defendant maintains that (1) his financial situation has nothing to do with his company; (2) no fiduciary duty exists between Defendant and the FastLife noteholders; (3) the Government impermissibly disclosed Defendant's personal financial information; and (4) the Government failed to inform potential witnesses that Defendant used the funds for legitimate business purposes.  (*Id.* at 3-4).

Defendant supports his position with various appellate decisions, which he asserts show that he was under no duty to disclose his personal financial information to potential investors.  (*See id.* at 5-10 (citing *United States v. Valencia Vergara*, 264 F. App'x 832, 836 (11th Cir. 2008); *Chiarella v. United States*, 445 U.S. 222, 228 (1980); *Ackerman v. Schwartz*, 947 F.2d 841, 846 (7th Cir. 1991); *Schlifke v. Seafirst Corp.*, 866 F.2d 935, 944 (7th Cir. 1989); *Rudolph v. Arthur Andersen & Co.*, 800 F.2d 1040, 1043 (11th Cir. 1986); *In re K-tel Int'l, Inc. Sec. Litig.*, 300 F.3d 881, 898 (8th Cir. 2002); *Oran v. Stafford*, 226 F.3d 275, 282 (3d Cir. 2000))).  Defendant ultimately contends that the Government's continued reliance on Defendant's alleged duty to disclose information – coupled with the Government's failure to note that investor funds were spent on legitimate business expenditures – when speaking with potential witnesses warrants dismissal of the Superseding Indictment.  (*Id.* at 10-11).  Put simply,

Defendant appears to argue that witnesses have been tampered with to such a degree that dismissal is the only appropriate remedy in this case.  (*See id.*).

In response, the Government argues that (1) Defendant's motion is nearly identical to the motion filed at docket entry number 315 and (2) even if Defendant's allegations were true and had the Eleventh Circuit acknowledged an outrageous government conduct doctrine, the alleged conduct would not qualify as outrageous. (Doc. 419 at 1).  In support, the Government contends that Defendant, again, fails to make "a specific, non-speculative showing that the government or its agents acted in bad faith during the investigation of this case" and that even if his allegations are true, the Court has previously rejected Defendant's arguments.  (*See id.* at 6-9 (citing Docs. 151, 401)).  As a result, the Government requests that the Court deny the instant motion.  (*Id.* at 8).

In what the Undersigned construes as an attempted reply, Defendant re-asserts his arguments and offers two exhibits in support of his factual allegations.  (*See* Doc. 374 at 1-3; *see also* Docs. 374-1, 374-2).  First, Exhibit 1 to the construed reply is a letter from two victim-investors addressed to the Court, in which the victim-investors express the suffering they allegedly endured as a result of Defendant's alleged criminal conduct.  (*See* Doc. 374-1 at 1-2).  Defendant appears to contend that this letter evinces witness tampering because it highlights that Agent Batsch "resolved" the amount of back taxes the victim-investors owed.  (*See* Doc. 374 at 2-3 (citing Doc. 374-1)).  Second, Exhibit 2 to the construed reply is a notarized document from Defendant's therapist, Dr. Kimberly S. Benson LMHC, CAP, describing her

encounters with Agents Batsch and Lauren Kaczynski.  (Doc. 374-2 at 1).
Defendant appears to assert this letter evinces Agent Batsch's "egregious" conduct.
(*See* Doc. 374 at 3 (citing Doc. 374-2)).  In what the Undersigned construes as a sur-
reply, the Government only addresses Exhibit 1 to Defendant's reply, explaining that
the document does not show witness tampering but instead demonstrates that Agent
Batsch took the necessary steps to ensure victims were afforded their rights under the
Crime Victim's Rights Act.  (*See* Doc. 383).  The Government does not address
Exhibit 2.  (*Id.*).

## III.   Analysis

Defendant appears to assert that dismissal is warranted given the outrageous
conduct of Government agents based on their alleged decisions to (1) inform
potential witnesses that Defendant had a duty to disclose certain information;
(2) omit information related to the legitimate business expenditures; (3) misrepresent
to Defendant's therapist that no relevant privilege existed; and (4) engage in
inappropriate conversations with witnesses about Defendant.  (*See generally* Doc.
340).  However, Defendant cites only a single case supporting his position that such
acts, even if true, could support a dismissal of the Superseding Indictment.  (*See id.*
(citing *United States v. Valencia Vergara*, 264 F. App'x 832, 834 (11th Cir. 2008)).

The cited case, which is non-binding, appears to suggest that the Court may
dismiss an indictment in rare situations based on the outrageous conduct of
Government agents during the pendency of the criminal action.  *See Valencia Vergara*,
264 F. App'x at 834.  Yet, the cases relied upon by the Eleventh Circuit in the cited

decision, as well as more recent cases, suggest that dismissal of an indictment is only appropriate when the actionable government misconduct relates to the defendant's underlying or charged criminal acts. *See United States v. Savage,* 701 F.2d 867, 868 (11th Cir. 1983); *see also United States v. Jayyousi,* 657 F.3d 1085, 1111-12 (11th Cir. 2011) (rejecting an argument that dismissal was warranted based on the outrageous conduct by a Government agent when the defendant moved to dismiss the indictment based on "alleged mistreatment he received at the brig after the conclusion of his criminal acts and prior to the indictment" rather than "any government intrusion into his underlying criminal conduct"). Thus, because Defendant fails to allege governmental intrusion or influence into FastLife or into any of the alleged transactions underlying the factual basis of the Superseding Indictment, (*see* Doc. 340), the apparent basis of Defendant's motion – the so-called outrageous government conduct doctrine – does not appear to apply. *See Jayyousi,* 657 F.3d at 1112; *United States v. Marin,* No. 8:19-cr-488-T-36JSS, 2020 WL 7364601, at *10 (M.D. Fla. Apr. 24, 2020), *report and recommendation adopted sub nom. United States v. Asdrubal Quijada Marin,* 2020 WL 6537383 (M.D. Fla. Nov. 6, 2020); *United States v. Charlestain,* No. 12-80054-CR, 2012 WL 1947328, at *5 (S.D. Fla. May 8, 2012), *report and recommendation adopted,* 2012 WL 1947203 (S.D. Fla. May 30, 2012). The Court need not resolve this issue, however, because even if the outrageous government conduct doctrine applies, the motion is due to be denied on its merits.

First, to the extent Defendant argues that dismissal is warranted given the agents' decision to disclose his personal financial information in violation of 26 U.S.C. § 6103, (*see* Doc. 340 at 2-3), the presiding United States District Judge, the Undersigned, and the previously assigned magistrate judge have each considered and rejected this argument.  (*See* Doc. 401 at 3-4, Doc. 568 at 9, Doc. 579 at 10-11).  For example, United States Magistrate Judge Julie S. Sneed found that any violation of 26 U.S.C. § 6103 would not warrant dismissal of the indictment or require suppression of any evidence obtained as a result of any violation.  (*See* Doc. 401 at 3-4).  The presiding District Judge adopted this finding in her November 29, 2022 Order.  (*See* Doc. 579 at 10-11).  Upon independent review, the Undersigned agrees.  Because the Eleventh Circuit has clearly stated that the remedies for a violation of 26 U.S.C. § 6103 are limited to those included in the statute, *see Nowicki v. Comm'r of Internal Revenue*, 262 F.3d 1162, 1163 (11th Cir. 2001), the Undersigned finds that dismissal is not a proper remedy for any alleged violation of 26 U.S.C. § 6103. Moreover, as Judge Sneed found, even if § 6103 violations occurred, the violations do not meet the high bar of outrageous misconduct that would entitle Defendant to relief under the Fifth Amendment.  (Doc. 401 at 7 (citing *United States v. Fattah*, 858 F.3d 801, 814 (3d Cir. 2017) (noting that although the Government conceded that a § 6103 violation occurred, the Court was "unable to conclude that the disclosure of this financial information, standing alone or in combination with any of the [discussed] considerations, [was] 'so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a

conviction'" (quoting *United States v. Russell*, 411 U.S. 423, 431-32 (1973))); *see also* Doc. 579 at 10 (adopting this finding)).

Second, to the extent Defendant argues that dismissal is warranted because the agents misrepresented to potential witnesses that Defendant had a duty to disclose his personal debts and judgments, the argument has likewise been considered and rejected.  In her Report and Recommendation, Judge Sneed noted that "whether Defendant's alleged conduct, including the failure to disclose tax lien information [and his personal debts], was material to investors' decision to invest in FastLife" is an issue for the jury.  (*See id.*).  Upon independent review, the Undersigned found no reason to depart from this finding in either the November 17, 2022 Report and Recommendation (Doc. 568 at 9-10) or the November 22, 2022 Report and Recommendation (Doc. 573 at 7-9).  That remains true now.  Indeed, the Eleventh Circuit has held that a legal duty to disclose is not required, *see Langford v. Rite Aid of Ala., Inc.*, 231 F.3d 1308, 1313 (11th Cir. 2000), and a scheme to defraud may be based on the failure to disclose material facts, *see United States v. Waymer*, 55 F.3d 564, 572 (11th Cir. 1995) (upholding mail fraud convictions and noting materiality of undisclosed information).[2]  Thus, to the extent the Government asked investors if

---

[2]  The Undersigned finds the cases cited by Defendant, (*see* Doc. 340 at 5-9), inapposite in that the cases considered materially different allegations of fraud than those underlying the instant case.  *See Chiarella*, 445 U.S. at 228; *Ackerman*, 947 F.2d at 846; *Schlifke*, 866 F.2d at 944; *Rudolph*, 800 F.2d at 1043; *In re K-tel Int'l, Inc. Sec. Litig.*, 300 F.3d at 898; *Oran*, 226 F.3d at 282.

they would have invested had they known about Defendant's tax liens or other personal obligations, the Undersigned finds no misconduct.

Moreover, as addressed in the November 22, 2022 Report and Recommendation, the Undersigned again finds the same to be true assuming that the Government suggested that Defendant should have or needed to disclose this information. (*See* Doc. 573 at 7-8). In that regard, because a legal duty is not required and materiality is left to the jury, whether Defendant needed to disclose this information is entirely a disputed issue. Thus, the Undersigned finds that even assuming that the Government stated that there is a duty to disclose, the severe sanction of dismissal is not warranted. Such a statement is not an indication of a *legal* duty to disclose, rather it relates to the question of materiality, which is highly disputed in this case. Accordingly, the Undersigned finds no misconduct and, therefore, finds no basis to dismiss the Superseding Indictment.

Third, to the extent Defendant argues that dismissal is warranted because the agents misrepresented to the witnesses that the investor funds were used for impermissible purposes when the majority were used for business related expenditures, (Doc. 340 at 2), the Undersigned finds the argument unpersuasive. Rather, this argument is based entirely on disputed issues of material fact that the jury will consider at trial. Specifically, although Defendant has maintained throughout the course of this litigation that his business was entirely lawful and that investor funds were used to further his business, the Government disputes this contention. Defendant has not cited, and the Undersigned has not found, any basis

in the record to find that agents affirmatively omitted any financial information about Defendant or FastLife to victim-investors or other potential witnesses. As a result, the Undersigned finds that the Government has committed no misconduct and cannot be punished for having presented its theory of the case to potential witnesses during the course of the investigation.

Fourth, to the extent Defendant argues that dismissal is warranted based on conversations had with his therapist, (*see* Doc. 340 at 2), the Undersigned finds the argument not persuasive. Even if Defendant's allegation is true, Defendant has not shown that any discussion regarding a relevant privilege rises to the level of outrageous conduct sufficient to warrant the severe sanction of dismissal. (*See id.*). At most, Defendant broadly asserts—seemingly supported by Exhibit 2 to Defendant's construed reply—that IRS agent Batsch informed Dr. Benson that no relevant privilege existed. (*See id.*; *see also* Doc. 374-2 at 1). This allegation standing alone cannot establish any wrongdoing. Most notably, Defendant fails to establish that a relevant privilege applied to the subject matter on which the agent questioned Dr. Benson. In that regard, not all conversations between Defendant and his therapist would necessarily be privileged, if indeed a privilege applies. As a result, a possibility remains that the agent's statement is accurate as it relates to the subject matter of his questions. Moreover, even if a relevant privilege applies, Defendant fails to show any prejudice against him warranting the severe sanction of dismissal. *See United States v. Valencia Vergara*, 264 F. App'x 832, 834 (11th Cir. 2008) (quoting *United States v. Morrison*, 449 U.S. 361, 366 (1981) for the proposition that "absent

demonstrable prejudice, or substantial threat thereof, dismissal of the indictment is plainly inappropriate, even though the violation may have been deliberate"); *see also United States v. Maxwell*, No. 05-20571-CR, 2006 WL 8439794, at *1 (S.D. Fla. Oct. 5, 2006) (collecting cases to support the notion that "[t]he dismissal of an indictment for prosecutorial misconduct is an extreme sanction that should be used rarely"). Rather than showing prejudice, the exhibit offered in support of the allegation of misconduct suggests the opposite. (*See* Doc. 374-2). Put simply, Dr. Benson's refusal to speak to Agent Batsch without speaking first to counsel and her insurance company minimizes any risk of prejudice resulting from Agent Batsch's alleged wrongful conduct. (*See id.*). Accordingly, the Undersigned finds that Defendant has not shown dismissal warranted here.

Fifth, Defendant's remaining argument – that dismissal is warranted given the inappropriate conversation between Government agents and at least one witness – is non-specific, wholly speculative, and conjecture. Defendant makes no effort to support this allegation. (*See* Doc. 340 at 2).[3] In that regard, Defendant does not

---

[3] To the extent Defendant intends for Exhibits 1 or 2 to his construed reply to support this conclusory allegation, neither document states or suggests that a Government agent promised to "make sure Defendant never does this to anyone again." (*See* Docs. 374-1, 374-2). Moreover, neither document (1) describes or evinces sufficiently egregious or outrageous Government conduct such that the severe sanction of dismissal is warranted or (2) shows that Defendant was or is prejudiced by the alleged conduct. (*See id.*). Moreover, for the reasons explained in the Government's sur-reply, (*see* Doc. 383), the Undersigned finds that the letter to the Court from the victim-investors (Doc. 374-1) does not show any misconduct. Instead, as explained by the Government, Agent Batsch merely assisted the victims in receiving the rights afforded to them under the Crime Victims' Rights Act. (*See id.* at 5-7). Such assistance is permitted under the Internal Revenue Manual 1.2.1.16.1

identify a single witness to whom a Government agent allegedly said that he would "make sure Defendant never does this to anyone again." (*See id.*).  Nor does Defendant point to any evidence that the statement was in fact made. (*See id.*).  At most, Defendant merely states a conclusory allegation without support. (*Id.*).  In failing to support the allegation, moreover, Defendant also fails to show prejudice resulting from any alleged conversation. *See Valencia Vergara*, 264 F. App'x at 834; *Maxwell*, 2006 WL 8439794, at *1.  As a result, the Undersigned finds this allegation of misconduct to be no more than speculation and conjecture and, therefore, finds the motion is due to be denied on this ground.

Finally, to the extent Defendant attempts to assert that the Court should dismiss the Superseding Indictment under the Court's supervisory powers, the Undersigned finds that this argument fails as well.  As the Court has noted, "[f]ederal courts may invoke their supervisory powers for three purposes:  (1) to remedy a violation of a statutory or constitutional right; (2) to preserve judicial integrity; and (3) to deter future illegal conduct."  (Doc. 579 at 11 (citing *United States v. Hasting*, 461 U.S. 499, 505 (1983))).  While the power to dismiss an indictment is included in these supervisory powers, such an action is a "disfavored remedy" that "should only be utilized in the most egregious of cases."  *United States v. Diaz*, 156 F. App'x 223, 224 (11th Cir. 2005).  As a result, a showing of prejudice is required for dismissal

_____

(02-23-2015) (Policy Statement 25-2, Return Preparer Misconduct).  (*See id.* at 6).  As a result, the Undersigned finds that this letter (Doc. 374-2) does not show any misconduct by Agent Batsch or any other Government agent.

under a federal court's supervisory powers.  *See United States v. Deluca*, No. 6:11-cr-221-JA-KRS, 2014 WL 3341345, at *9 (M.D. Fla. July 8, 2014) (citing *United States v. Campagnuolo*, 592 F.2d 852, 865 (5th Cir. 1979); *Hasting*, 461 U.S. at 506).

As addressed above, the Undersigned finds that Defendant has made no showing of prejudice based on any alleged Government misconduct.  Consequently, the Undersigned finds that Defendant's motion fails on this ground as well.  *See, e.g.*, *United States v. O'Keefe*, 825 F.2d 314, 318 (11th Cir. 1987) (affirming denial of motion to dismiss because the defendants failed to demonstrate prejudice); *Deluca*, 2014 WL 3341345, at *9 (declining to exercise the Court's supervisory powers to dismiss an indictment where prejudice was not shown).

Ultimately, the Undersigned finds that Defendant has not made a specific, non-speculative showing that Government agents affirmatively misled witnesses by presenting them with inaccurate, false, or incomplete information about Defendant or FastLife.  The Undersigned further notes that whether any witness was influenced by information he or she learned from speaking to investigators, is likely a credibility issue Defendant may explore during appropriate cross-examination at trial.  *See, e.g.*, *McConnell v. United States*, 393 F.2d 404, 406 (5th Cir. 1968) (noting that "[i]t is improper for a trial judge to restrict the cross-examination of a Government witness where counsel for defendant attempted to ask an impeaching question and was endeavoring to explore the possibility that the testimony of the witness may have been in some way influenced by suggestions or statements made to him"); (*see also* Doc. 151 at 7-8).

Accordingly, the Undersigned finds that Defendant's motion is due to be denied.  Moreover, the Undersigned finds that an evidentiary hearing is unnecessary. A hearing is not required unless Defendant "raise[s] a material fact which, if resolved in accordance with [his] contentions, would entitle [him] to relief." *United States v. Holloway*, 778 F.2d 653, 658 (11th Cir. 1985) (citing *United States v. Irwin,* 612 F.2d 1182, 1187 (9th Cir. 1980)).  For the reasons articulated above, the Undersigned finds that Defendant has not alleged a material fact—as opposed to wholly unsupported speculation and conjecture—which if resolved in Defendant's favor, would entitle him to the relief requested.  Moreover, should the evidence at trial establish Defendant's entitlement to a dismissal, he may move for such relief at that time.  (*See* Doc. 579 at 15 (citing *United States v. Galvis-Pena*, No. 1:09-cr-25-TCB-CCH-4, 2012 WL 42540 (N.D. Ga. Feb. 9, 2012) to support the proposition that Defendant may move for dismissal should the evidence at trial establish an entitlement to dismissal)).  As a result, and in the interests of judicial economy and efficiency, the Undersigned recommends that the motion be denied without a hearing.

Alternatively, in the event the presiding United States District Judge disagrees with the Undersigned's findings and recommendations above and instead finds that Defendant sufficiently alleged a material fact, which if resolved in Defendant's favor, would entitle him to the relief requested, the Undersigned recommends that the presiding District Judge recommit the matter to the Undersigned for an evidentiary hearing and subsequent report and recommendation.

## CONCLUSION

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1.     The Motion to Dismiss Superseding Indictment Based Upon

Government Misconduct by Telling Investors that Defendant Had a

Duty to Disclose Personal Financial Information (Doc. 340) be

**DENIED**.

2.     Alternatively, in the event the presiding United States District Judge

finds that Defendant sufficiently alleged a material fact, which if

resolved in Defendant's favor, would entitle Defendant to the relief

requested, the presiding District Judge recommit the matter to the

Undersigned for an evidentiary hearing and subsequent report and

recommendation.

**RESPECTFULLY RECOMMENDED** in Tampa, Florida on November 29,

2022.

Mac R. McCoy
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from the date the party is served a copy of this

Report and Recommendation to file written objections to the Report and

Recommendation's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C).

A party's failure to file written objections waives that party's right to challenge on

appeal any unobjected-to factual finding or legal conclusion the district judge adopts

from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties