# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:20-cr-207-CEH-MRM

PHILLIP ROY WASSERMAN

## ORDER

This cause comes before the Court on the Report and Recommendation (Doc. 533), issued by Magistrate Judge Mac R. McCoy. In the R&R, Magistrate Judge McCoy recommends denying Defendant Phillip Wasserman's Motion to Suppress and Motion for a *Franks* Hearing (Doc. 359). All parties were furnished copies of the R&R and afforded the opportunity to file objections, in accordance with 28 U.S.C. § 636(b)(1). Wasserman filed a timely Objection to the R&R. Doc. 545. The Government filed a response. Doc. 572.

Upon careful consideration of the R&R, the Objection, the Government's response to the Objection, and upon this Court's independent examination of the file, it is determined that the Objection should be overruled, the R&R adopted, and Wasserman's Motion to Suppress and for a *Franks* Hearing (Doc. 359) denied.

### I. BACKGROUND

On June 23, 2020, a federal grand jury in the Middle District of Florida returned an indictment that charged Defendant Phillip Roy Wasserman with conspiracy to

commit wire fraud and mail fraud (Count One); wire fraud (Counts Two through Four); and mail fraud (Counts Five through Seven). Doc. 1 at 1–16. Months after his arrest, a federal grand jury in the Middle District of Florida returned a superseding indictment that charges Wasserman with conspiracy to commit wire fraud and mail fraud (Count One); wire fraud (Counts Two through Six); mail fraud (Counts Seven through Ten); evasion of payment of income taxes (Count Eleven); and fraud and false statements (Counts Twelve through Eighteen). Doc. 69 at 1–25.

### A.  Motion to Suppress and for a Franks Hearing (Doc. 359)

Wasserman moves for a *Franks* hearing and to suppress all emails gathered in his case and all evidence that came from those emails. Doc. 359 at 1. He argues that if the IRS Agents working on his case had not misrepresented and omitted material information in their affidavits, the Court would not have found probable cause to issue search warrants for his emails. *Id.* at 1–2. Wasserman also claims that, since he is *pro se* and lead counsel, the filing of his motion and the allegations made therein constitute a sufficient preliminary showing of proof to warrant a *Franks* hearing. *Id.* at 3 n.1.

Wasserman argues that, in their affidavits, the agents omitted positive information about his legal career to paint him in a negative light and persuade the issuing court to sign the warrant. *Id.* at 4–6. Wasserman also argues that the agents' failure to inform the issuing court that he spent investor funds on advertising and other legitimate business expenses was a willful and reckless material omission. *Id.* at 6–7. Finally, he claims that the agents willfully and recklessly omitted information about the amount of money that his company spent on salaries and the number of life

2

insurance applications that were processed and paid out. *Id.* at 7–8. Wasserman asserts that all evidence and information obtained from the search warrants must therefore be suppressed, and that the good faith exception does not apply because the IRS agents misled the issuing judge about Wasserman's personal and business history and the expenditures he made on behalf of FastLife. *Id.* at 8.

B. *The Government's Response (Doc. 373)*

The Government filed a response in opposition to Wasserman's motion. Doc. 373. The Government argues that Wasserman fails to make a substantial preliminary showing of a *Franks* violation and that even if he had met his burden of showing intentional false statements or material omissions in the affidavits, modified affidavits would still provide ample probable cause. *Id.* at 7–15. In addition, the Government argues that the good faith exception to the exclusionary rule applies in this case, and that Wasserman's motion to suppress should be denied. *Id.* at 15–16.

C. *The Magistrate Judge's Findings and Recommendations (Doc. 533)*

Based on the submissions of both sides, the Magistrate Judge recommended that Wasserman's motion be denied. Doc. 533. The R&R first addressed Wasserman's claims related to his legal career. *Id.* at 6. The Magistrate Judge found that Wasserman failed to make a substantial preliminary showing that he was entitled to an evidentiary hearing because he failed to provide an affidavit or sworn statement alleging that the agents knowingly or recklessly included false statements in the search warrant, and that he failed to otherwise explain the absence of such documentation. *Id.* at 7. The Magistrate Judge also found that a sworn statement was necessary here given the

3

broad nature of Wasserman's claims about his purported career success and his lack of supporting documentation. *Id.* at 8. The Magistrate Judge rejected Wasserman's argument that he did not need to provide an affidavit or sworn statement because he was proceeding *pro se* as meritless. *Id.* Finally, the Magistrate Judge found that Wasserman's arguments about his legal career failed on the merits, even assuming that he need not submit an affidavit or sworn statement. *Id.* at 9–12. The Magistrate Judge also rejected Wasserman's second set of claims—that the agents intentionally or recklessly omitted information about his personal life and use of investor funds in the affidavits. *Id.* at 12–13. Again, it was noted that Wasserman failed to make an offer of proof that the agents recklessly or intentionally omitted this information. *Id.* at 13. The Magistrate Judge also found that, assuming Wasserman did not have to make an offer of proof, his argument failed on the merits. *Id.* at 14.

The Magistrate Judge then proceeded to the second prong of the *Franks* analysis, assuming *arguendo* that Wasserman had satisfied the first prong. *Id.* at 16. He found that, as to Wasserman's arguments about both his legal career and the spending of investor funds, none of the challenged statements were essential to a finding of probable cause. *Id.* at 17–18. The Magistrate Judge found this to be the case for each of the charged offenses at issue at the time the warrant was sought: wire fraud, conspiracy to commit wire fraud, and attempt to evade or defeat taxes. *Id.* at 18–28. Finally, the Magistrate Judge found that because Wasserman failed to make a substantial preliminary showing of either deliberate or reckless inclusion of false statements or omission of material information, there was no basis to suppress

4

evidence seized or discovered pursuant to these warrants. *Id.* at 28. The Magistrate Judge also found that even if the affidavits had failed to establish probable cause, suppression would not be warranted in the absence of proof of any *Franks* violation under the good-faith exception to the exclusionary rule. *Id.* at 29.

Wasserman now objects to the R&R (Doc. 545) and the Government has filed a response in opposition (Doc. 572).

## II.  LEGAL STANDARD

Congress vested Article III judges with the power to "designate a magistrate judge to hear and determine any pretrial matter pending before the court," subject to various exceptions. 28 U.S.C. § 636(b)(1)(A). Magistrate judges have the authority to submit proposed findings of fact and recommendations for disposition by an Article III judge. *Id.* § 636(b)(1)(B). When a party makes a timely and specific objection to a magistrate judge's report and recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *See also* Fed. R. Crim. P. 59(b)(3). The district judge may accept, reject, or modify, in whole or in part, the report and recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(3). The objections to a magistrate judge's report and recommendation must be "specific" and "clear enough to permit the district court to effectively review the magistrate judge's ruling." *Knezevich v. Ptomey*, 761 F. App'x 904, 906 (11th Cir. 2019). In the

5

absence of specific objections, there is no requirement for a district judge to review factual findings *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

### III. DISCUSSION

In objecting to the R&R, Wasserman states broadly that he "objects to the magistrate's recommendation and respectfully suggest [sic] that the magistrate has misinterpreted the law in this case." Doc. 545 at 1. He raises numerous complaints about the investigation, his pre-trial restrictions, and the agents' alleged violations of 26 U.S.C. § 6103 which are wholly unrelated to the R&R at issue here. *Id.* at 2-4. In the rest of his filing, Wasserman raises several arguments: (1) he disagrees with the magistrate about the standard for a substantial preliminary showing under *Franks*; (2) he asserts that he established that intentionally or recklessly false statements were included in the affidavits; (3) he disagrees that probable cause would still be established if the Court issuing the warrant were to consider the additional information he alleges was omitted; and (4) he objects to several specific portions of the R&R which he identifies by page number. The Government responded, opposing Wasserman's objections and arguing that the R&R was correct. Doc. 572.

#### A. The Court Will Overrule Wasserman's Objection to the *Franks* Standard

Wasserman challenges the Magistrate Judge's denial of his request for a *Franks* hearing, stating that he "disagrees with the magistrate that an affidavit or sworn statement is needed." Doc. 545 at 4. The Court will overrule this objection.

Under the Fourth Amendment, a search warrant must be supported by a sworn affidavit containing information that "is believed or appropriately accepted by the affiant as true." *Franks v. Delaware,* 438 U.S. 154, 165 (1978). Search warrants and their affidavits are entitled to a presumption of validity. *United States v. Lebowitz*, 676 F.3d 1000, 1010 (11th Cir. 2012). However, under *Franks*, "a defendant may challenge the veracity of an affidavit in support of a search warrant if he makes a 'substantial preliminary showing' that (1) the affiant deliberately or recklessly included false statements, or failed to include material information, in the affidavit; and (2) the challenged statement or omission was essential to the finding of probable cause." *United States v. Arbolaez*, 450 F.3d 1283, 1293 (11th Cir. 2006) (citing *Franks*, 438 U.S. at 155-56); *United States v. Valencia-Trujillo*, 573 F.3d 1171, 1182 (11th Cir. 2009) (quoting *Franks*, 438 U.S. at 155-56). A defendant who satisfies both prongs is entitled to an evidentiary hearing on the issue. *Arbolaez*, 450 F.3d at 1293.

To mandate an evidentiary hearing, a defendant must allege deliberate falsehood or reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. *Arbolaez*, 450 F.3d at 1294. "Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained." *Id.* Wasserman does not cite any legal authority supporting his contrary position. The Court finds that the Magistrate Judge applied the correct standard and will overrule this objection.

### B. The Court Will Overrule Wasserman's Objection to the Denial of an Evidentiary Hearing

Wasserman challenges the Magistrate Judge's recommendation to deny his request for an evidentiary hearing on the basis that he failed to establish any intentionally or recklessly false statements or material omissions in the affidavits. Doc. 545 at 4–6.

Starting with the statements about his legal career, Wasserman submits that he "disagrees about the magistrate's conclusion about the false allegations of his legal career." *Id.* at 4. As to the information about his expenditures, he states that the Magistrate Judge's finding that he failed to make a showing is "factually incorrect." *Id.* at 5. The Court will overrule both of these objections. As the Magistrate Judge correctly stated, broad-brush complaints by defendants are not sufficient to trigger a *Franks* analysis; they must demonstrate specific false statements. *See, e.g., United States v. Campbell*, 193 F. App'x. 921, 924 (11th Cir. 2006) ("To challenge the veracity of the affidavit, Campbell had to make specific allegations of knowing or reckless falsehood and an offer of proof to support the allegations."). Wasserman made no specific allegations of false statements regarding his legal career, and the Government proffered a viable reason for including the information. Specifically, that it reflected on his knowledge, intent, absence of mistake, or lack of accident. Wasserman also failed to establish any material omissions. The Magistrate Judge correctly found that Wasserman's allegations about his purported career success were conclusory and speculative, and that he failed to support his contentions related to his career or that the agents knew about his alleged career success. The Court agrees with the Magistrate

Judge's recommendation to deny Wasserman's request for a *Franks* hearing on this basis.

Wasserman also objects to the Magistrate Judge's finding that he failed to make a preliminary showing about his use of investor funds. He states that "the magistrate's hearing that Defendant did not make a showing about the financial information provided to the government is once again factually incorrect." Doc. 545 at 5. He reiterates the argument he presented to the Magistrate Judge—that the agents deliberately and recklessly included false statements and omitted material information regarding his use of investor funds. *Id.* Wasserman's argument fails from the outset, as he did not make an offer of proof that the agents recklessly or intentionally omitted this information. *See Arbolaez*, 450 F.3d at 1294. And as the Magistrate Judge correctly found, Wasserman failed to make a showing that at the time the affidavits were signed, the agents were aware of additional material information regarding Defendant's business-related expenditures. The Court also agrees with the Magistrate Judge that, even assuming Wasserman need not submit an affidavit or sworn statement outlining his allegations, his argument fails on the merits.

When reviewing an application for a search warrant, a magistrate judge is required to consider the supporting affidavit through a "realistic and commonsense approach . . . so as to encourage recourse to the warrant process and to promote the high level of deference traditionally given to magistrate [judges] in their probable cause determinations." *See United States v. Miller,* 24 F.3d 1357, 1361 (11th Cir. 1994). Applying a commonsense approach to the affidavits here shows that the emphasis on

the alleged impermissible uses of funds, while still noting some legitimate uses, was intended not to mislead the magistrate judge but to highlight the basis for a probable cause finding. Such an interpretation accords with Agent Kocinski's clear disclosure that the affidavits did not include all information known to her but only that information relevant to the probable cause analysis. *See* Doc. 359-1 at ¶ 4; Doc. 359-2 at ¶ 4. Thus, the Court will deny Wasserman's request for a *Franks* hearing.

### C. The Court Will Overrule Wasserman's Probable Cause Objection

Wasserman objects to the Magistrate Judge's finding that probable cause would still be established even if the issuing court had considered the additional information regarding Defendant's legal career. Doc. 545 at 6. The Court will overrule this objection.

To be valid, a search warrant must be supported by probable cause, which exists "when the totality of the circumstances allows a conclusion that there is a fair probability of finding contraband or evidence at a particular location." *United States v. Pettaway*, 842 F. App'x 406, 410 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 280 (2021) (quoting *United States v. Brundidge*, 170 F.3d 1350, 1352 (11th Cir. 1999)). Moreover, "[p]robable cause does not require overwhelmingly convincing evidence, but only 'reasonably trustworthy information.'" *Case v. Eslinger*, 555 F.3d 1317, 1327 (11th Cir. 2009) (quoting *Ortega v. Christian*, 85 F.3d 1521, 1524 (11th Cir. 1996)). However, an affidavit will be found deficient if it contains merely conclusory allegations and fails to provide sufficient information for the judge to conclude "that evidence or contraband

will probably be found at the premises to be searched." *United States v. Martin*, 297 F.3d 1308, 1314 (11th Cir. 2002).

Here, the Court agrees with the Magistrate Judge that even if the alleged misrepresentations about Wasserman's legal career were ignored, probable cause would still be established in the affidavits. Likewise, if the issuing court were to consider the additional information regarding Defendant's legal career or his use of investors' funds for business-related expenditures, probable cause would still be established for each of the offenses that were at issue at the time the warrant was sought: wire fraud, conspiracy to commit wire fraud, and attempt to evade or defeat taxes. The Court agrees with the Magistrate Judge's analysis of the elements of each of the offenses and finds that, upon review of the totality of the circumstances set forth in the affidavits, the affidavits established probable cause to believe that Wasserman and his codefendant were engaged in each of the charged offenses, and that evidence of these offenses would be found in the subject email accounts. *Illinois v. Gates,* 462 U.S. 213, 238 (1983).

### D. The Court Will Overrule Wasserman's Various Objections to the R&R

Wasserman also makes several objections to specific portions of the R&R. Upon careful consideration, the Court will overrule them all.

First, Wasserman states that on page 21 of the R&R, "the magistrate finds the check that was *not* an investor check and was used to pay Defendant's rent and of course, on the bottom of that same page, the magistrate ignores the fact that FastLife brought in millions of dollars of revenue." Doc. 545 at 6. Wasserman's objection is

11

unclear and lacks any support, and the Court will overrule it. Next, Wasserman argues that the Magistrate Judge "sides with the government that FastLife was failing" and "cites that [FastLife] was a sham business." Doc. 545 at 6–7. Wasserman cites to nothing in the record or elsewhere to support his objection, and the Court agrees with the Magistrate Judge's analysis. Additionally, Wasserman misunderstands the findings in the R&R. The Magistrate Judge stated only that, in the context of a probable cause analysis, certain business expenses would necessarily be paid "to continue a sham business." Doc. 533 at 24. No determination was made as to whether FastLife was a sham business. This objection is meritless and will be overruled. Next, Wasserman states that the Magistrate Judge "agrees with the agent that Defendant attempted to avoid tax assessments" and claims this was incorrect. Doc. 545 at 7. Again, Wasserman misunderstands that the Magistrate Judge was not making a factual finding as to whether Wasserman evaded taxes but instead evaluating the warrant affidavits. Doc. 533 at 25. The Court will reject this objection.

Finally, the Court agrees with the Magistrate Judge that in the absence of proof of any *Franks* violation, the good-faith exception to the exclusionary rule recognized by *United States v. Leon*, 468 U.S. 897 (1984) would appear applicable even if the Court were to conclude the affidavits lacked a showing of probable cause.

### IV. CONCLUSION

After careful consideration of the Report and Recommendation of the Magistrate Judge and the Objections thereto, and in conjunction with an independent *de novo* examination of the file, the Court is of the opinion that the Magistrate Judge's

Report and Recommendation should be adopted, confirmed, and approved in all respects, and the motion denied. Accordingly, it is now

   **ORDERED**:

   (1) Defendant's Objection (Doc. 545) is overruled.

   (2) The Report and Recommendation of the Magistrate Judge (Doc. 533) is adopted, confirmed, and approved in all respects and is made a part of this Order for all purposes, including appellate review.

   (3) Defendant's Motion to Suppress and for a Franks Hearing (Doc. 359) is hereby **DENIED**.

   **DONE** and **ORDERED** in Tampa, Florida on December 8, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties