# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                             CASE NO: 8:20-cr-207-CEH-MRM

PHILLIP ROY WASSERMAN
_____

## ORDER

This cause comes before the Court on the Report and Recommendation (Doc. 573), issued by Magistrate Judge Mac R. McCoy. In the R&R, Magistrate Judge McCoy recommends denying Defendant Phillip Wasserman's Motion to Suppress All Witnesses and Evidence Stemming from Illegal Activities and Government Misconduct Based Upon the Fruit of the Poisonous Tree Doctrine (Doc. 334). All parties were furnished copies of the R&R and afforded the opportunity to file objections, in accordance with 28 U.S.C. § 636(b)(1). Wasserman filed a timely Objection to the R&R. Doc. 594. The Government filed a response. Doc. 622.

Upon careful consideration of the R&R, the Objection, the Government's response to the Objection, and upon this Court's independent examination of the file, it is determined that the Objection should be overruled, the R&R adopted, and Wasserman's Motion to Suppress (Doc. 334) denied.

## I. BACKGROUND

On June 23, 2020, a federal grand jury in the Middle District of Florida returned an indictment that charged Defendant Phillip Roy Wasserman with conspiracy to

commit wire fraud and mail fraud (Count One); wire fraud (Counts Two through Four); and mail fraud (Counts Five through Seven). Doc. 1 at 1–16. Months after his arrest, a federal grand jury in the Middle District of Florida returned a superseding indictment that charges Wasserman with conspiracy to commit wire fraud and mail fraud (Count One); wire fraud (Counts Two through Six); mail fraud (Counts Seven through Ten); evasion of payment of income taxes (Count Eleven); and fraud and false statements (Counts Twelve through Eighteen). Doc. 69 at 1–25.

### A. Motion to Suppress (Doc. 334)

Wasserman asserts that the Government has violated federal law, tampered with witnesses, targeted witnesses, and engaged in misconduct and obstruction of justice throughout the investigation and prosecution of his case. Doc. 334 at 3–4. Wasserman lists a litany of alleged actions and violations that he claims supports this. *Id.* at 2–3. He "moves this Court to suppress any and all witnesses and evidence obtained as a result of the government's unlawful conduct." *Id.* 9.

### B. The Government's Response (Doc. 422)

The Government filed a response in opposition to Wasserman's motion. Doc. 422. It argues that Wasserman has already asserted similar or identical arguments in numerous previously filed motions, and that many of his allegations have already been addressed. *Id.* at 1–4. The Government also argues that Defendant "has not made, and cannot make, a prima facie showing of unconstitutional conduct by government agents," and that his motion should therefore be denied. *Id.* at 3–5.

*C. The Magistrate Judge's Findings and Recommendations (Doc. 573)*

Based on the submissions of both sides, the Magistrate Judge recommended that Wasserman's motion be denied. Doc. 573. The R&R first addresses Defendant's argument for suppression based on alleged violations of 26 U.S.C. § 6103. The Magistrate Judge found, consistent with several previous rulings in the Case, that there is no exclusionary remedy for a violation of § 6103, and that suppression was thus unwarranted for these alleged violations. *Id.* at 4–5. Next, the Magistrate Judge analyzed each of Wasserman's other alleged bases for suppression, including (1) misrepresentations made to potential witnesses; (2) the reading of privileged emails; (3) the decision to target uncooperative note holders by subpoenaing their bank accounts; (4) conversations with potential witnesses regarding where Defendant would be imprisoned; and (5) preparation of false affidavits, which note holders refused to sign. He found each basis unpersuasive, and that Wasserman had supplied nothing more than speculation and conjecture in support of these arguments. *Id.* at 6–9.

Because Wasserman proffered no factual support or evidence, the Magistrate Judge also rejected Wasserman's claim that the agents inappropriately instructed witnesses not to tell defense counsel that agents spoke to them. *Id.* at 9. The Magistrate Judge next found that Wasserman's argument centered around the Government's decision to subpoena the bank records of certain note holders was unpersuasive based on a lack of supporting evidence. *Id.* at 9–10. The Magistrate Judge also noted that the use of subpoenas to obtain discoverable material is permitted under the federal rules. *Id.* at 10. Finally, the Magistrate Judge dismissed Wasserman's remaining arguments

as non-specific, wholly speculative, and conjecture. *Id.* at 11–12. He also recommended that the motion be denied without a hearing on the basis that it failed to allege any fact that, if proved, would entitle Wasserman to relief. *Id.* at 12.

Wasserman now objects to the R&R (Doc. 594) and the Government has filed a response in opposition (Doc. 622).

## II. LEGAL STANDARD

Congress vested Article III judges with the power to "designate a magistrate judge to hear and determine any pretrial matter pending before the court," subject to various exceptions. 28 U.S.C. § 636(b)(1)(A). Magistrate judges have the authority to submit proposed findings of fact and recommendations for disposition by an Article III judge. *Id.* § 636(b)(1)(B). When a party makes a timely and specific objection to a magistrate judge's report and recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *See also* Fed. R. Crim. P. 59(b)(3). The district judge may accept, reject, or modify, in whole or in part, the report and recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(3). The objections to a magistrate judge's report and recommendation must be "specific" and "clear enough to permit the district court to effectively review the magistrate judge's ruling." *Knezevich v. Ptomey*, 761 F. App'x 904, 906 (11th Cir. 2019). In the absence of specific objections, there is no requirement for a district judge to review factual findings *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

## III. DISCUSSION

Wasserman makes several objections to the R&R. Doc. 594. First, he disagrees with the Magistrate Judge's findings that he has failed to support his allegations. *Id.* at 2. Specifically, he claims that the Magistrate Judge is factually wrong because there is an affidavit from his therapist in the record, which states that IRS Agents visited her and told her that the client-therapist privilege did not exist in the matter. Doc. 594-1. He also claims broadly that the Magistrate Judge was incorrect in stating that Wasserman's arguments were unsupported "because these instances of government misconduct are fully supported in the record." Doc. 594 at 2. Wasserman also asserts that "whether or not Mr. Wasserman had a legal obligation to discole [sic] personal tax information is a question of law and absolutely not a jury question," that the R&R was both factually and legally wrong, and that the Magistrate Judge should have ordered an evidentiary hearing. *Id.* at 4.

The Court will overrule each of Wasserman's objections. First, the Court agrees with the Magistrate Judge's finding that Wasserman's bases for suppression were speculative and conclusory. Wasserman failed to attach any exhibits to his motion (Doc. 334) or point out where in the record evidence supporting his long list of allegations might be found. He also failed to include the affidavit from his therapist in the instant motion or even refer to it in his motion. *Id.* The Court is not required to pore over every page of a voluminous record in search of evidence helpful to a party, and "[i]t is not the Court's job to search the pleadings for facts that might support a particular claim for relief." *See Groover v. Fayette Cnty., Ga.*, No. 3:17-CV200-TCB-AJB,

2018 WL 9490076, at * 17 (N.D. Ga. July 27, 2018), *report and recommendation adopted*, No. 3:17-CV-200-TCB-AJB, 2018 WL 9490350 (N.D. Ga. Sept. 17, 2018). Additionally, as the Magistrate Judge noted, Wasserman's attempts to broadly incorporate arguments presented in prior motions, without even citing to the motions or summarizing the argument (Doc. 334 at 1, 2), are not in compliance with Local Rule 3.01(a), which requires that motions include a basis for the request and a legal memorandum supporting the request. *See* M.D. Fla. R. 3.01(a).

In his Objection, Wasserman provides some new evidentiary support for two of his claims from the original motion to suppress. The Court will address them in order.

The first claim is that government agents misrepresented to Wasserman's therapist that "there was no federal privilege between therapist and patient." Doc. 334 at 3. In Wasserman's initial motion, this assertion was made in a single bullet point unsupported by an exhibit or citation to any evidence in the record. *Id.* In Wasserman's objection, he now states that because an "affidavit from [his therapist] is in the record . . . the Magistrate is factually wrong." Doc. 594 at 2. However, this exhibit was filed as a supplement to an entirely different motion. *See* Doc. 374-2. Regardless, considering the evidence that Wasserman submits now, his motion will be denied, because a proper motion to suppress must "in every critical respect be sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that a substantial claim is presented." And "[a] court need not act upon general or conclusory assertions." *See United States v. Cooper*, 203 F.3d 1279, 1284 (11th Cir. 2000) (quoting *United States v. Richardson*, 764 F.2d 1514, 1527 (11th Cir. 1985)).

Wasserman's objection also provides an exhibit in support of his claim that government agents discussed where he might be imprisoned with potential witnesses. Doc. 594-2. As with the prior claim, even if Wasserman's characterizations concerning these exhibits were true, he fails to identify any specific evidence derived from these alleged bad acts that is suppressible.

As to Wasserman's contention that the Magistrate Judge wrongly concluded that his failure to disclose tax lien information was an issue for the jury, the Court agrees with the Magistrate Judge that the issue of materiality is indeed one for the jury to decide and Wasserman's objection as to this issue is also overruled.

## IV. CONCLUSION

After careful consideration of the Report and Recommendation of the Magistrate Judge and the Objections thereto, and in conjunction with an independent *de novo* examination of the file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects, and the motion denied. Accordingly, it is now

**ORDERED**:

(1) Defendant's Objection (Doc. 594) is overruled.

(2) The Report and Recommendation of the Magistrate Judge (Doc. 573) is adopted, confirmed, and approved in all respects and is made a part of this Order for all purposes, including appellate review.

(3) Defendant's Motion to Suppress All Witnesses and Evidence Stemming from Illegal Activities and Government Misconduct Based Upon the Fruit of the Poisonous Tree Doctrine (Doc. 334) is hereby **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on December 22, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties