UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:20-cr-207-CEH-MRM

PHILLIP ROY WASSERMAN
_____

ORDER

This cause comes before the Court on the Report and Recommendation (Doc. 568), issued by Magistrate Judge Mac R. McCoy. In the R&R, Magistrate Judge McCoy recommends denying Defendant Phillip Wasserman's Motion to Dismiss Based on Government Misconduct Before the Grand Jury (Doc. 333). All parties were furnished copies of the R&R and afforded the opportunity to file objections, in accordance with 28 U.S.C. § 636(b)(1). Wasserman filed a timely Objection to the R&R. Doc. 574. The Government filed a response. Doc. 609.

Upon consideration of the R&R, the Objection, the Government's response to the Objection, and upon this Court's independent examination of the file, it is determined that the Objection should be overruled, the R&R adopted, and Wasserman's Motion to Dismiss (Doc. 333) denied.

I. BACKGROUND

On June 23, 2020, a federal grand jury in the Middle District of Florida returned an indictment that charged Defendant Phillip Roy Wasserman with conspiracy to

commit wire fraud and mail fraud (Count One); wire fraud (Counts Two through Four); and mail fraud (Counts Five through Seven). Doc. 1 at 1–16. Months after his arrest, a federal grand jury in the Middle District of Florida returned a superseding indictment that charges Wasserman with conspiracy to commit wire fraud and mail fraud (Count One); wire fraud (Counts Two through Six); mail fraud (Counts Seven through Ten); evasion of payment of income taxes (Count Eleven); and fraud and false statements (Counts Twelve through Eighteen). Doc. 69 at 1–25.

### A. Motion to Dismiss (Doc. 333)

Wasserman's motion asks the Court to either dismiss the Superseding Indictment based on government misconduct before the grand jury or review all grand jury testimony *in camera* to determine whether dismissal is appropriate and whether he should have access to that material. Doc. 333 at 1. Wasserman argues that the Court has the authority to dismiss the indictment based on the government's alleged misconduct or, alternatively, to order the disclosure of grand jury material based on his claims. *Id.* at 4–5.

### B. The Government's Response (Doc. 421)

The Government filed a response in opposition to Wasserman's motion. Doc. 421. The Government argues that Wasserman's motion fails to satisfy his burden to demonstrate a compelling and particularized need for disclosure of grand jury material or dismissal of the Superseding Indictment, and that the Court should deny his motion. *Id.* at 1–5.

### C. *The Magistrate Judge's Findings and Recommendations (Doc. 568)*

Based on the submissions of both sides, the Magistrate Judge recommended that Wasserman's motion be denied. Doc. 568. The R&R first addressed Wasserman's request for dismissal of the Superseding Indictment. *Id.* at 6. The Magistrate Judge found that Wasserman's motion failed to establish a clear basis in either law or fact to allow the Court to interfere with the grand jury process. *Id.* at 7. He also found that Wasserman failed to establish any basis for dismissal of the Superseding Indictment. *Id.* Next, the Magistrate Judge found that Wasserman's unsupported allegations, even taken as true, would be insufficient by themselves to warrant dismissal—because he failed to plead or prove that the Government's actions substantially influenced the grand jury's decision to indict or that there is grave doubt that the decision to indict was free from the substantial influence of such violations. *Id.* The Magistrate Judge also found that Wasserman's unsupported conclusions were insufficient to show prejudice. *Id.* at 8.

Next, the Magistrate Judge found that dismissal of the indictment would not be warranted, even if Wasserman had properly alleged that the purported misconduct substantially influenced the grand jury's decision. *Id.* He found this to be true based on Eleventh Circuit precedent limiting the remedies for a violation of 26 U.S.C. § 6103, and also rejected Wasserman's claim that dismissal was warranted based on the issue of his legal duty to disclose. *Id.* at 9–10. Next, the Magistrate Judge rejected Wasserman's argument that the Government's discovery "indicates that the vast majority of investor money went to legitimate startup costs" on the basis that he failed

to offer any evidence in support of this position, as well as the fact that dismissal for failure to address the issue would be inappropriate if the Government was not aware of this information at the time the Superseding Indictment was sought. *Id.* at 10–11. Finally, the Magistrate Judge found that Wasserman's allegations of witness tampering failed as unsupported legal conclusions, and that an evidentiary hearing was unnecessary on his motion because he failed to raise a material fact that, if true, would entitle him to relief. *Id.* at 11. As to Wasserman's request for disclosure of the grand jury materials (either to him directly or to the Court for *in camera* review), the Magistrate Judge found that his argument consisted of wholly speculative and unsupported allegations, and that he failed to meet the burden of showing a need for disclosure or an evidentiary hearing. *Id.* at 12–15.

Wasserman now objects to the R&R (Doc. 574) and the Government has filed a response in opposition (Doc. 609).

## II.  LEGAL STANDARD

Congress vested Article III judges with the power to "designate a magistrate judge to hear and determine any pretrial matter pending before the court," subject to various exceptions. 28 U.S.C. § 636(b)(1)(A). Magistrate judges have the authority to submit proposed findings of fact and recommendations for disposition by an Article III judge. *Id.* § 636(b)(1)(B). When a party makes a timely and specific objection to a magistrate judge's report and recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *See also* Fed. R.

4

Crim. P. 59(b)(3). The district judge may accept, reject, or modify, in whole or in part, the report and recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(3). The objections to a magistrate judge's report and recommendation must be "specific" and "clear enough to permit the district court to effectively review the magistrate judge's ruling." *Knezevich v. Ptomey*, 761 F. App'x 904, 906 (11th Cir. 2019). In the absence of specific objections, there is no requirement for a district judge to review factual findings *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

### III. DISCUSSION

Wasserman makes several objections to the R&R. Doc. 574. First, he disagrees with the Magistrate Judge's findings that his allegations, even if true, do not warrant dismissal of the indictment. *Id.* at 3. Next, he disagrees with the Magistrate Judge's decision to reject his request for an evidentiary hearing. *Id.* He also disagrees with the Magistrate Judge's findings that (1) he failed to offer any evidence in support of his argument that the Government's discovery shows most of the investor money went to legitimate startup costs and that (2) dismissal for failure to address the expenditures would be inappropriate. *Id.* at 4–5. Wasserman also disagrees with the Magistrate Judge's finding that his witness tampering allegation raises a legal conclusion rather than a material fact. *Id.* at 5. The Court will overrule each of these objections.

### A. The Court Will Overrule Wasserman's Objection as to Dismissal of the Indictment

Wasserman challenges the Magistrate Judge's denial of his request for dismissal of the indictment. He essentially restates the arguments he made to the Magistrate

5

Judge and the findings in the R&R, before stating that "[t]his holding by the magistrate judge simply cannot stand." Doc. 574 at 3. The Court will overrule this objection.

The Magistrate Judge correctly noted that, while Wasserman requests dismissal of the indictment, the majority of his motion was related to whether the grand jury testimony should be disclosed either to him or the Court for *in-camera* review. The Court agrees that Wasserman's cursory argument for dismissal provided no clear legal or factual basis sufficient to allow the Court to interfere with the grand jury process. *See United States v. Pabian*, 704 F.2d 1533, 1536–37 (11th Cir. 1983).

The Court will also overrule Wasserman's objection to the Magistrate Judge's finding that the allegations, even taken to be true, are insufficient to warrant dismissal. For the Court to dismiss the indictment based on the alleged misconduct, Wasserman would have to show that the Government's actions "substantially influenced the grand jury's decision to indict," or that "there is 'grave doubt' that the decision to indict was free from the substantial influence of such violations." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256 (1988). Wasserman failed to prove or even plead facts sufficient to meet this standard, and the Court will reject his objection.

### B. The Court Will Overrule Wasserman's Objection to the Denial of an Evidentiary Hearing

Wasserman challenges the Magistrate Judge's recommendation to deny his request for an evidentiary hearing. The Court will overrule this objection, as the Magistrate Judge was correct to find that no evidentiary hearing was necessary. A hearing is not required unless a defendant "raise[s] a material fact which, if resolved

6

in accordance with [his] contentions, would entitle [him] to relief." *United States v. Holloway,* 778 F.2d 653, 658 (11th Cir. 1985) (citing *United States v. Irwin*, 612 F.2d 1182, 1187 (9th Cir. 1980)). Wasserman failed to allege a material fact that would entitle him to dismissal of the indictment were it resolved in his favor, and the Court will thus overrule his objection.

### C. The Court Will Overrule Wasserman's Other Various Objections

Wasserman objects to the Magistrate Judge's finding that he failed to offer any evidence to support his claim that the Government's discovery shows the majority of investor money was spent on legitimate business expenses (Doc. 574 at 4), as well as the finding that "[i]f the Government was not aware that the 'vast majority of investor money' was used for legitimate business-related expenditures at the time the Superseding Indictment was sought, dismissal for failure to address the issue would be inappropriate." Doc. 568 at 10.

As to the first objection, Wasserman asserts that at an evidentiary hearing, he could supply the Court with thousands of pages of evidence showing that investor money went to legitimate expenses. The Court will overrule this objection, as the Magistrate Judge correctly found that Wasserman failed to offer any evidence to support his assertions in his initial motion (*See* Doc. 333). As to Wasserman's second objection, the Court agrees with the Magistrate Judge's analysis that dismissal for failure to address the legitimate business-related expenditures would be inappropriate. Moreover, assuming those alleged facts were known to the Government at the time, the Government is under no obligation to present exculpatory evidence to the grand

jury. *United States v. Waldon*, 363 F.3d 1103, 1109 (11th Cir. 2004) (citing *United States v. Williams*, 504 U.S. 36, 51-55 (1992)).

Finally, Wasserman disagrees with the Magistrate Judge's finding that his conclusory allegations of witness tampering failed to raise a material fact. The Court will overrule this objection. Wasserman's allegations appear to be premised on violations of 21 U.S.C. § 6103. And as the Court has found in previous orders, a violation of § 6103 cannot provide grounds for dismissal of the indictment or suppression of evidence (*See* Doc. 579 at 10–11). In light of the Eleventh Circuit's clear statement that the remedies for a violation of § 6103 are limited to those included in the statute, *see Nowicki v. Comm'r of Internal Revenue,* 262 F.3d 1162, 1163 (11th Cir. 2001), the presentation of this same evidence to the grand jury cannot be grounds for dismissal. Accordingly, the Magistrate Judge was correct to find that Wasserman's allegations of witness tampering did not warrant dismissal, even if true, and that they failed to raise a material fact.

## IV. CONCLUSION

After careful consideration of the Report and Recommendation of the Magistrate Judge and the Objections thereto, and in conjunction with an independent *de novo* examination of the file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects, and the motion denied. Accordingly, it is now

**ORDERED**:

(1)  Defendant's Objection (Doc. 574) is **OVERRULED**.

(2)  The Report and Recommendation of the Magistrate Judge (Doc. 568) is adopted, confirmed, and approved in all respects and is made a part of this Order for all purposes, including appellate review.

(3)  Defendant's Motion to Dismiss Based on Government Misconduct Before the Grand Jury (Doc. 333) is hereby **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on December 22, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties