# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.     CASE NO: 8:20-cr-207-CEH-MRM

PHILLIP ROY WASSERMAN

## ORDER

This cause comes before the Court on the Report and Recommendation (Doc. 589) issued by Magistrate Judge Mac R. McCoy. In the R&R, Magistrate Judge McCoy recommends denying Defendant Phillip Wasserman's Motion to Dismiss the Superseding Indictment Based on Government Misconduct (Doc. 340). All parties were furnished copies of the R&R and afforded the opportunity to file objections, in accordance with 28 U.S.C. § 636(b)(1). Wasserman filed a timely Objection to the R&R. Doc. 620. The Government filed a response. Doc. 642.

Upon careful consideration of the R&R, the Objection, the Government's response, and upon this Court's independent examination of the file, it is determined that the Objection should be overruled, the R&R adopted, and Wasserman's Motion to Dismiss the Superseding Indictment based on Government Misconduct (Doc. 340) denied.

## I. BACKGROUND

On June 23, 2020, a federal grand jury in the Middle District of Florida returned an indictment that charged Defendant Phillip Roy Wasserman with conspiracy to commit wire fraud and mail fraud (Count One); wire fraud (Counts Two through Four); and mail fraud (Counts Five through Seven). Doc. 1 at 1–16. Months after his arrest, a federal grand jury in the Middle District of Florida returned a superseding indictment that charges Wasserman with conspiracy to commit wire fraud and mail fraud (Count One); wire fraud (Counts Two through Six); mail fraud (Counts Seven through Ten); evasion of payment of income taxes (Count Eleven); and fraud and false statements (Counts Twelve through Eighteen). Doc. 69 at 1–25. Counts Eleven through Eighteen were severed from the remainder of the Superseding Indictment. Doc. 376.

### A. Motion to Dismiss the Superseding Indictment (Doc. 340)

Wasserman moves for dismissal of the Superseding Indictment. Doc. 340. He claims that the Government's charges are improperly based on his failure to disclose certain information to investors. *Id.* at 10. He also claims that, when speaking with potential witnesses, the Government had an affirmative duty to disclose to the investors that Wasserman spent funds on legitimate business expenditures. *Id.* at 10–11. Wasserman also claims that Government agents violated the law, disclosed personal financial information, lied to his therapist and other witnesses, and made inappropriate comments to witnesses. *Id.* at 1–3.

In response, the Government argues that Wasserman's motion is nearly identical to a previous motion (Doc. 315) and that even if his allegations were true, and assuming the Eleventh Circuit had acknowledged an outrageous government conduct doctrine, the alleged conduct was not outrageous. Doc. 419 at 1. The Government also argues that Wasserman has failed to show that any officer or agent acted in bad faith during the investigation of his case, and that the Court has already repeatedly rejected his arguments. *Id.* at 6–9. As such, the Government argues that Wasserman's motion should be denied. *Id.* at 8.

### B. The Magistrate Judge's Findings and Recommendations (Doc. 589)

Based on the submissions of both sides, the Magistrate Judge recommended that Wasserman's motion be denied. *See* Doc. 589. The R&R first addressed Wasserman's allegations of outrageous government conduct. *Id.* at 5. The Magistrate Judge found that, although Wasserman did cite a case where outrageous conduct during the pendency of a criminal action resulted in an indictment's dismissal, the cases cited in that decision, along with recent caselaw, suggest that dismissal of an indictment is only appropriate when government misconduct relates to a defendant's underlying or charged criminal acts. *Id.* at 5–6. Because Wasserman failed to allege government intrusion or influence into FastLife or any of the alleged transactions that form the basis of the Superseding Indictment, the Magistrate Judge found that the doctrine would not apply. *Id.* at 6.

Furthermore, the Magistrate Judge found that this issue need not be reached, because even if the outrageous government conduct doctrine applied, Wasserman's

3

motion is otherwise due to be denied on its merits. *Id.* at 6. Proceeding to analyze Wasserman's claims, the R&R underscored that his argument for dismissal based on alleged violations of 26 U.S.C. § 6103 had been rejected by the undersigned, as well as Magistrate Judge Sneed and Magistrate Judge McCoy. *Id.* at 7. Next, it found that to the extent Wasserman argues for dismissal based on alleged misrepresentations about his failure to disclose personal debts and judgments, that argument has already been considered and rejected several times by the Court, on the grounds that a scheme to defraud may be based on failure to disclose material facts. *Id.* at 8.

Wasserman next argued for dismissal on the grounds that the agents misrepresented that investor funds were used for impermissible purposes when in fact the majority of funds were used for business-related expenditures. *Id.* at 9–10. The Magistrate Judge found that this argument was based entirely on disputed issues of material fact to be considered by the jury at trial. *Id*. To the extent Wasserman argues for dismissal based on conversations agents had with his therapist, the Magistrate Judge found that even if this allegation were true, Wasserman has failed to show that any such discussion would rise to the level of outrageous conduct necessary to warrant dismissal. *Id.* at 10. The Magistrate Judge next rejected Wasserman's argument for dismissal because of inappropriate conversations between Government agents and witnesses as non-specific and wholly speculative. *Id.* at 11–12. Finally, the Magistrate Judge rejected Wasserman's request for dismissal of the indictment under the Court's supervisory powers based on his failure to make a showing of prejudice. *Id.* at 12–13. The Magistrate Judge concluded by recommending that Wasserman's

4

motion be denied without an evidentiary hearing because he fails to raise a material fact that, if resolved in accordance with his contentions, would entitle him to relief. *Id.* at 14. Wasserman now objects to the R&R (Doc. 620) and the Government responds in opposition (Doc. 642).

## II.     LEGAL STANDARD

Congress vested Article III judges with the power to "designate a magistrate judge to hear and determine any pretrial matter pending before the court," subject to various exceptions. 28 U.S.C. § 636(b)(1)(A). Magistrate judges have the authority to submit proposed findings of fact and recommendations for disposition by an Article III judge. *Id.* § 636(b)(1)(B). When a party makes a timely and specific objection to a magistrate judge's report and recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *See also* Fed. R. Crim. P. 59(b)(3). The district judge may accept, reject, or modify, in whole or in part, the report and recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(3). The objections to a magistrate judge's report and recommendation must be "specific" and "clear enough to permit the district court to effectively review the magistrate judge's ruling." *Knezevich v. Ptomey*, 761 F. App'x 904, 906 (11th Cir. 2019). In the absence of specific objections, there is no requirement for a district judge to review factual findings *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

### III. DISCUSSION

In his objection to the R&R, Wasserman states that he "re-incorporates all facts and motions previously filed" that "are applicable to this motion." Doc. 620 at 1. To the extent this is meant to be an objection, it is neither specific nor clear enough to permit the Court to effectively review the Magistrate Judge's ruling. *Knezevich*, 761 F. App'x at 906.

Wasserman then reiterates his claims that there has been "outrageous government conduct" in the case. *Id.* at 1–2. Following this, he objects to several specific findings in the R&R. First, he argues that, in some way, the Magistrate Judge was wrong about the standard regarding a legal duty to disclose. *Id.* at 2. Although Wasserman's specific objection is unclear, the Court concludes that the Magistrate Judge correctly found that a scheme to defraud may be based on failure to disclose material facts, *see United States v. Waymer,* 55 F.3d 564, 572 (11th Cir. 1995), and that a legal duty to disclose is not required to make out a fraud charge, *see Langford v. Rite Aid of Ala., Inc.,* 231 F.3d 1308, 1313 (11th Cir. 2000). Thus, Wasserman's objections on this point will be overruled.

Next, Wasserman argues that the Magistrate Judge erred in finding that there was no support in the record for his claim that government agents affirmatively omitted financial information about Wasserman or FastLife to victim-investors and other potential witnesses. Doc. 620 at 2. Wasserman asserts that this "has to be a huge oversight," because the investors were allegedly lied to on numerous occasions. *Id.* at 2. He cites to nothing in the record to support his argument, however, and on

this basis the objection will be overruled. Finally, Wasserman claims that the Magistrate Judge's finding "about therapist privilege" is also incorrect, and that a hearing should have been held on this claim. *Id.* Wasserman does not specify what portion of the Magistrate Judge's ruling he believes was incorrect, or why. Regardless, as described below, the Court finds that the Magistrate Judge properly identified and applied the law on dismissal of an indictment to this issue. Doc. 589 at 10–11.

First, even if Wasserman's allegation about the agents speaking to his therapist is true, he cites no law to argue that this is grounds for dismissal. Additionally, Wasserman fails to establish that a relevant privilege even applied to the subject matter on which the agent questioned his therapist. Moreover, even if a relevant privilege applied, Wasserman fails to show any prejudice against him warranting the severe sanction of dismissal. *See United States v. Valencia Vergara,* 264 F. App'x 832, 834 (11th Cir. 2008) (holding that "absent demonstrable prejudice, or substantial threat thereof, dismissal of the indictment is plainly inappropriate, even though the violation may have been deliberate"); *see also United States v. Maxwell,* No. 05-20571-CR, 2006 WL 8439794, at *1 (S.D. Fla. Oct. 5, 2006) (collecting cases to support the notion that "[t]he dismissal of an indictment for prosecutorial misconduct is an extreme sanction that should be used rarely"). Finally, because Wasserman's therapist refused to speak to the agent without consulting her attorney and insurance provider, there does not appear to be any risk of prejudice resulting from the

allegedly wrongful conduct. Doc. 374-2. For the foregoing reasons, the Court finds that dismissal is not warranted based on this claim.

## IV. CONCLUSION

After careful consideration of the Report and Recommendation of the Magistrate Judge and the Objections thereto, and in conjunction with an independent *de novo* examination of the file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects, and the motion denied. Accordingly, it is now

**ORDERED**:

(1) Defendant's Objection (Doc. 620) is overruled.

(2) The Report and Recommendation of the Magistrate Judge (Doc. 589) is adopted, confirmed, and approved in all respects and is made a part of this Order for all purposes, including appellate review.

(3) Defendant's Motion to Dismiss the Superseding Indictment Based on Government Misconduct (Doc. 340) is hereby **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on March 6, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties