# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO: 8:20-cr-207-CEH-MRM

PHILLIP ROY WASSERMAN

## ORDER

This matter comes before the Court on several motions *in limine* filed by Defendant and the Government's responses in opposition, as well as a motion *in limine* filed by the Government, to which Defendant responded. The Court heard argument on these motions on December 28, 2022, and January 4, 2023, at which point oral rulings were issued. This Order serves to memorialize the Court's oral pronouncements.

## DISCUSSION

Defendant Phillip Wasserman filed numerous motions *in limine* in anticipation of trial, and the Court has issued oral rulings on three of them (Docs. 538, 604, 605).[1] The Court also ruled on a motion *in limine* filed by the Government that asked for several different categories of evidence to be excluded (Doc. 569).

---

[1] Defendant withdrew several other motions *in limine* at the two hearings. Additionally, the Court previously denied seven of his motions *in limine* by written order on October 12, 2022. *See* Doc. 518. These motions were denied without prejudice for failure to include a memorandum of law as required by this District's Local Rules.

"A Motion *In Limine* presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial." *Stewart v. Hooters of Am., Inc.*, No. 8:04-CV-40-EAK-MAP, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007) (citation omitted). "The real purpose of a Motion *In Limine* is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably effect the fairness of the trial. A court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds." *Id.* (quoting *Luce v. United States*, 469 U.S. 38, 41 (1984) (federal district courts have authority to make *in limine* rulings pursuant to their authority to manage trials)).

Rule 402 of the Federal Rules of Evidence prohibits the introduction of evidence that is not relevant. Rule 403 requires the Court to balance the probative value of evidence against the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Under Rule 404(b), a party may not introduce evidence of a prior bad act in order to show that on a particular occasion the person acted in accordance with the character demonstrated by the bad act.

1. Defendant's Commingling of Funds

Wasserman moves the Court to restrict the Government from alleging that he "committed a crime or wrongdoing" by commingling investor funds with regular business funds. Doc. 538 at 1. He argues that the evidence would be unfairly

prejudicial under Federal Rule of Evidence 403(b) and that the Government seeks to accuse him of a crime that does not exist. *Id.*

In its response, the Government indicated that Defendant's argument was contrary to the law of conspiracy, and that overt acts need not be criminal in and of themselves to be part of a conspiracy. Doc. 550 at 1–2. At the hearing, the Government rested on its written submission.

Motions *in limine* can only be granted where there is no reason the evidence or testimony would otherwise be admissible. In this case, the alleged commingling of funds may be relevant to the Government's case at trial. Thus, for the reasons discussed at the December 28, 2022, hearing, the motion *in limine* is **denied** without prejudice.

2. The Government's Motion to Exclude Inadmissible and Irrelevant Evidence

The Government moves under Federal Rules of Evidence 402 and 403 to prevent the introduction of five categories of evidence that it claims are inadmissible or irrelevant. *See* Doc. 569. Specifically, the Government seeks to exclude evidence regarding: (1) the penalties associated with the charged offenses; (2) general good character and specific instances of good conduct; (3) any matter that could invite or promote jury nullification; (4) the defendant's formal complaints of agent misconduct, for the truth of the matter asserted within those complaints; and (5) victim/investors' fault or accredited status. *Id.* at 1.

In his Response (Doc. 593), Defendant states that he does not intend to inform the jury of the penalties associated with the charged offenses. *Id.* at 1. As to the second

category of evidence, he argues that the Government has made his good character an issue here, and that he intends to present evidence of his previous battles with the SEC to show that the investigating agents in this case were biased against him. *Id.* at 5. He also argues that he should be allowed to rebut evidence that the Government has put forth related to his character. *Id.* at 6.

As to the third issue, Defendant states that he does not intend to present a jury nullification argument and will instead ask the jury to follow the law, as instructed by the Court. *Id.* at 6–9. On the fourth point, he argues that the Court should not exclude his written allegations of misconduct at this time, because he may be able to cross-examine the agents for bias using this information. *Id.* at 9–12. As to the final issue of the accredited status of certain investors, Defendant states that he intends to put such evidence before the jury, that such evidence is relevant, and that he should be allowed to present it. *Id.* at 13–14.

As to the first issue, the Court agrees that evidence related to the penalties associated with the charged offenses is not within the province of the jury. As such, for the reasons discussed at the January 4, 2023, hearing, the motion *in limine* is **granted**.

As to evidence of general good character and specific instances of good conduct, the Government's motion is overly broad. The Court's decisions on any challenges to this evidence will depend on the specific character evidence presented at trial. As such,

the Court cannot address this issue *in limine*, and this part of the Government's motion is **denied** without prejudice.

As to evidence or testimony regarding jury nullification, the Parties both agree that this issue is not to be presented at trial, and the Government's motion is **granted** as it relates to this issue.

As to the portion of the Government's motion dealing with Defendant's written allegations of government misconduct, the Court finds that a ruling on this issue would be premature, as the Court does not know which documents will be introduced, for what purpose, and whether a hearsay exception may apply. As a result, the motion will be **denied** without prejudice as to this issue.

Finally, as to the portion of the Government's motion dealing with the accredited status of investors in this case, the Court finds that this motion is also premature, and any challenges would be more suitable for individual consideration at trial. Thus, for the reasons discussed at the January 4, 2023, hearing, the motion *in limine* is **denied** without prejudice as to this issue.

3. <u>Defendant's Spending and Lifestyle</u>

Wasserman also moves to exclude evidence of his spending and lifestyle, arguing that what he spent money on is irrelevant to the elements of the offense and that such evidence would be unfairly prejudicial. *See* Doc. 604.

The Government responds that such evidence is probative of Defendant's knowledge and intent because his expenditures conflict with his representations to

investors, and that this information is also relevant to his motive for the charged offenses. *See* Doc. 639.

At the hearing, Defendant argued that it would be prejudicial for the Government to bring up certain items and activities he spent money on, such as playing poker. He argued that such evidence should be excluded under Rule 403. The Government responded that Wasserman could use *voir dire* as an opportunity to find out whether any potential jurors would be biased by the fact that he played poker, and that the evidence of how the investor money was spent is highly relevant to the case.

The Court notes that how Defendant spent the victim-investor funds appears to be a central aspect of the case, as per the Superseding Indictment. For the reasons discussed at the hearing on January 4, 2023, Defendant's motion is thus **denied** without prejudice to any objections at trial.

4. Prior Bad Acts

Wasserman moves to prohibit the Government from introducing evidence related to a real estate investment fund, a hedge fund investment, and personal loans that he claims the Government seeks to introduce as prior "bad acts" evidence under Federal Rule of Evidence 404(b) (Doc. 605).  The Government responds (Doc. 640) that it will not introduce this evidence to show that Defendant committed prior bad acts, and that it is instead direct evidence of his material omissions to investors and his misuse of investor funds. *Id.* at 1. The Government further argues that the hedge fund and real estate fund transactions are related to FastLife, Defendant's company, in that he failed to disclose outstanding debts related to those transactions to investors, and

6

because he used FastLife investor money to make payments to investors in the hedge fund and real estate fund. *Id.* at 4.

At the hearing, Defendant argued that allowing the Government to introduce evidence of these three allegedly unrelated transactions would create a trial within a trial and that the Government hoped to show his bad character using this evidence. The Government again responded that the evidence would be introduced to show how investor money was spent, not to show prior bad acts or prove Defendant's character.

For the reasons discussed at the January 4, 2023, hearing, this motion is **denied** without prejudice to objections being raised at trial.

**DONE** and **ORDERED** in Tampa, Florida on April 3, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties