THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

Case No.:   8:20-CR-207-T-36JSS

v.

PHILLIP R. WASSERMAN,

   Defendant.
_____/

**(1) EMERGENCY MOTION FOR NEW TRIAL; (2) TO SET ASIDE VERDICT; (3) REQUEST FOR AN EVIDENTIARY HEARING BASED UPON NEWLY DISCOVERED ADDITIONAL INFORMATION OF INTENTIONAL GOVERNMENT MISCONDUCT AND VIOLATION OF *BRADY***

COMES NOW, Defendant Phillip Wasserman, and requests from this Court, a new trial; (2) to set aside the verdict and; (3) for an evidentiary hearing based upon newly discovered additional information of intentional government misconduct and violation of Brady.  Defendant states as follows:

The government filed an indictment and accepted a guilty plea for Count 11 for Evasion of Tax Payments in the amount of $1,477,286.78. In the information presented: 1) to the grand jury; 2) in the indictment; 3) in the plea agreement; 4) in the information supplied to the presentence officer; and 5) in the tax liens submitted into

1

evidence to the jury, the government and the Internal Revenue Service stated that the Defendant owed $1,477,286.78 in taxes, penalties. and interest. The government also sought this same amount for restitution, which is further proof of the intentional government misrepresentation and misconduct.  The government failed to inform Mr. Wasserman, the Court, and the jury that $1,477,286.78 was not the amount of taxes owed, because Mr. Wasserman made over $500,000 in payments on the tax liens.

The government presented evidence of the tax liens by the Florida investigator, the IRS investigator, and the Revenue Agent James Farrell showing the amount of $1,477,286.78 at trial, See Exhibit 2.  The United States entered the tax liens into evidence for those amounts, while intentionally withholding from the jury this amount of taxes due was false. At no time during the course of this case did any of these witnesses disclose to the jury that over $500,000.00 had been paid by Mr. Wasserman on these tax liens. It is not the defendant's here to uncover government errors and misrepresentations. It is the government's duty not to intentionally misrepresent known facts to the grand jury, to the Court, to the American public, and to the jury that determined the defendant's guilt.

During the trial, IRS Agent Sean Batsch testified as to his extensive experience with the Internal Revenue Service. There is no way after this extensive investigation into this case that he did not know the correct amount of the taxes due. That said,

Agent Batsch idly sat by while the government introduced misleading evidence. In Mr. Farrell's testimony, and in both agent's testimony, the witnesses never disclosed or brought to the attention of the jury or the Court that the Defendant had paid over $500,000.00 of these tax liens, and that Mr. Wasserman did not owe $1,477,286.78 but just over $900,000. Upon research done by defendant's former tax attorney, and his associate Peter Salinger, a former IRS appeals officer, they learned that the actual amounts due for 2004, 2005, 2007 and 2009 were approximately $902,000.00. The government now and for the first-time states that the correct amount is approximately $950,000.00, See Exhibit 1 (the government's email to the presentence officer dated, January 4, 2024.) So, it was not until one week before sentencing that the government admitted in writing that it misrepresented the amount of taxes due to all parties in this hotly litigated. The United States made it look like to the jury that Defendant had not made any payments on the $1,477,286.78 tax liens, all the while they knew he paid over $500,000.00 on the tax liens. Since the tax case was severed, Defendant had not caught this material misrepresentation to the jury.

So, what is proven here is that the government and IRS Agent Sean Batsch failed at all levels to inform the grand jury, the Court, and the jury of the fact that defendant had paid down the tax liens by $500,000.00, thereby creating an intentional misrepresentation. $500,000.00 is not a rounding error. It is not a mistake. It is a

large sum of money that the jury should have been told Mr. Wasserman paid. The government and experienced IRS Agent Sean Batsch investigated Mr. Wasserman for several years. Defendant submits that they knew the correct numbers. The government had almost 2.5 years from the time of the superseding indictment until trial. The government has now admitted in writing that the amount they brought to the grand jury, the amount they presented in the indictment, the amount they presented to the jury, and the amount owed on the tax liens was overstated by almost $500,000.00. This is intentional government misconduct.

In response to the information now admitted by the government, Former IRS legal counsel, Aaron Farmer and former IRS Appeals Review Officer Peter Salinger will testify that this is an intentional material misrepresentation. The government presented to the jury evidence that it could not collect any money on the taxes owed, but the United States had collected $500,000.00 from defendant and hid this from the jury. Former IRS CID manager, Thomas Bishop, the former manager of the largest IRS CID office in the country, New York, will testify that this is "shocking."

## MEMORANDUM OF LAW

In <u>United States v. Cosme</u>, 134 Fed.Appx. 391, 393 (11th Cir. 2005), the Eleventh Circuit stated, "[t]he Supreme Court considered whether, among other things, dismissal of the indictment was warranted where prosecutors caused IRS

4

agents to summarize evidence falsely and to assert incorrectly that all the evidence summarized by them had been presented previously to the grand jury." That is what has happened in the case before this Court.

In <u>United States v. Anderson</u>, 574 F.2d 1347, 1355 (5th Cir. 1978), the Fifth Circuit stated, "[k]nowing use by the prosecution of false evidence or perjured testimony which is material to issues in a criminal trial denies due process and conviction obtained by use of such evidence cannot be permitted to stand." "The same rule applies when prosecution, although not actively soliciting false evidence, passively but knowingly allows it to go uncorrected or allows jury to be presented with a materially false impression." <u>Id</u>.

Allowing the jury to think that Defendant was evading payment on $1,477,286.78 million tax liens when it knew Mr. Wasserman had paid $500,000.00 towards those liens is allowing false evidence to go before the jury. Therefore, this Court should 1) allow a new trial; 2) set aside verdict; and/or 3) set an evidentiary hearing. <u>See also</u>, <u>Giglio v. United States</u>, 405 U.S. 150 (1970), (the United States Supreme Court stated "[d]eliberate deception of a court and jurors by presentation of known false evidence is incompatible with rudimentary demands of justice."

Finally, because of the time constraints, Defendant cites to the case law on the <u>Brady</u> issue as outline in Doc. 892, Motion to Dismiss Based on <u>Brady</u> Violation. The

government has again committed a <u>Brady</u> violation that it cannot claim is harmless error. If the government is required to follow the <u>Brady</u> Rule and disclose exculpatory evidence, they should be prevented from misleading the Court and jury by arguing Mr. Wasserman owed the entire amount of the tax lien when he had paid $500,000.00 of that federal tax lien. A tax lien is a "snapshot" in time and does not reflect subsequent assessments of tax, penalties, and interest, as well as payments and credits, over an approximately ten-year period after the tax lien is filed. IRS Agent Batsch certainly knows this.

Furthermore, there is no doubt that the government knew the correct amount of taxes due and never disclosed it. Again, this is the government's duty, not the defendant's burden to find and correct misstatements by the United States. The government is obligated to prove a defendant's guilt beyond a reasonable doubt, but not through intentional misrepresentation and omission of exculpatory evidence. Knowing that the amounts of the tax liens were incorrect regarding actual taxes due for presentation to the grand jury, the indictment, and evidence to the trial jury is intentional violation of <u>Brady</u> and an intentional misrepresentation of evidence. Taken in totality with the other government actions, it is obvious the government's misconduct has caused the Defendant not to receive a fair trial.

Defendant is aware the Court has already ruled on his motion to set aside the case based on the government being allowed to violate the tax severance order. It is one thing to violate the tax severance order, it is another thing to intentionally misrepresent the amount Defendant owed, which the government knew well before the indictment. Mr. Wasserman paid $500,000.00 on the tax liens. This is not a rounding error! It is another <u>Brady</u> violation. The IRS has known the correct amount since day one and so has the government. See <u>Kyles v. Whitley,</u> 514 U.S. 419 (1995).

Two defense witnesses, Mr. Salinger and Mr. Farmer, will both testify that the government certainly knew the correct amount of the taxes owes, as did Agent Sean Batsch. There have been many issues brought up in this case about government misconduct. The government should be held to the highest standard, and it has continued to violate the defendant's constitutional rights again and again. In this case, it is a due process right and Fifth Amendment violation.

This intentional misrepresentation to the Court and to the jury, and the failure to disclose to the defense the correct amount due to the government on the tax liens as to Count 11, should be the final straw. The government may argue that the tax liens were technically correct, but it was not the correct amount that Defendant owed, and the government knew this. The government has the obligation to not misrepresent facts to the jury.

The Court should immediately set aside the verdict, order a new trial, and sanction the government. In the alternative, the defendant respectfully asks this Court to order an evidentiary hearing. The government will likely argue that the $500,000.00 "misstatement" by the government does not affect the sentencing guidelines and that it is harmless error. The government has a requirement to present the truth and to disclose exculpatory evidence. This is not a simple mistake. This is intentional misrepresentation. The jury was given evidence that the defendant owed $1,477,286.78 million in taxes. The government knowingly submitted those intentionally misrepresented amounts, and just like in the Rossman issue where the government admitted to knowing of his mental illness, the government admits their numbers were wrong. See Exhibit One. Defendant requests this Court consider the following. If the trial jury knew that Mr. Rossman was mentally ill, if the trial jury knew the government misrepresented the amount of taxes owed on the tax liens, if the jury knew that the Defendant had paid down the liens by $500,000.00, would the verdict have been different? The Defendant submits most likely, yes.

WHEREFORE, Defendant requests that this Honorable Court uphold his constitutional rights that have been violated and order a new trial immediately, or in the alternative, hold an evidentiary hearing.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing notice has been furnished by electronic filing system to Rachelle DesVaux Bedke, United States Attorney's Office, this 6th day of January 2024.

Respectfully submitted,

/s/ Phillip R. Wasserman
Phillip R. Wasserman
4224 Escondito Circle
Sarasota, FL 34238
Email: pwasserman@aol.com
Phone: (941) 726-3183
*Pro Se Defendant*