THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

                              Case No.:    8:20-CR-207-T-36JSS

v.

PHILLIP R. WASSERMAN,

    Defendant.
_____/

## MOTION TO WITHDRAW GUILTY PLEA AS TO COUNT (11) ELEVEN PRIOR TO SENTENCING

COMES NOW, defendant Phillip Wasserman, and moves to withdraw his guilty plea as to Count (11) Eleven and states as follows:

The government indicted the Defendant on Count (11) Eleven alleging the amount the Defendant owed was $1,477,286.78 million. (Doc. 69). The government made the allegation that Defendant owed $1,477,286.78 to the grand jury, to the American public, in the indictment, to the Court, and to the jury in the fraud case. The government also made this allegation to the presentence officer for purposes of penalty and restitution. Upon examination, the Defendant's experts discovered that the amount owed, including penalties and interest, is $902,000.00. This is more than a third less than the government argued that Mr. Wasserman actually owed the IRS and

1

entered into evidence. The United States purposely withheld the fact that he had paid more than $500,000.00 on the tax liens. The government has now acknowledged this in its email from January 4, 2024 to the presentence officer. See Exhibit 1. If Mr. Wasserman had known that he could have offered evidence to the jury that he paid more than $500,000.00 towards the tax lines, he would not have pled guilty, and he would have taken this count to trial.

## MEMORANDUM OF LAW

In United States v. Brehm, 442 F.3d 1291, 1297 (11th Cir. 2006), the Court stated that in determining whether defendant has met his burden to withdraw his plea he must show a 'fair and just reason' for requesting withdrawal of guilty plea. "A district court may consider totality of circumstances surrounding plea." (internal citations omitted). Factors that a district court can consider are: "(1) whether close assistance of counsel was available; (2) whether plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if defendant were allowed to withdraw his plea." Id. See also Fed.R.Crim.Pr.Rule 11(d)(2)(B).

The United States knowingly withheld evidence that Mr. Wasserman has made over $500,000.00 in payments towards the tax lines. Mr. Wasserman based his plea on a material misrepresentation by the government. Therefore, Mr. Wasserman's plea

was not knowingly and voluntarily entered into. Furthermore, the government cannot be prejudiced in that the plea was only entered into based on the government's own misconduct.

Therefore, Defendant submits that looking at the total circumstances of the plea and including the factual basis that is indisputable of the government's misconduct in misrepresenting the amount owed on the tax liens that led Mr. Wasserman to plea, Defendant has clearly offered a fair and just reason for withdrawing his plea. He should therefore be allowed to withdraw his plea and go to trial and raise the appropriate defenses.

WHEREFORE, defendant moves to withdraw his plea on Count (11) Eleven.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing notice has been furnished by electronic filing system to Rachelle DesVaux Bedke, United States Attorney's Office, this 6th day of January 2024.

                                              Respectfully submitted,

                                              /s/ Phillip R. Wasserman
                                              Phillip R. Wasserman
                                              4224 Escondito Circle
                                              Sarasota, FL 34238
                                              Email: pwasserman@aol.com
                                              Phone: (941) 726-3183
                                              *Pro Se Defendant*

4