UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                            CASE NO: 8:20-cr-207-CEH-NHA

PHILLIP ROY WASSERMAN
_____

## ORDER

This cause comes before the Court upon Defendant Philip Roy Wasserman's "Notice of Appeal of Magistrate's Order Denying Brady Material (Doc. 908)" (Doc. 930), and the Government's response thereto (Doc. 933). Upon careful consideration, because the Magistrate Judge's order was not contrary to law or clearly erroneous, the Court will overrule Wasserman's objections and affirm the Magistrate Judge's order. At oral argument, the Court issued an oral ruling overruling Wasserman's objections (Doc. 954 at 2), and this written order memorializes that ruling.

## BACKGROUND

On June 23, 2020, a federal grand jury in the Middle District of Florida returned an indictment that charged Defendant Phillip Roy Wasserman with conspiracy to commit wire fraud and mail fraud (Count One); wire fraud (Counts Two through Four); and mail fraud (Counts Five through Seven). Doc. 1 at 1–16. Months after his arrest, a federal grand jury in the Middle District of Florida returned a superseding indictment charging Wasserman with conspiracy to commit wire fraud and mail fraud (Count One); wire fraud (Counts Two through Six); mail fraud (Counts Seven through

Ten); evasion of payment of income taxes (Count Eleven); and fraud and false statements (Counts Twelve through Eighteen). Doc. 69 at 1–25. The tax-related counts were severed from the fraud counts (Doc. 376), and the instant briefing relates to the tax counts.

On July 31, 2023, Wasserman filed a "Motion for Brady Material" (Doc. 885) seeking eight types of evidence that he asserted were exculpatory to him and in the Government's possession. *Id.* at 1. The Government responded, arguing that the vast majority of documents requested either did not exist or had already been turned over to Wasserman. Doc. 903 at 1. As to the other materials, the Government argued that he failed to establish that the information was *Brady* or *Giglio* material. *Id.*

Magistrate Judge Thomas G. Wilson denied the motion, finding that Wasserman's memorandum of law was lackluster, conclusory, and like several previously deficient *Brady* and/or *Giglio* requests that had been denied. Doc. 908 at 1. Magistrate Judge Wilson noted that Wasserman again failed to explain how the information he requested would be favorable to him on the matter of guilt or punishment or could be used to impeach a Government witness. *Id.* Finally, the Order notes that the Government stated Wasserman possesses some of the requested materials, including tax returns and IRS records, which had already been provided to him. *Id.* at 1–2. Therefore, the Order found that Wasserman's motion was due to be denied. Wasserman now objects. Doc. 930. The Government filed a response. Doc. 933.

## LEGAL STANDARD

A magistrate judge's ruling on a non-dispositive matter must be affirmed unless "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Crim. P. 59(a) ("The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous."). The "clearly erroneous or contrary to law" standard is extremely deferential. *Pac. Employers Ins. Co. v. Wausau Bus. Ins. Co.*, No. 3:05-cv-850-JHM-MMH, 2007 WL 433362, at *2 (M.D. Fla. Feb. 6, 2007). A finding is clearly erroneous if "the reviewing court, after assessing the evidence in its entirety, is left with a definite and firm conviction that a mistake has been committed." *Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1523 (11th Cir. 1997).

## ANALYSIS

The Court will affirm the ruling of the Magistrate Judge. Wasserman fails to show that the Magistrate Judge's order is clearly erroneous or contrary to law.

In a scattershot fashion, Wasserman concedes that he already possessed some of the documents he requested, but that his "tax experts, retired IRS, criminal investigation division agents, and managers" informed him the information could be exculpatory. Doc. 930 at 1. He argues without support that the Government has failed to supply significant quantities of *Brady* material and "has not learned their lesson." *Id.* at 2. Finally, he argues that the correct legal test for *Brady* disclosure is whether the material sought is "exculpatory material to the defense," and that all tax information

3

available would be material to the defendant in a tax case such as his. *Id.* He then goes on to excerpt several cases at length before concluding that "[t]he government's response was wrong" and "[t]he magistrate's order is wrong." *Id.* at 3–8.

The Government argues that Wasserman's objections fail to establish that the Magistrate Judge's ruling was clearly erroneous or contrary to law, and that his request to overturn that Order should thus be denied. Doc. 933 at 1–2.

The Court agrees. Wasserman fails to cite any caselaw for his proposition that he "has the right to ask the Government to turn over records in their possession that he believes are exculpatory." Doc. 930 at 5. Instead, as the Government correctly points out, mere speculation or allegations that the prosecution possesses exculpatory information is not sufficient to prove materiality. *See, e.g., United States v. Ramos*, 27 F.3d 65, 71 (3d Cir. 1994) (mere speculation that agents' rough notes contained Brady evidence insufficient); *United States v. Williams-Davis,* 90 F.3d 490, 513 (D.C. Cir. 1996); *United States v. Michaels,* 796 F.2d 1112, 1116 (9th Cir. 1986). Defendant must show that there is a reasonable probability the evidence could affect the outcome of the trial. *See Baxter v. Thomas,* 45 F.3d 1501, 1507 (11th Cir. 1995).

Wasserman's objections are conclusory and, like his motion, entirely speculative. Therefore, upon careful review, the Court finds no basis to conclude that the Magistrate Judge's order was clearly erroneous or contrary to law. As such, the Court must affirm.

**CONCLUSION**

Accordingly, it is **ORDERED**:

1. Defendant Philip Wasserman's "Notice of Appeal of Magistrate's Order Denying Brady Material (Doc. 908)" (Doc. 930) is **OVERRULED**.

2. The August 21, 2023, order of the Magistrate Judge (Doc. 908) is **AFFIRMED**.

**DONE** and **ORDERED** in Tampa, Florida on January 8, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties