UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:20-cr-207-CEH-NHA

PHILLIP WASSERMAN
_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

Before the Court is defendant Phillip Wasserman's Motion for Reconsideration (Doc. 1023) of this Court's Order (1022) denying his Motion for Permission to Exercise Per Doctors (sic) Orders (Doc. 1021). The Court has inherent reconsideration authority. *See United States v. Russell*, 994 F.3d 1230, 1243, n.4 (11th Cir. 2021) ("Although no statute or rule expressly provides for the filing of a motion for reconsideration in criminal cases, federal district courts necessarily have substantial discretion in ruling on motions for reconsideration.") (quotation omitted). When considering this extraordinary remedy, courts generally employ the standards underlying motions for reconsideration in civil cases. *Id.* "For example, reconsideration is justified in civil cases when there is (1) an intervening change in controlling law; (2) the availability of new evidence; [or] (3) the need to correct clear error or prevent manifest injustice." *Id.* (quotation omitted).

The Court previously amended Wasserman's conditions of release after finding both (1) probable cause to believe he committed a felony while on pretrial release in attempting to tamper with a witness, and (2) clear and convincing evidence that Wasserman violated the conditions of his release. (Docs. 443, 467). Wasserman was placed on home incarceration with electronic monitoring under which he is restricted to his residence 24 hours a day with exceptions for medical necessities, court appearances and court obligations. (Doc. 443).

The order amending Wasserman's conditions of release was affirmed by the District Judge. (Doc. 467).

In his Motion for Permission to Exercise Per Doctors (sic) Orders (Doc. 1021), Wasserman asserted that he has been diagnosed with stage two kidney disease and "a complete diet change [was] necessary as well as exercise" (Doc. 1021). Wasserman proposed "walking and jogging in his neighborhood at a set time approved by his pretrial officer" (*Id.*). In denying the motion without prejudice, the Court noted that Wasserman "fail[ed] to explain why he is unable to exercise at home" (Doc. 1022). The Court ordered that "Wasserman may renew his motion only if supported by a signed statement from a treating physician explaining what exercise is medically necessary and why Wasserman cannot adequately exercise within his residence" (*Id.*). Wasserman did not renew his motion with the requested explanation from his doctor. Instead, Wasserman moved for reconsideration arguing that he "lives in a 1,038 square-foot home with no room to do any exercises, except maybe push-ups or sit ups" (Doc. 1023). Wasserman further complains that he "currently owns no weightlifting or exercise equipment" (*Id.*). The Court, however, is aware of a myriad of cardiovascular exercises that may be performed at home with no equipment and minimal space.

While Wasserman may prefer to walk in his neighborhood, this preference does not justify modifying the conditions of his release. As the Court has repeatedly explained, the conditions imposed are the least restrictive combination of conditions necessary to reasonably assure the appearance Wasserman as required and the safety of any other person and the community, including witnesses and alleged victims in this case. *See* 18 U.S.C. § 3142(c).

After failing to adhere to less restrictive conditions, Wasserman's current compliance only reinforces that the Court has found the appropriate conditions of release. Accordingly:

Defendant Phillip Wasserman's Motion for Reconsideration (Doc. 1023) is **DENIED**.[1]

**ORDERED** in Tampa, Florida on January 16, 2024.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

---

[1] Once again, Wasserman may renew his motion to modify the conditions of his release if supported by a signed statement from a treating physician explaining what exercise is medically necessary and why Wasserman cannot adequately exercise within his residence.