Page **1** of **10**

Phillip Roy Wasserman
8:20-cr-207-CEH-NHA

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **Case Number: 8:20-cr-207-CEH-NHA** |
| **v.** | **USM Number: 73653-018** |
| **PHILLIP ROY WASSERMAN** | **Phillip Roy Wasserman,** *pro se* <br> **William Fargo Sansone, CJA (*Stand-by*)** |

## AMENDED JUDGMENT IN A CRIMINAL CASE[*]

Defendant was found guilty after a jury trial as to Counts One, Two, Three, Four, Five, Six, Seven, Eight, and Ten of the Superseding Indictment and pled guilty to Count Eleven of the Superseding Indictment. Defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Numbers |
|---|---|---|---|
| 18 U.S.C. §§ 1341, 1343 and 1349 | Conspiracy to Commit Wire and Mail Fraud | July 16, 2020 | One |
| 18 U.S.C. § 1343 | Wire Fraud | May 2, 2017 | Two |
| 18 U.S.C. § 1343 | Wire Fraud | August 7, 2017 | Three |
| 18 U.S.C. § 1343 | Wire Fraud | March 30, 2018 | Four |
| 18 U.S.C. § 1343 | Wire Fraud | November 19, 2019 | Five |
| 18 U.S.C. § 1343 | Wire Fraud | December 6, 2019 | Six |
| 18 U.S.C. § 1341 | Mail Fraud | December 19, 2016 | Seven |
| 18 U.S.C. § 1341 | Mail Fraud | January 23, 2018 | Eight |
| 18 U.S.C. § 1341 | Mail Fraud | July 16, 2020 | Ten |
| 26 U.S.C. § 7201 and 18 U.S.C. § 2 | Tax Evasion | September 2019 | Eleven |

Defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

---

[*] Amended to correct a clerical error on the FastLife Investor Restitution Schedule.

Phillip Roy Wasserman
8:20-cr-207-CEH-NHA

On motion of the United States and pursuant to the Plea Agreement as to Count Eleven, the underlying Indictment and Counts Twelve, Thirteen, Fourteen, Fifteen, Sixteen, Seventeen, and Eighteen of the Superseding Indictment are dismissed.

**IT IS ORDERED** that Defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, Defendant shall notify the Court and United States Attorney of any material change in Defendant's economic circumstances.

Date of Imposition of Judgment:

January 31, 2024

*Charlene Edwards Honeywell*
CHARLENE EDWARDS HONEYWELL
UNITED STATES DISTRICT JUDGE

February 28 , 2024

**Phillip Roy Wasserman**
**8:20-cr-207-CEH-NHA**

## IMPRISONMENT

Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **ONE HUNDRED EIGHTY (180) MONTHS**. This term consists of a 180-month term as to Counts One through Eight and Ten, and a 24-month term as to Count Eleven, all such terms to run concurrently.

The Court makes the following recommendations to the Bureau of Prisons:

- Defendant be incarcerated at the closest correctional facility with the appropriate security level to either: Coleman FCI (1st choice) or Montgomery FCI (2nd Choice).

Defendant is allowed to voluntarily surrender. Defendant shall report to this courthouse and surrender himself to the United States Marshal's Office by 2:00 P.M. on February 23, 2024. Defendant is ordered to immediately proceed to the Office of the United States Marshal for processing and further instructions.

Phillip Roy Wasserman
**8:20-cr-207-CEH-NHA**

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this
judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

**Phillip Roy Wasserman**
**8:20-cr-207-CEH-NHA**

## SUPERVISED RELEASE

Upon release from imprisonment, Defendant will be on supervised release for a term of **THREE (3) YEARS**. This term consists of a 3-year term as to Counts One through Eight and Ten, and Count Eleven, all such terms to run concurrently.

## MANDATORY CONDITIONS

1. Defendant shall not commit another federal, state or local crime.
2. Defendant shall not unlawfully possess a controlled substance.
3. Defendant shall refrain from any unlawful use of a controlled substance. Defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
4. Defendant shall cooperate in the collection of DNA as directed by the Probation Officer.
5. Defendant shall make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.

Defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

Defendant shall also comply with the additional conditions on the attached page.

Phillip Roy Wasserman
8:20-cr-207-CEH-NHA

## STANDARD CONDITIONS OF SUPERVISION

As part of Defendant's supervised release, Defendant shall comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for Defendant's behavior while on supervision and identify the minimum tools needed by Probation Officers to keep informed, report to the court about, and bring about improvements in Defendant's conduct and condition.

1.  Defendant shall report to the Probation Office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the Probation Officer instructs you to report to a different Probation Office or within a different time frame. After initially reporting to the Probation Office, Defendant will receive instructions from the court or the Probation Officer about how and when Defendant must report to the Probation Officer, and Defendant must report to the Probation Officer as instructed.

2.  After initially reporting to the Probation Office, you will receive instructions from the court or the Probation Officer about how and when Defendant shall report to the Probation Officer, and Defendant shall report to the Probation Officer as instructed.

3.  Defendant shall not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the Probation Officer.

4.  Defendant shall answer truthfully the questions asked by your Probation Officer

5.  Defendant shall live at a place approved by the Probation Officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), Defendant shall notify the Probation Officer at least 10 days before the change. If notifying the Probation Officer in advance is not possible due to unanticipated circumstances, Defendant shall notify the Probation Officer within 72 hours of becoming aware of a change or expected change.

6.  Defendant shall allow the Probation Officer to visit you at any time at your home or elsewhere, and Defendant shall permit the Probation Officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7.  Defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the Probation Officer excuses you from doing so. If you do not have full-time employment Defendant shall try to find full-time employment, unless the Probation Officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), Defendant shall notify the Probation Officer at least 10 days before the change. If notifying the Probation Officer at least 10 days in advance is not possible due to unanticipated circumstances, Defendant shall notify the Probation Officer within 72 hours of becoming aware of a change or expected change.

8.  Defendant shall not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, Defendant shall not knowingly communicate or interact with that person without first getting the permission of the Probation Officer.

9.  If you are arrested or questioned by a law enforcement officer, Defendant shall notify the Probation Officer within **72 hours.**

**Phillip Roy Wasserman**
**8:20-cr-207-CEH-NHA**

10.    Defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11.    Defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12.    If the Probation Officer determines that you pose a risk to another person (including an organization), the Probation Officer may require you to notify the person about the risk and Defendant shall comply with that instruction. The Probation Officer may contact the person and confirm that you have notified the person about the risk.

13.    Defendant shall follow the instructions of the Probation Officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. Probation Officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions,* available at: www.uscourts.gov.


Defendant's Signature:_____    Date:_____

**Phillip Roy Wasserman**
**8:20-cr-207-CEH-NHA**

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1.  Defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or obligating himself for any major purchases without approval of the Probation Officer.

2.  Defendant shall provide the Probation Officer access to any requested financial information.

3.  Defendant shall refrain from engaging in any employment related to insurance or marketing in the insurance industry. To the extent any issue arises regarding whether Defendant's employment qualifies under this restriction, Defendant must seek the Court's approval.

4.  Having been convicted of a qualifying felony, Defendant must cooperate in the collection of DNA as directed by the Probation Officer.

5.  The mandatory drug testing requirements of the Violent Crime Control Act are suspended. However, Defendant must submit to random drug testing not to exceed 104 tests per year.

6.  Defendant shall pay restitution in the amount of $6,896,586.47, of this $5,993,523.25 shall be paid to the FastLife Investors; and $903,063.22 shall be paid to the Department of Treasury Internal Revenue Service. This restitution obligation shall be payable to the Clerk, U.S. District Court, for distribution to the victims. Restitution for the FastLife Investors shall be paid jointly and severally with Co-Defendant Kenneth Murry Rossman. While in the Bureau of Prisons' custody, Defendant shall either (1) pay at least $25 quarterly if he has a non-UNICOR job or (2) pay at least 50% of his monthly earnings if he has a UNICOR job. Upon release from custody, Defendant is ordered to begin making payments of $300 per month and this payment schedule shall continue until such time as the Court is notified by the Defendant, any of the victims or the Government that there has been a material change in Defendant's ability to pay. The Court finds that the Defendant does not have the ability to pay interest and the Court waives the interest requirement for the restitution.

Phillip Roy Wasserman
8:20-cr-207-CEH-NHA

## CRIMINAL MONETARY PENALTIES

Defendant must pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

| Assessment | Restitution | Fine | AVAA Assessment[†] | JVTA Assessment[**] |
|---|---|---|---|---|
| $1000.00 | $6,896,586.47 | WAIVED | N/A | N/A |

Defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If Defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Total Loss[***] | Restitution Ordered | Priority of percentage |
|---|---|---|---|
| Clerk, U.S. District Court, for distribution to the victims, as ordered. | $6,896,586.47 | $6,896,586.47 | |

Defendant shall pay restitution in the amount of $6,896,586.47, of this $5,993,523.25 shall be paid to the FastLife Investors (*see* attachment which identifies the victims); and $903,063.22 shall be paid to the Department of Treasury Internal Revenue Service at the following address:

IRS-RACS
Attn: Mail Stop 6261, Restitution
333 W Pershing Ave
Kansas City, MO 64108

---

[†]Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pu. L. No. 115-299.
[**]Justice for Victims of Trafficking Act of 2015, Pub.L. No. 114-22.
[***]Findings for the total amount of losses, are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Phillip Roy Wasserman
8:20-cr-207-CEH-NHA

## SCHEDULE OF PAYMENTS

Having assessed Defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

Special Assessment shall be paid in full and is due immediately.

Unless the Court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court, unless otherwise directed by the Court, the Probation Officer, or the United States attorney.

Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, and (9) penalties, and (10) costs, including cost of prosecution and court costs.

## Joint and Several

Restitution, as to the FastLife Investors in the amount of $5,993,523.25, shall be paid jointly and severally with Co-Defendant Kenneth Murry Rossman, Case No. 8:20-cr-207-CEH-NHA.

| Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|
| $6,896,586.47 | $5,993,523.25 | Clerk, U.S. District Court, for distribution to the victims |

## FORFEITURE

Defendant shall forfeit to the United States those assets previously identified in the Order of Forfeiture (Doc. 1085) and any subsequent orders.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 8:20-cr-207-CEH-NHA

PHILLIP ROY WASSERMAN

FASTLIFE INVESTORS
RESTITUTION SCHEDULE

| Investor | Net Loss |
|----------|----------|
| L. A. | $68,219.40 |
| R. C. | $185,841.12 |
| S. C. | $24,145.00 |
| Je. D.A. | $30,000.00 |
| Jo. Di. | $177,000.00 |
| L. D. | $75,000.00 |
| I. D. | $461,850.00 |
| B. D. | $25,000.00 |
| R. F. | $265,834.87 |
| G. G. | $78,886.04 |
| B. H. | $75,029.07 |
| J. H. | $97,512.00 |
| G. H. | $49,932.00 |
| M. H. | $353,615.00 |
| D. J. | $297,500.00 |
| R. J. | $91,000.00 |
| K. K. | $223,345.86 |
| W. K. | $140,010.96 |
| J. K. | $150,000.00 |
| J. L. | $293,153.04 |
| R. L. | $101,249.00 |
| L. M. | $75,000.00 |
| M. M. | $795,780.16 |
| G. M. | $11,420.00 |

| | |
|---|---|
| F. P. | $40,000.00 |
| M. P. | $458,018.65 |
| A. R. | $185,000.00 |
| A. S. | $400,000.00 |
| P. T. | $214,343.84 |
| J. V. | $203,837.24 |
| J. J. V. | $270,000.00 |
| H. W. | $76,000.00 |
| | |
| Total | $5,993,523.25 |