\*\*\*

\*\*IN THE UNITED STATES DISTRICT COURT\*\*
\*\*FOR THE MIDDLE DISTRICT OF FLORIDA\*\*
\*\*TAMPA DIVISION\*\*

UNITED STATES OF AMERICA,
Plaintiff,

v.

PHILLIP ROY WASSERMAN,
Defendant.

\*\*Case No.: 8:20 cr 207 CEH NHA\*\*

\*\*DEFENDANT'S SECOND RULE 33 MOTION FOR A NEW TRIAL BASED ON NEWLY DISCOVERED CUMULATIVE BRADY VIOLATIONS\*\*

### I. INTRODUCTION

Defendant, Phillip Roy Wasserman, respectfully moves this Court, pursuant to \*\*Federal Rule of Criminal Procedure 33\*\*, to vacate the judgment and grant a new trial on the ground that the government failed to disclose \*\*two separate instances of Brady material\*\*: one discovered after Defendant's trial and now pending on direct appeal, and another discovered after the filing of Defendant's initial appellate brief.

The first instance implicates the \*\*materiality/mutuality issue\*\* on appeal. The second is one of the grounds in Defendant's \*\*pending Rule 33 motion\*\* and has not yet been ruled upon by this Court. When \*\*considered together\*\*, these two Brady violations have a \*\*cumulative and synergistic effect\*\* that establishes a reasonable probability of a different outcome at trial potentially no more than \*\*one juror changing their vote\*\* under \*Kyles v. Whitley\*, 514 U.S. 419 (1995), and other controlling authority.[1][2]

Defendant \*\*incorporates by reference all prior case law and arguments\*\* presented in his currently pending Rule 33 motion and requests that this Court treat the present filing as a \*\*separate and second Rule 33 motion\*\*. In the interest of justice, Defendant respectfully requests that the Court grant a new trial.

\*\*\*

### II. STATUTORY AND CONSTITUTIONAL FRAMEWORK

#### A. Rule 33

Under \*\*Fed. R. Crim. P. 33\*\*, "[t]he court may vacate any judgment and grant a new trial if the interest of justice so requires." A new trial may be granted on the basis of \*\*newly discovered evidence\*\*, including \*\*Brady type exculpatory or impeachment material that was withheld by the government\*\*.[3][4]

#### B. The Brady Rule

In \*Brady v. Maryland\*, 373 U.S. 83 (1963), the Supreme Court held that the suppression by the prosecution of evidence

**favorable to an accused**, upon request, violates due process where the evidence is **material either to guilt or to punishment**.[5][6]

In *United States v. Bagley*, 473 U.S. 667 (1985), and *Kyles v. Whitley*, 514 U.S. 419 (1995), the Court clarified that **materiality** is not decided in isolation. The Court must consider the **cumulative effect** of all suppressed evidence, not just the item in question. A "reasonable probability" of a different result exists if the disclosure of the suppressed evidence would have created a reasonable probability of a different outcome.[2][7][1]

Defendant notes that a different result requires **no more than one juror changing their vote**.

#### C. Cumulative and Net Effect Analysis

Courts have repeatedly held that multiple Brady violations must be assessed **together**, because the **combined effect** of the evidence can be far more prejudicial than any single item alone. *Kyles* instructs that the Court must consider the **totality** of the suppressed evidence, asking: what would have happened if **all** favorable evidence had been disclosed?[7][1][2]

Defendant's situation falls squarely within this framework: the **two Brady violations one on appeal and one discovered post appeal must be evaluated as a unified whole**.

***

### III. FACTUAL BACKGROUND

#### A. The First Brady Violation (Rossman's Mental Condition Pending on Appeal)

This Court is well aware of the **Rossman Brady issue** currently pending on direct appeal. The government failed to disclose that **Rossman**, a key government witness, suffered from **severe mental illness, was on powerful anti psychotic medications, and was under psychiatric care** while testifying at Defendant's trial.

The Court previously held that the **first three prongs of Brady** were met (favorableness, suppression, and request) but that the **materiality prong** was not. However, the failure to disclose this material was an **admitted violation** of the Court's order and the **Due Process Protections Act**.

This Brady violation is now **pending as an appeal issue**, with Defendant's appellate brief and oral argument arguing that, if the jury had known of Rossman's mental condition and medication, the verdict would not have been reliable. Oral argument was heard before the Eleventh Circuit on **January 29, 2026**, and no opinion has yet issued.[8]

#### B. The Second Brady Violation (Post Appeal Discovery: Howland's FBI Referral)

After Defendant's initial appellate brief was filed, the defense discovered **additional Brady material** that meets all **four prongs of Brady under Eleventh Circuit law**.

Former Office of Financial Regulation (OFR) agent **Stephen Howland** testified under oath that he **"didn't know if Defendant's case was any good"** and that he brought the matter to the **FBI, which looked into the case and refused to take it**. When asked whether Defendant needed to know this information before trial, Howland answered, **"I didn't think he needed to know."**

Copies of this testimony are attached to Defendant's **pending Rule 33 motion**. It is undisputed that **IRS agent Batsch and the entire prosecution team** were also aware of this information. Defendant had previously sought **inter agency communications** in pre trial motions, suspecting they contained exculpatory evidence; those motions were denied.[9][10]

This Brady material:

- Directly contradicts Howland's and Batsch's trial testimony about the **origins of the case**.
- Establishes a **Giglio/Napue type violation**, because the government presented testimony suggesting the prosecution was well founded while suppressing the fact that the FBI refused to pursue it.
- Supports Defendant's claim of **actual innocence**.

2

Defendant did not have this information at trial and therefore could not use it to **impeach Howland and Batsch or to present a complete defense**, implicating both the **Fifth** and **Sixth Amendments**.[6][5]

Defendant's appeal is currently pending; no ruling has been issued on the **materiality of the first Brady violation**, and the **second Brady violation has not yet been ruled upon** by any court.

\*\*\*

### IV. ARGUMENT

#### A. Rule 33 Permits a New Trial Based on Cumulative Brady Violations

Defendant **reincorporates all case law and arguments** presented in his first Rule 33 motion. Rule 33 is particularly suited to cases involving **newly discovered evidence** that undermines the reliability of the verdict. Where the government has **suppressed exculpatory or impeachment material**, the interest of justice strongly favors a new trial.[4][3]

Here, the **two Brady violations** are not isolated events; they are **parts of a larger pattern of intentional suppression** that, when viewed together, demonstrates that the jury did not have access to the full picture.[1][2][7]

#### B. The First Brady Violation Must Be Considered in the Net Effect Analysis

Defendant recognizes that the **materiality of the first Brady violation** is presently an **appeal issue**. However, this does not preclude the District Court from considering it in the **Rule 33 context**, especially when the new evidence reinforces and amplifies the prejudice already created by the first violation.[2][1]

*Kyles* instructs that courts must ask: what would have happened if **all** suppressed evidence had been disclosed? That question cannot be answered by evaluating the first Brady violation alone, particularly when a **second Brady violation has since come to light**.[1][2]

#### C. The Second Brady Violation Reinforces the Prejudice of the First

The second Brady violation, discovered after the initial appeal brief was filed, is **not merely additive**; it is **synergistic**. Examples (not exhaustive) of how the two violations interact:

- The first Brady violation went to the **credibility of Rossman**, the prosecution's **star witness**, whom the government later credited at his sentencing for his role in Defendant's conviction.
- The second Brady violation **confirms and extends** Defendant's claim of actual innocence and **totally undermines** both Howland's and Batsch's testimony about the origins of the case, establishing a **Giglio/Napue type violation** with respect to both.

Had the jury known that:

- Rossman was **mentally ill, on powerful anti psychotic medications, and under psychiatric care** while testifying; and
- the lead state regulator **"didn't know if it was a good case"** and that the **FBI refused to pursue it**,

it is realistic to expect that **at least one juror would have reached a different verdict**. Together, the two violations create a **compelling narrative of questionable prosecution legitimacy** that was **unavailable at trial**.

Not to mention the **Fifth Amendment and Sixth Amendment** violations flowing from the government's failure to allow the defense to present this information. Moreover, what is the government's excuse for **two separate violations** of the Court's order and the **Due Process Protections Act**? The government has not even bothered to concede the violations, let alone admit them the way the state did in *Glossip v. Oklahoma*. Instead, the government has simply attempted to recharacterize the issues as "2255 type" claims in an effort to preserve a conviction at all costs, regardless of the constitutional rights at stake.

#### D. Cumulative Effect Satisfies the Brady/Kyles Standard

Under *Kyles*, the Court must consider the **totality of the suppressed evidence**. In this case:[2][1]

- The first Brady violation: **intentional suppression of Rossman's mental health issues and medication**.

3

- The second Brady violation: **withholding of exculpatory and impeachment evidence that the FBI refused to accept the case**.

When **combined**, these violations establish a **reasonable probability** that the verdict would have been different.

Key factors supporting materiality:

1. **Centrality of the suppressed evidence to the prosecution's case**
   Both pieces of suppressed evidence were well known to the government, its agents, and the prosecution team. They went to the **integrity of the prosecution's decision to bring the case** and the **credibility of its key witnesses**.

2. **Credibility and reliability of the witnesses affected**
   The violations undermine the credibility of **Rossman, Howland, and Batsch**, the three key government witnesses. Defendant was denied the opportunity to present a **full and complete defense**, including testimony from **retired FBI CPA Agent Franklin Worrell**, who was prepared to explain why "there was no crime here."

3. **Overall weakness of the government's case without the suppressed evidence**
   If the suppressed evidence did not significantly weaken the government's case, **why did the government suppress it**? The fact that the government chose to hide this information twice strongly suggests that it knew the material was **substantially damaging to its theory of guilt**.

These factors, viewed cumulatively, demonstrate that the verdict is **unreliable** and that **justice requires a new trial**.[7][1][2]

V. INTEREST OF JUSTICE
Under Rule 33, the Court may grant a new trial if the interest of justice so requires. The repeated, intentional suppression of Brady material once before or during trial and again after the appeal commenced demonstrates that the integrity of the proceedings has been compromised.
The interest of justice is best served by:
          Allowing the defense to present all exculpatory and impeachment evidence to a new jury.
          Giving the prosecution an opportunity to respond to the full array of evidence in a fair and transparent manner.
In contrast, allowing the current verdict to stand would effectively reward the government's failure to comply with its constitutional obligations under Brady, the Due Process Protections Act, and the Court's own order.
VI. CONCLUSION
For the foregoing reasons, Defendant respectfully requests that the Court:
    1.      Grant immediate bond;
    2.      Grant this Rule 33 motion, vacate the judgment, and order a new trial; and
    3.      Hold a hearing to determine whether double jeopardy applies to the particular issues raised in this motion.
Respectfully submitted,
PHILLIP ROY WASSERMAN
Defendant Pro Se
Phillip Roy Wasserman
#73653 018 FCC Coleman Camp
P.O. Box 1027
Coleman, Florida 33521
CERTIFICATE OF SERVICE
Defendant attests that he has sent a copy of this motion to the United States Attorney for the Middle District of Florida, 400 N. Tampa Street, Suite 3200, Tampa, Florida 33602, on March 24, 2026.
Date:_____3-24-26_____
Phillip Roy Wasserman

*Phillip Wasserman*

4

Phillip Roy Wasserman
#73653-018
FCC - Coleman Camp
P O BOX 1027
Coleman, FL
            33521

Clerk
District Court
801 N. Florida
Tampa, FL
            33602

Screened by USMS

US POSTAGE PAID
SAINT PETERSBURG FL
26 MAR 2026 PM 5 L

FREEDOM
FOREVER/USA

33602-384802

