In the Middle District of Florida-Tampa division

United States
V.
Phillip Roy Wasserman
Case Number-8:20-CV-207-CEH-NHA

Motion to Supplement Defendants  Both  Rule 33 Motions for New Trial Based on Newly Discovered Evidence Regarding Sentencing Disparity

Defendant has filed two(2) Rule 33 Motions for a new trial based on newly discovered evidence. The first motion lists many grounds including the Brady suppression issue of the FBI investigation and refusal to take on defendant's case-the second Rule 33 motion  centers on the cumulative effect of all the suppressed Brady material.
This motion supplements both motions regarding the sentencing disparity defendant suffered as a result of the government's intentional actions.
Defendant was sentenced to fifteen years, a sentence much greater in disparity than white collar crimes nationwide for the dollar amount involved,especially pointing out two (2) cases; Elizabeth Holmes, a multi billion dollar fraud , and Todd and Julie Chrisley, reality tv stars with an approximate thirty(30) million dollar fraud. The co -defendant Rossman received probation despite admitting lying to investors and that defendant was not aware of his lies, and at his sentencing blaming his conduct on his mental illness while pleading for mercy, while at defendant's trial blaming his conduct on defendant. It is undisputed Rossman raised five(5) million of the six point three (6.3) million dollars raised. Defendant also received a criminal fine of many millions of dollars in addition to restitution .Defendant received significantly more prison time than either Holmes or Todd Chrisley despite the dollar amount being miniscule compared to Holmes and a small percentage of Chrisley.
     Defendant incorporates all case law and facts raised in his motions for Rule 33 relief and violation of the Due Process Protections Act and court order relating to such. He also restates his claim of actual innocence. In the interest of justice at the very least defendant deserves a resentencing to time served . The intentional and malicious actions of the government in this case should shock the conscience of this Court. To compound their vile illegal actions, the government to this day refuses to acknowledge their own actions, proof of which comes from sworn testimony of their key witness Howland, previously submitted to this Court in the original Rule 33 motion. Even in Glossip v. Oklahoma,604 U.S. 226(2025), 604 U.S. 226(2025) the government admitted their actions.
          Brady Applies to Sentencing
It is well established that Brady applies to sentencing.  U.S. v. Bricknell, 74 F. 4th 474 (7th Cir. 2023) citing  U.S. v. Severson,3 F.3d 1005,1013 (7th Cir. 1993). SECTION 3553(A) REQUIRES THE COURT TO CONSIDER THE NATURE OF THEOFFENSE, THE DEFENDANT'S HISTORY AND CHARACTERISTICS, AND THE OTHE SENTENCING FACTORS WHEN IMPOSING SENTENCE.
In defendant's case the government intentional misconduct "deprived the court of the opportunity to CONSIDER ALL THE 3552 (A )FACTORS" In plain language, the misconduct prevented the court from hearing accurate information relevant to one or more 3553(a) factors.
The government's intentional suppression of the FBI investigation and declined case evidence
*went to my **actual innocence narrative** (not just legal innocence)
*was favorable and material under Brady because it supported the defense theory that the case was too weak or speculative for federal prosecution(Supporting disallowed witness Franklin Worrell proposed testimony that there was "no crime here"),and
*deprived the district court of the chance to weigh this as **mitigating evidence under 3553(a)**
 when imposing sentence,thereby contributing to a sentencing disparity versus how the court might have treated a similarly situated defendant with a transparent record of FBI rejection.
Courts recognize that Brady type material can matter at sentencing,and that a lower standard of materiality often applies there than at trial.   The defendant's actual innocence mitigator is bolstered by the fact that the government did not merely withhold a minor fact but a key pillar of the defense theory.
A well -founded claim of unwarranted disparity....assumes that apples are being compared to apples. United States v. Docampo,573 F.3d 1091,1101(11th Cir. 2009)(quoting U.S. v. Mateo-Espejo,426 F.3d 508,514(1st Cir. 2005).Evaluating alleged sentencing disparities among similarly -situated defendants requires "more than the crime of conviction and the total length of the sentences." U. S. v. Azmat,805 F.3d 1018,1048(11th Cir.2015). "The underlying facts of the crime and all of the individual characteristics are relevant." Id.
t is obvious that the Court did not have all the information to properly consider defendant's sentence and 3553(a) factors.

thus this addendum to defendant's rule 33 motion should be granted and defendant's sentence vacated.

Respectfully submitted,

Phillip Roy Wasserman
#736530-018
FCC_Coleman Camp
PO Box 1027
Coleman<Fla. 33521

Certificate of Service

Defendant hereby certifies he sent a copy of this motion to the United States Attorney
400 N. Tampa
Suite 3200
Tampa , Fla.

Date-- 4/5/26

Phillip Roy Wasserman

Phillip Roy Wasserma[n]

# 73653-018

FCC-Coleman Camp

PO Box 1027

Coleman, FL

33521

SAINT PETERSBURG FL
7 APR 2026   PM 3   L

...eened by
...ISMS

Clerk

US District Ct

801 N. Florida

Tampa, FL

33602

33602-384999

