UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. Case No.: 8:20-cr-207-CEH-NHA

PHILLIP ROY WASSERMAN
_________________________________/

ORDER

I deny the defendant's motion to conduct discovery in connection with his third motion for a new trial. Doc. 1227 (seeking discovery on Doc. 1211). The District Court has already determined that the defendant failed to demonstrate a proper basis for asserting the potential *Brady* and *Giglio* violations he seeks to investigate. Doc. 1212. An independent evaluation confirms that the defendant fails to demonstrate good cause for taking discovery on the allegations.

**I. Background**

On May 15, 2023, a jury found the defendant guilty of conspiring to commit mail and wire fraud, five counts of wire fraud, and three counts of mail fraud. Doc. 806. Three months later, the defendant filed his first motion

pursuant to Federal Rule of Criminal Procedure 33(b), for a new trial based on newly discovered evidence. Doc. 892.

In his first Rule 33(b) motion, the defendant alleged that he learned after trial that his co-defendant, Kenneth Rossman, who testified against him, was suffering from a mental health disorder at the time he committed the offenses and was taking medication that impaired his memory and ability to testify truthfully at the trial. Doc. 892. The defendant argued that the government knew but failed to disclose the information, in violation of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972). Doc. 892. The District Court denied the defendant's motion for new trial, finding that "the evidence of Rossman's condition and treatment would not create a *reasonable possibility* of a different outcome at trial." Doc. 1066 p. 32 (emphasis in original). The defendant appealed that ruling, and the issue is pending before the Eleventh Circuit. *Wasserman v. United States*, 24-10389 (Doc. 37 p. 21).

On September 12, 2025, during the pendency of his appeal, the defendant filed a second Rule 33(b) motion. Doc. 1175. There, the defendant argued that he was entitled to a new trial because, *inter alia*, the government failed to disclose the FBI's initial involvement in the investigation in the case against the defendant and its decision not to participate in the criminal investigation. Doc. 1175 p. 14. The defendant argued that, had he known before trial about

the FBI's declination to investigate, he would have cross-examined the FBI agents about it. Doc. 1175 p. 19. Additionally, the defendant claimed that the information would have cast doubt on the credibility of the agents who testified at trial, and thus failure to disclose the declination violated *Giglio*. Doc. 1175 p. 19. The District Court rejected both arguments. First, it found that the defendant "pointed to no specific items of evidence which were not disclosed, and [a] review of the record reveals no basis for his conclusory allegations [that the government failed to disclose exculpatory evidence]." Doc. 1212 p. 3. Second, it found that the defendant failed to demonstrate a *Giglio* violation, because he identified no false testimony nor a reasonable likelihood that disclosure of the declination "would have affected the judgment of the jury." Doc. 1212, pp. 4–5. The defendant appealed the denial of his motion to the Eleventh Circuit where it remains pending. Doc. 1215; *Wasserman v. United States*, 26-11186.

On March 30, 2026, the defendant filed a third Rule 33 motion. Doc. 1211. There, he reprised the previously asserted errors: (1) that the government failed to disclose that Rossman "suffered from severe mental illness, was on powerful anti-psychotic mediations, and was under psychiatric care while testifying at . . . trial," Doc. 1211 p. 2 (cleaned up); and (2) that the FBI was presented with the opportunity to participate in the criminal investigation against him and declined to join it, Doc. 1211 p. 2.

Again, as to the first alleged error, the issue of Rossman's mental health, the District Court already found that disclosure of the information would not have changed the outcome of the defendant's trial (Doc. 1066 p. 32), and the issue is now before the Eleventh Circuit, *Wasserman v. United States*, 24-10389 (Doc. 37).

The second argument, that an FBI agent declined to participate in the investigation against the defendant because the FBI agent did not know if the case was "good" (Doc. 1211 p. 2) was likewise previously rejected by the District Court (Doc. 1212) and is also before the Eleventh Circuit (Doc. 1215).

The defendant maintains that each of the two previously asserted errors warrants a new trial but adds that—even if independently insufficient—the combination of the two errors warrants a new trial. Doc. 1211.

In the motion now before the Court, the defendant moves for discovery in connection with this third Rule 33(b) motion. Doc. 1227. Specifically, the defendant seeks to serve requests for production, interrogatories, and requests for admission, and to conduct depositions as to why the FBI declined to pursue the case against him.[1] Doc. 1227. The Defendant believes that his pursuit of this discovery will lead to exculpatory evidence. Doc. 1227 p. 1 ("[I]f the FBI

---

[1] The defendant does not seek discovery concerning Rossman's medical treatment, as he appears to have already obtained and presented the evidence related to the underlying condition and the government's knowledge thereof.

truly investigated and dismissed the case, that strongly suggests exculpatory evidence existed (and was not disclosed).").

## II. Standard of Review

Under Rule 33, a court may vacate a judgment and grant a new trial when "the interest of justice so requires." Fed. R. Crim. P. 33(a). To prevail on a Rule 33(b) motion, a defendant must establish that: (1) new evidence was discovered after trial; (2) the failure to discover the new evidence was not due to a lack of due diligence; (3) the new evidence is not merely cumulative or impeaching; (4) the new evidence is material; and (5) a new trial would probably produce a different result. *United States v. Jernigan,* 341 F.3d 1273, 1287 (11th Cir. 2003). Rule 33 does not permit a defendant to take multiple "bite[s] at the apple." *United States v. Campa*, 459 F.3d 1121, 1154 (11th Cir. 2006). Thus, absent "a showing of [unfairness or] significant, different, particularized, newly discovered facts," a court may rely on its prior rulings in Rule 33 motions rather than re-examining the merits. *United States v. Brown*, 417 F. Supp. 340, 343 (E.D. Pa. 1976). The Eleventh Circuit has held that motions for a new trial are highly disfavored. *Jernigan,* 341 F.3d at 1287.

The Eleventh Circuit has not articulated a test for determining whether to permit discovery in connection with a Rule 33(b) motion. But the Circuit has held that a district court need not permit discovery to support a Rule 33(b)

motion when the Rule 33(b) motion lacks merit.[2] *United States v. Stahlman*, 934 F.3d 1199, 1230 (11th Cir. 2019) (finding the district court did not err in declining to conduct discovery, hold an evidentiary hearing, or hold oral argument on the defendant's motion for a new trial when the newly discovered evidence would not have changed the outcome at trial); *see also Griffin v. United States*, 44 F. App'x 22, 23 (8th Cir. 2002) (finding no error in denying discovery because "[T]he discovery [the defendant] requested would not have overcome the[] deficiencies [of his motion].").

A defendant's argument that discovery may reveal a ground to challenge his convictions is insufficient to justify discovery. There must be "a firm evidentiary basis for believing such evidence likely exists," and discovery is not to be allowed if it is a "mere fishing expedition based on the defendant's mere hopes of finding exculpatory evidence." *United States v. Velarde*, 485 F.3d 553, 561 (10th Cir. 2007).

---

[2] Some other circuits have adopted, for motions for discovery related to Rule 33(b) motions, the same standard for pursuing discovery that is set forth in an analogous post-conviction proceeding, a habeas corpus case. *United States v. Velarde*, 485 F.3d 553, 560 (10th Cir. 2007). In habeas proceedings, discovery is appropriate when "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908–09. The Eleventh Circuit's peek at the merits of the underlying Rule 33(b) motion in determining whether to grant discovery is consistent with this test. As discussed, the District Court has rejected the merits of the claims at issue in the pending Rule 33 motion.

Ultimately, the district court has broad discretion to deny discovery on a motion for a new trial. *United States v. Thompson*, 335 F. App'x 876, 882 (11th Cir. 2009); *see also United States v. Schlei,* 122 F.3d 944, 994 (11th Cir. 1997) ("[T]he acumen gained by a trial judge over the course of the proceedings" makes the same court "well qualified" to rule on a motion for a new trial based on new evidence without an evidentiary hearing.).

**III. Analysis**

The defendant seeks discovery into why the FBI declined to pursue the criminal case against him. Doc. 1227. He argues that the declination indicates the existence of unknown, exculpatory evidence. Doc. 1227 p. 1 ("[I]f the FBI truly investigated and dismissed the case, that strongly suggests exculpatory evidence existed (and was not disclosed)."). The defendant also claims that the information would have undermined "the credibility of Rossman, Howland, and Batsch, the three key government witnesses," because they did not mention the FBI's declination, and thus the government's failure to disclose it was a *Giglio* violation. Doc. 1211 p. 4.

First, the District Court has already examined whether the defendant would be entitled to a new trial based on his claims surrounding the FBI's choice not to investigate his case. Doc. 1211 p. 2, Doc. 1212 p. 3–5. The District Court found "no basis for his conclusory allegations of *Brady* violations" related to the claim. Doc. 1212 p. 3. The District Court similarly rejected the related

*Giglio* claim, both because the defendant "has not pointed to any false testimony," and because "the omitted testimony regarding the FBI's lack of interest in investigating the case has little impact on the merits of the case." Doc. 1212 p. 4.

The District Court—which is "well qualified" to decide a Rule 33(b) motion[3]—has already found that the bases on which the defendant seeks a new trial are either wholly speculative or incorrect. And a district court need not permit discovery to support a Rule 33(b) motion when the Rule 33(b) motion lacks merit.[4] *United States v. Stahlman*, 934 F.3d 1199, 1230 (11th Cir. 2019).

But even if the District Court had not reached these issues, an independent review of the motion would counsel the same result, for at least two reasons.

First, an agency's choice not to join an investigation is not tantamount to an informed (or even uninformed) judgment on the merits of the case. Agents and agencies have limited resources, prior caseloads, varying priorities, and

[3] *United States v. Schlei,* 122 F.3d 944, 994 (11th Cir.1997)

[4] Rule 33 does not permit a defendant to take multiple "bite[s] at the apple." *United States v. Campa*, 459 F.3d 1121, 1154 (11th Cir. 2006). Thus, absent a showing of unfairness or "significant, different, particularized, newly discovered facts," a court may rely on its prior rulings in Rule 33 motions rather than re-examining the merits. *United States v. Brown*, 417 F. Supp. 340, 343 (E.D. Pa. 1976).

ever-arising emergent concerns.[5] Thus, a declination to investigate is not "a firm evidentiary basis for believing" that undisclosed, exculpatory evidence likely exists. *United States v. Velarde*, 485 F.3d 553, 561 (10th Cir. 2007). To the extent the defendant seeks discovery in the hope that he might *find* that new exculpatory evidence prompted the FBI's decision (Doc. 1227 p. 1), post-trial discovery is not a permissible tool for such a fishing expedition. *United States v. Velarde*, 485 F.3d 553, 561 (10th Cir. 2007).

Second, even if the FBI declined the case due to some weaknesses in it at the time the case was considered, the defendant offers only speculation that any weakness would have related to undisclosed (as opposed to disclosed) exculpatory evidence. Indeed, the defendant asserts that the evidence known to him shows that the case was never sufficient to support a conviction. It is therefore surprising that the Defendant now suggests that only evidence *unknown* to him would make a rational agent doubt the merits of the case.

Third, the District Court correctly notes that the defendant has demonstrated no material falsity of any statement or omission made at trial that would support his *Giglio* claim.

---

[5] Here, Defendant acknowledges that another agency was already investigating the matter. And, the evidence Defendant proffers indicates that the meeting in which his case was presented to the FBI was "on a different case," and the discussion of Defendant's case comprised "less than five minutes." Doc. 1227, pp. 8–9.

## IV. Conclusion

The defendant's motion for discovery to support his third Rule 33(b) motion (Doc. 1227) is DENIED.

ORDERED in Tampa, Florida, on August 18, 2026.

Natalie Hirt Adams

NATALIE HIRT ADAMS
UNITED STATES MAGISTRATE JUDGE