UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

AUG 26 2026 PM3:29
FILED - USDC - FLMD - TPA

UNITED STATES OF AMERICA,

Plaintiff,

v.

PHILLIP ROY WASSERMAN,

Defendant.

Case No.:
8:20-cr-207-CEH-NHA

_______________________________________________/

DEFENDANT'S TIMELY OBJECTIONS UNDER

FED. R. CRIM. P. 59(a) TO THE MAGISTRATE JUDGE'S

ORDER DENYING DISCOVERY (DOC. 1230) AND

MOTION TO SET ASIDE OR MODIFY THE ORDER

Defendant Phillip Roy Wasserman timely objects under Federal Rule of Criminal Procedure 59(a) to the nondispositive Order entered August 21, 2026, denying discovery in support of his pending Rule 33 motion. Doc. 1230. The Order should be set aside or modified because it misidentifies the witness and statement on which the motion rests, omits sworn evidence of actual FBI participation after the brief roundtable, applies the ordinary Rule 33 test instead of the distinct Brady standard, and denies all inquiry when a staged records-first review would resolve the threshold facts.

Defendant does not contend that an agency's declination, standing alone, proves innocence. The issue is whether the FBI participated, what records that participation generated, whether those records were disclosed, and whether the participating investigators functioned as a joint prosecution team. The record identifies the agents, meeting, later witness interview, task-force relationship, and categories of records at issue. Doc. 1227 at 7-16. That is a particularized basis for limited discovery, not a generalized hope that useful evidence might exist.

I. RELEVANT RECORD

1. Stephen Howland was an investigator for the Florida Office of Financial Regulation ("OFR"), not an FBI agent. In sworn testimony, Howland described a late-2018 roundtable at an FBI office attended by FBI Special Agents Jay Stone and Rick Volp, IRS-CI Agent Shawn Batsch, and Howland. After describing the Wasserman/FastLife matter, Howland asked whether it was a case the federal agents wanted to pursue with OFR. Doc. 1227 at 7-10.

2. The discussion at the roundtable may have lasted less than five minutes, but the sworn record does not end there. Howland testified that the FBI agents "initially did" show interest and that Agent Stone later attended a witness interview with Howland

and Batsch, identified in Doc. 1227 as the Mary Mertz interview. Id. at 10-13. When questioning turned to additional FBI activity, counsel directed Howland not to answer based on a law-enforcement privilege. Id. Defendant states that no FBI FD-302, interview memorandum, notes, or equivalent record from that interview was disclosed to him.

3. Defendant also presented the Government's appellate description of Batsch as acting both as an IRS-CI agent and as a member of the FBI Joint Financial Crimes Task Force. Id. at 16. That task-force relationship bears directly on whether the investigative teams were separate or collaborative.

4. The District Court's prior order nevertheless described Howland as an "FBI agent" and stated that he said "the government decided not to pursue the case." Doc. 1212 at 3. The present Order repeats and compounds the error, describing the claim as one "that an FBI agent declined to participate" because "the FBI agent did not know if the case was 'good.'" Doc. 1230 at 4. The "good case" inquiry was Howland's question to the assembled agents, not an FBI agent's conclusion or explanation for a formal declination.

II. STANDARD OF REVIEW

Rule 59(a) requires the District Judge to consider timely objections and "modify or set aside any part of the order that is contrary to law or clearly erroneous." Fed. R. Crim. P. 59(a); see also 28 U.S.C. § 636(b)(1)(A). The Order adopted the analogous good-cause standard from Bracy v. Gramley: discovery is appropriate when specific allegations give reason to believe that, if the facts are fully developed, the movant may demonstrate entitlement to relief. 520 U.S. 899, 908-09 (1997); Doc. 1230 at 6 n.2. Under United States v. Velarde, the request must have a firm evidentiary basis and cannot rest on a mere hope of finding exculpatory evidence. 485 F.3d 553, 560-61 (10th Cir. 2007). Defendant satisfies that threshold.

III. OBJECTIONS

A. The Order rests on material factual errors.

The distinction between Howland and an FBI agent is not semantic. The Order converts an OFR investigator's question into an FBI agent's stated doubt and decision. It also treats the five-minute roundtable as the full extent of FBI activity, even though Howland testified that Agent Stone later joined a witness interview. Doc. 1227 at 10-13. The Order's footnote addresses only the initial presentation; it does not address the later interview or records generated from it. Doc. 1230 at 9 n.5.

The Order also notes that "another agency was already investigating the matter." Id. That refers to OFR and is not, by itself, disputed. It does not answer whether the FBI later joined investigative activity, generated or received records, and worked with OFR and IRS-CI as part of the prosecution team. The FBI-attended interview and Batsch's FBI task-force role directly bear on that question.

The Order calls it "surprising" that Defendant asserts the known evidence showed weaknesses in the case while seeking undisclosed evidence that may reveal additional weaknesses. Doc. 1230 at 9. There is no inconsistency. Undisclosed FBI records could corroborate known weaknesses, impeach the Government's account of the investigation, establish additional suppression, or show why the FBI's involvement changed.

These errors drive the conclusion that the request is a fishing expedition. Correcting the speaker's identity and acknowledging the later FBI interview transforms the request from speculation about an uninvolved agency into a request for identifiable records generated by actual FBI participation.

B. The Order applies the wrong Rule 33 framework to a Brady-based motion.

The Order invokes the ordinary five-part Rule 33 test, including that evidence cannot be "merely cumulative or impeaching" and must "probably produce a different result." Doc. 1230 at 5. Defendant's pending motion alleges Brady, Napue, and Giglio violations and invokes the cumulative effect of suppressed evidence. Doc. 1211 at 2-5.

A Rule 33 motion based on Brady is governed by the Brady framework: whether the Government possessed favorable evidence; whether the defendant lacked it and could not obtain it with reasonable diligence; whether the Government suppressed it; and whether disclosure creates a reasonable probability of a different outcome. United States v. Vallejo, 297 F.3d 1154, 1164 (11th Cir. 2002). Favorable evidence includes impeachment evidence. United States v. Newton, 44 F.3d 913, 918 (11th Cir. 1994). Applying the ordinary Rule 33 test instead of the Brady test is error. United States v. Steele, 733 F. App'x 472, 478-79 (11th Cir. 2018) (per curiam) (unpublished).

The difference matters: Brady includes impeachment evidence and requires cumulative materiality. Kyles v. Whitley holds that materiality turns on the cumulative effect of suppressed favorable evidence and that a prosecutor must learn of favorable evidence known to others acting on the Government's behalf, including police. 514 U.S. 419, 436-38 (1995). Defendant asks the Court to assess any confirmed FBI/task-force suppression together with the evidence concerning Kenneth Rossman that Defendant alleges was suppressed and that is presently at issue in Appeal No. 24-10389. Prior rulings considering those subjects separately do not replace the cumulative inquiry Kyles requires.

C. The request has a firm evidentiary basis and concerns the scope of the prosecution team.

Defendant need not identify the precise contents of undisclosed agency records before the Court permits any inquiry into whether they exist. He must provide specific allegations and an evidentiary basis for believing relevant records likely exist. The record identifies: (1) Agents Stone and Volp; (2) the FBI roundtable; (3) Stone's later attendance at an identified witness interview with Howland and Batsch; (4) Batsch's FBI task-force role; (5) a privilege instruction preventing further inquiry; and (6) the asserted absence of any disclosed FBI interview record.

Those facts distinguish the cases rejecting speculation. United States v. Naranjo declined to impute state knowledge where state and federal teams conducted separate investigations and did not collaborate extensively. 634 F.3d 1198, 1212-13 (11th Cir. 2011). But Naranjo distinguished United States v. Antone, which requires a case-specific inquiry when state and federal authorities "pooled their investigative energies" and functioned as one prosecution team. 603 F.2d 566, 569-70 (5th Cir. 1979); see Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc). An FBI agent's participation in a witness interview with the state investigator and federal trial agent, coupled with the trial agent's FBI task-force role, provides reason to determine whether Antone rather than Naranjo controls.

Stahlman does not require denial. There, the court could evaluate identified new evidence and determine it would not change the outcome. United States v. Stahlman, 934 F.3d 1199, 1230 (11th Cir. 2019). Here, the records' contents remain unknown because they have not been produced, and the denial rests partly on a mistaken account of FBI participation. Requiring Defendant to identify the exculpatory contents of an undisclosed FBI record before ordering a search for that record is circular and defeats the inquiry permitted by Bracy.

Defendant also does not ask the Court to decide now that Howland's or Batsch's testimony was materially false. He identified their testimony concerning the investigation's origins as allegedly false or misleading. Objective agency records would permit the Court to test that Napue/Giglio allegation rather than speculate about it.

D. The Court should permit staged, limited discovery rather than deny all inquiry.

If the Court considers the discovery requested in Doc. 1227 broader than necessary, it should authorize a records-first process. Defendant requests a documented search of the United States Attorney's Office case file, the relevant FBI files, and the IRS-CI case file for:

1. any FD-302, interview memorandum, notes, recording, report, email, or other record concerning the witness interview attended by Agent Stone with Howland and Batsch, identified in Doc. 1227 as the Mary Mertz interview;

2. records reflecting participation by Agents Stone or Volp in the Wasserman/FastLife matter, including interviews, referrals, assessments, opening or closing decisions, and any formal declination or stated basis;

3. communications among Stone, Volp, Batsch, Howland, Gabriel Acosta, and the prosecution concerning FBI participation, the investigation's origin, the referral, or continuation of FBI involvement; and

4. records identifying Batsch's FBI Joint Financial Crimes Task Force role as it related to this investigation.

The Government should submit responsive material to the Court for in camera review and provide a nonprivileged index identifying any record withheld and the asserted basis. If no responsive record exists, the Government should submit a sworn declaration identifying the files and custodians searched and stating whether a responsive record was created, transferred, destroyed, or previously produced. Depositions and an evidentiary hearing can be deferred unless the records-first process reveals a factual dispute requiring testimony.

IV. CONCLUSION

The finding that Defendant offered only speculation depends on a factual account the sworn record does not support. Howland

was not an FBI agent; no FBI agent testified that the case was not "good" or that the FBI declined it for that reason, and the evidence shows that Agent Stone later participated in at least one witness interview. The Order also applies the ordinary Rule 33 test where Brady's distinct standard, including cumulative materiality and impeachment evidence, controls.

Defendant respectfully requests that the District Court SUSTAIN these objections, SET ASIDE or MODIFY Doc. 1230, authorize the staged search and in camera review described above, and defer ruling on the pending Rule 33 motion until that process is complete. Alternatively, Defendant requests remand to the Magistrate Judge with instructions to reconsider discovery under the corrected facts and the Brady/Kyles framework.

Respectfully submitted,

Phillip Wasserman
_______________________________

PHILLIP ROY WASSERMAN, Pro Se

CERTIFICATE OF SERVICE AND LEGAL MAIL & AI DECLARATION

...

CERTIFICATE OF SERVICE

I hereby certify I mailed a copy of this motion via first class mail on August 24, 2026 to the United States Attorney's Office
400 N. Tampa
Suite 3200
Tamps, Fla..
33602

Phillip Roy Wasserman August 24, 2026