UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 8:20-cr-207-CEH-NHA

PHILLIP ROY WASSERMAN

**UNITED STATES' CONSOLIDATED RESPONSE TO WASSERMAN'S OBJECTIONS TO MAGISTRATE'S ORDER DENYING DISCOVERY AND TO MOTION FOR PERMISSION TO SUPPLEMENT**

The United States of America respectfully submits this response in opposition to *Defendant's Timely Objections Under Fed. R. Crim. P. 59(a) to the Magistrate Judge's Order Denying Discovery (Doc. 1230) and Motion to Set Aside or Modify the Order* ("Wasserman's Objections"). Doc. 1233. The United States also responds herein to Wasserman's related *Motion to be Allowed to Supplement Defendant's Objections to the Magistrate Report Denying Discovery and Supplement* ("Motion to Supplement"). Doc. 1236. As explained below, Wasserman's Objections fail to identify any aspect of the magistrate judge's Order denying Wasserman's motion for discovery that is contrary to law or clearly erroneous. Wasserman's Objections therefore should be summarily rejected by this Court. Further, Wasserman's Motion to Supplement is without merit and should also be denied.

## I. Relevant Legal Standards and Applicable Law

A. <u>Objections to a Magistrate Judge's Order</u>

Wasserman's Objections to the magistrate judge's Order, Doc. 1230, denying his motion for discovery, was filed pursuant to Fed. R. Crim. P. 59(a). That rule provides that when considering the objection of a party to a non-dispositive order, the Court "must consider timely objections and modify or set aside any part of [an] order that is contrary to law or clearly erroneous." This standard for review and required finding is also articulated in the statute delineating the jurisdiction and powers of a federal magistrate judge. *See* 28 U.S.C. § 636(b)(1)(A).

B. <u>Motion for New Trial</u>

Wasserman's underlying motion for discovery, Doc. 1227, seeks permission to conduct civil-case-style discovery in support of his (third) Fed.R.Crim.P. 33 motion for new trial. Rule 33(a) permits a district court to vacate a judgement and grant a new trial when "the interest of justice so requires." Rule 33(b), in pertinent part, allows a motion for a new trial based upon newly discovered evidence to be filed within three years after a verdict or finding of guilt.

In the Eleventh Circuit, "[t]o establish a *Brady* violation, [Wasserman] must show that (1) the government possessed favorable evidence to [him]; (2) [he] does not possess the evidence and could not obtain the evidence with any reasonable diligence; (3) the prosecution suppressed the favorable evidence; and (4) had the evidence been disclosed to [Wasserman], there is a reasonable probability that the outcome would have been different." *See United States v. Vallejo*, 297 F.3d 1154, 1163-

1164 (11th Cir. 2002); *and see United States v. Williams*, 779 Fed.App'x 601, 603 (11th Cir. 2019). Further, to prevail on a motion for new trial based on newly discovered evidence, a defendant, like Wasserman, must establish: "(1) the evidence was discovered after trial; (2) the failure of [Wasserman] to discover the new evidence was not due to a lack of due diligence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material to issues before the court; and (5) the evidence is such that a new trial would probably produce a different result." *United States v. Jernigan*, 341 F.3d 1273, 1287 (11th Cir. 2003). A district court's denial of a motion for new trial—whether based on newly discovered evidence or a *Brady* violation—is reviewed for abuse of discretion. *Vallejo*, 297 F.3d at 1163; *Williams*, 779 Fed.App'x at 603.

Rule 33 does not permit a defendant to take multiple bites of the apple to relitigate the merits of issues already rejected by the Court. *United States v. Campa*, 459 F.3d 1121, 1154 (11th Cir. 2006). Unsubstantiated and conclusory allegations that a law enforcement agency might have some exculpatory evidence that might have made a difference in the outcome of a trial are insufficient to show a defendant is entitled to a new trial. *Williams*, 779 Fed.App'x at 603. Thus, where, as here, a defendant such as Wasserman makes no showing of "significant, different, particularized, newly discovered facts," or presents no new argument or reason to believe that the interests of justice would be served by revisiting an earlier ruling in a Rule 33 motion, this Court may rely on its prior rulings. *See, e.g.*, *United States v. Brown*, 417 F. Supp. 340, 343 (E.D. Pa. 1976). "Motions for a new trial based on

newly discovered evidence are highly disfavored in the Eleventh Circuit and should be granted only with great caution." *Campa*, 459 F.3d at 1151.

C. A District Court Need Not Permit Discovery to Support a Motion for New Trial that Lacks Merit.

A trial judge has discretion to deny discovery and an evidentiary hearing on a motion for new trial. *United States v. Thompson*, 335 Fed.App'x 876, 882 (11th Cir. 2009). After all, the insight gained by a trial judge over the course of the proceedings makes that judge well qualified to rule on a motion for new trial based on claimed new evidence without an evidentiary hearing. *United States v. Schlei*, 122 F.3d 944, 994 (11th Cir. 1997). Moreover, the Eleventh Circuit has held that when, as is the case here, a Rule 33(b) motion lacks merit, a district court need not permit discovery, conduct an evidentiary hearing, or even allow oral argument regarding the motion. *See, e.g., United States v. Stahlman*, 934 F.3d 1199, 1230 (11th Cir. 2019). A defendant's argument that discovery may reveal a ground to challenge his convictions is insufficient to justify discovery. Such a fishing expedition based upon a defendant's mere hopes of finding exculpatory evidence should not be allowed. *See, e.g., United States v. Velarde*, 485 F.3d 553, 561 (10th Cir. 2007).

**II. Wasserman's Objections and Supplements to Those Objections Fail to Identify Any Part of the Magistrate Judge's Order that is Contrary to Law or Clearly Erroneous.**

A. The Magistrate Judge's Order Was Not Based Upon a Misunderstanding of Material Facts.

Wasserman's Objections raise two primary objections to the magistrate judge's Order denying his Motion for Discovery. First, Wasserman claims the magistrate

judge's Order "rests on material factual errors," Doc. 1233 at 1-2, noting that he, Wasserman, disfavors the weight the magistrate judge gave to certain facts[1] and he suggests that the magistrate judge was confused about witness Stephen Howland's work as a Financial Investigator with the Florida Office of Financial Regulation ("OFR"), mistakenly believing Howland to be an FBI agent, though Wasserman fails to offer any evidence to establish that supposition.

Instead, Wasserman, in a bit of pettifoggery, refers in support of his objections to one paragraph in this Court's earlier Order denying Wasserman's (second) motion for new trial, in which this Court apparently inadvertently referred to Stephen Howland as an FBI agent (emphasis added):

> Here, Wasserman claims there was a *Brady* violation because the Government failed to disclose the FBI's initial involvement in the investigation in the case against him and its decision not to participate in the criminal investigation. In a civil trial, *FBI Agent Howland* stated in a deposition that the government decided not to pursue the case against Wasserman. Wasserman says had he known about this decision, he could have cross-examined Howland and Batsch and explained to the jury why they decided not to get involved in the case. Wasserman also claims that the FBI has emails, memos, notes, and correspondence that contain exculpatory evidence.

Doc. 1212. at 3 (citations omitted, cleaned up). Notwithstanding that one reference to witness Howland as an FBI agent, this Court and all parties, since well before trial, have been aware that Howland was working as a Financial Investigator with the OFR—not as an FBI agent—when he first began investigating Wasserman, and

[1] For example, Wasserman argues that: "The discussion at the roundtable may have lasted less than five minutes, but the sworn record does not end there[,]" and then offers additional information that Wasserman felt should have been highlighted and focused upon by the magistrate judge. Doc. 1233 at 1-2.

that he later transitioned to working at the United States Attorney's Office for the Middle District of Florida as an Investigative Analyst. *See* Doc. 1157 at 55. Indeed, Howland testified at trial that he worked for OFR during the pertinent period, see *id*. at 52, and Wasserman himself acknowledged the same regarding Howland in Wasserman's (second) motion for new trial:

> The Florida [O]ffice of Financial Regulation (OFR) began an investigation of the defendant and his company, Fastlife in 2018. Agent Howland, per his deposition in Civil Case No. 8:21-cv-2334-TPB-SPF, "did not know if he had a good case." While working with FBI agents Stone and Volp and IRS CID agent Shawn Batsch on another case, he presented the case to them in December 2018. The FBI agents looked into the case and passed on it (per Howland testimony in the same deposition). IRS agent Batsch took up the case and began a reign of terror against the defendant.

Doc. 1175 at 4. Howland's employment was simply not a point of confusion.

In any event, to the extent there may be a misstatement in this Court's above-referenced Order about Howland's position, that statement is of no consequence to this Court's analysis as expressed in its Order, which ultimately denied Wasserman's (second) motion for new trial:

> Wasserman has pointed to no specific items of evidence which were not disclosed, and [this Court's] review of the record reveals no basis for his conclusory allegations of *Brady* violations. Wasserman only points to the possibility of cross-examining two FBI agents and general items of evidence such as emails, memos, and notes that could contain favorable information. Thus, his *Brady* violation claim fails.

Doc. 1212 at 3-4 (citation omitted, cleaned up). Further, in addressing Wasserman's related *Giglio* and *Napue* claims, this Court explained:

> Wasserman claims that both Batsch and Howland provided false testimony by omission. Wasserman claims that nowhere in their testimony did they mention the FBI's lack of interest in investigating claims against him. Wasserman has not established that an omission constitutes false testimony.

> Additionally, the omitted testimony regarding the FBI's lack of interest in investigating the case has little impact on the merits of the case. There is not a reasonable likelihood that it would have affected the judgement of the jury. Thus, Wasserman's *Giglio* claim fails.

*Id*. at 4-5. Thus, this Court was clear in its Order denying Wasserman's (second) motion for new trial that Wasserman's speculative claims relating to the FBI's non-participation in Howland's and (later) IRS-CI SA Batsch's investigation did not meet the specificity and other requirements to support a successful *Brady* or *Giglio* claim. Indeed and relatedly, this Court denied Wasserman's *Motion for Evidentiary Hearing on Grounds 1-10 of Petitioner's Rule 33 Motion*, Doc. 1174, which included a laundry list of baseless inquiries, amounting to nothing more than a proposed desired "fishing expedition."[2]

There is simply no reason to believe that the magistrate judge, in reaching her conclusions, was in any way confused about Howland's work as a Financial Investigator with the OFR (not the FBI), or that the magistrate judge's Order denying Wasserman's motion for discovery somehow "rests on material factual errors." *See* Doc. 1233 at 2. After a review of the relevant filings and court documents, the magistrate judge appropriately distilled Wasserman's latest iteration

---

[2] A review of Wasserman's suggested topics for inquiry included: "4) What would the jury have thought of the FBI's refusal to pursue the petitioner's case? 5) What would FBI agents Stone and Volp have testified to? What did they see in the case that made them not want to pursue it? 6) What influence would 4 and 5 above have had on the jury? … 8) Why wasn't this exculpatory evidence turned over to the defense? … 12) Were Petitioner's confrontation rights violated by not being able to cross-examine Batsch and Howland about the FBI involvement in decision to not pursue the case? 13) Was Batsch's and Howland's testimony a *Napue* violation as being false and misleading and uncorrected by the Government as laid out in grounds 5-8? 14) Did the failure of the Government to turn over the *Brady* exculpatory evidence of the FBI's decision to not pursue the case against Petitioner deprive Petitioner of his 6th Amendment right to present a full defense?" Doc. 1174 at 2.

of the same arguments— raised previously by him and rejected by this Court, Docs. 1175 and 1212, respectively—in considering his (third) motion for new trial, Doc. 1211:

> The defendant seeks discovery into why the FBI declined to pursue the criminal case against him. He argues that the declination indicates the existence of unknown, exculpatory evidence.[3] The defendant also claims that the information would have undermined the credibility of Rossman, Howland, and Batsch, the three key government witnesses, because they did not mention the FBI's declination, and thus the government's failure to disclose it was a *Giglio* violation.

Doc. 1230 at 7 (citation omitted, cleaned up). The magistrate judge further noted:

> [T]he District Court has already examined whether the defendant would be entitled to a new trial based on his claims surrounding the FBI's choice not to investigate his case. The District Court found no basis for [Wasserman's] conclusory allegations of *Brady* violations related to the claim. The District Court similarly rejected the related *Giglio* claim, both because the defendant has not pointed to any false testimony, and because the omitted testimony regarding the FBI's lack of interest in investigating the case has little impact on the merits of the case.

*Id*. at 7-8 (citation omitted, cleaned up).

The magistrate judge also properly recognized that "an agency's choice not to join an investigation is not tantamount to an informed (or even uninformed) judgement on the merits of the case. Agents and agencies have limited resources, prior caseloads, varying priorities, and ever-arising emergent concerns." *Id*. at 8-9.

---

[3] The magistrate judge included a statement made by Wasserman in his third motion to dismiss: "if the FBI truly investigated and dismissed the case, that strongly suggests exculpatory evidence existed (and was not disclosed)." Doc. 1227 at 1. Of course, that statement reveals the overarching thematic flaw in most of Wasserman's instant claims: Wasserman is only speculating about ***what might have occurred and what evidence might have existed*** had the FBI investigated and declined the investigation. Here, however, there is no evidence that the FBI ever opened an investigation into Wasserman's charged conduct. Wasserman is simply unable to make a colorable claim about any of this.

*Citing* to *Velarde*, 485 F.3d at 561, the magistrate judge noted that "a declination to investigate is not a firm evidentiary basis for believing that undisclosed, exculpatory evidence likely exists." *Id*. at 9. Wasserman has offered nothing in support of his claim that the magistrate judge based the pertinent Order denying Wasserman's request for discovery upon material factual errors or was otherwise contrary to law or clearly erroneous. That claim therefore should be rejected by this Court.

B. The Magistrate Judge's Order Did Not Apply the Wrong Legal Framework When Analyzing Wasserman's Arguments.

Wasserman also claims in his objections that the magistrate judge applied the "wrong framework to [his] *Brady*-based motion." Doc. 1233 at 2-3. Wasserman is wrong. Indeed, as made clear in the above excerpts from the magistrate judge's Order denying Wasserman's motion for discovery, the magistrate judge noted that Wasserman had previously raised his *Brady* and *Giglio* claims regarding Howland and that both claims had previously been rejected as baseless by the trial judge, who is well-qualified to rule on those claims. Doc. 1230 at 7-8 ("The District Court found no basis for [Wasserman's] conclusory allegations of *Brady* violations related to the claim[,]" and "[t]he District Court similarly rejected [Wasserman's] related *Giglio* claim, …"); *and see Schlei*, 122 F.3d at 994. The magistrate judge then independently considered the claims raised by Wasserman and rejected them.

Because Wasserman remains unable to identify any evidence in support of his (repeated) efforts to defeat his conviction, Wasserman's Objections are again only based upon a collection of baseless speculations and conclusions (e.g., "whether the

FBI participated, what records that participation generated, whether those records were disclosed"). Doc. 1233 at 1; *and see* Doc. 1212 at 5 (denying a similar previous request made by Wasserman for an evidentiary hearing). Wasserman then leverages upon his unsubstantiated speculations and conclusions to insist that, taken together, or cumulatively, with his previously rejected claims, his arguments are now somehow more persuasive. *Id*. at 2-3. Wasserman's position is nonsensical. Zero plus zero equals zero. As explained above, unsubstantiated and conclusory allegations that a law enforcement agency might have some exculpatory evidence that might have made a difference are insufficient to support a defendant's request for a new trial. *Williams*, 779 Fed.App'x at 603.

At its core, Wasserman's motion for civil-case-style discovery, Doc. 1227, and his follow-on objections to the magistrate judge's denial of that motion, Doc. 1233, are nothing more than another baseless post hoc effort—*see* Doc. 1174 (Wasserman's previous motion for evidentiary hearing)—to circumvent the Federal Rules of Criminal Procedure via a fishing expedition aimed to gain a do-over of his criminal trial. Indeed, the information sought by Wasserman—internal government files, reports, notes, and memoranda, Docs. 1227 at 4; 1233 at 3—is explicitly exempted from discovery in a federal criminal case by Fed.R.Crim.P. 16(a)(2)—

> *Information Not Subject to Disclosure*. Except as permitted by Rule 16(a)(1)(A)-(D), (F), (G), this Rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.

The magistrate judge properly determined that Wasserman's motion for discovery in support of his (third) motion for new trial was without merit and denied it. *See* Docs. 1211, 1227, and 1230. Wasserman's Objections have failed to show that any part of the magistrate judge's Order denying his motion for discovery is contrary to law or clearly erroneous. Wasserman's Objections therefore should be summarily rejected by this Court.

C. Wasserman's Motion to Supplement Wasserman's Objections Should be Denied.

Wasserman also filed a motion to supplement his objections to the magistrate judge's report denying Wasserman's request for discovery in support of his motion for new trial. Doc. 1236. That Motion to Supplement adds nothing of substance to Wasserman's Objections. Instead, the Motion to Supplement, without offering any new relevant supporting authority, repeats arguments and claims made by Wasserman in other filings that have already been considered and rejected by this Court, and it adds to the (ever expanding) list of baseless inquiries Wasserman hopes to pursue. That motion, like Wasserman's Objections, should also be denied.

## III. Conclusion

As explained above, Wasserman's Objections fail to identify any aspect of the magistrate judge's Order denying Wasserman's motion for discovery that is contrary to law or clearly erroneous. Rather, Wasserman's Objections repeat the overarching thematic flaw in most of Wasserman's recent claims: Wasserman is only speculating about ***what might have occurred and what evidence might have existed*** had the FBI

investigated and declined the investigation. Here, however, there is no evidence that the FBI ever opened an investigation into Wasserman's charged conduct. Wasserman is simply unable to make a colorable claim in support of his objections (and other like filings). Wasserman's Objections therefore should be summarily rejected by this Court. Further, Wasserman's Motion to Supplement is without merit and should also be denied.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: */s/Jay G. Trezevant*
Jay G. Trezevant
Assistant United States Attorney
Florida Bar No. 0802093
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: jay.trezevant@usdoj.gov

**U.S. v. PHILLIP ROY WASSERMAN Case No. 8:20-cr-207-CEH-NHA**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2026, a true and correct copy of the foregoing document and the notice of electronic filing were sent by United States Mail to the following non-CM/ECF participant(s):

Phillip Roy Wasserman
BOP Reg. No. 73653-018
FCI Coleman – Low
P.O. Box 1031
Coleman, FL 33521

By: *<u>/s/Jay G. Trezevant</u>*
Jay G. Trezevant
Assistant United States Attorney