UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 8:20-cr-207-CEH-NHA

PHILLIP ROY WASSERMAN

**UNITED STATES' CONSOLIDATED RESPONSE OPPOSING WASSERMAN'S MOTION FOR NEW TRIAL AND RELATED MOTIONS**

The United States of America respectfully submits this consolidated response in opposition to *Defendant's Second Rule 33 Motion for a New Trial Based on Newly Discovered Cumulative Brady Violations* ("Wasserman's Third Motion for New Trial"),[1] Doc. 1211, and related motions, Docs. 1218, 1219, 1221, 1223, 1224, 1225, and 1243. For the reasons explained below, Wasserman's Third Motion for New Trial and the listed related motions should all be denied.

## I. Introduction

Defendant Wasserman was charged by Superseding Indictment: in Count One, with conspiracy to commit mail fraud and wire fraud, in violation of 18 U.S.C. § 1349; in Counts Two through Six, with wire fraud, in violation of 18 U.S.C § 1343; in Counts Seven, Eight, and Ten, with mail fraud, in violation of 18 U.S.C. § 1341;

[1] Wasserman, in his filings, often incorrectly refers to his Second Motion for New Trial as his first motion for new trial and his Third Motion for New Trial as his second such motion, ignoring that he filed his initial motion for new trial in August 2023. *See* Docs. 892, 967 (amending 892). Here, for clarity, the United States is referring to Wasserman's most recent motion for new trial, Doc. 1211, as "Wasserman's Third Motion for New Trial."

in Count Eleven, with evasion of payment of income taxes, in violation of 26 U.S.C. § 7201; in Counts Twelve through Fourteen, with fraud and false statements, in violation of 26 U.S.C. § 7206(1); and in Counts Fifteen through Eighteen, with fraud and false statements, in violation of 26 U.S.C. § 7206(1). The Superseding Indictment also contained related forfeiture allegations. Doc. 69.

On May 15, 2023, the jury returned guilty verdicts against Wasserman on Counts One through Eight and Ten.[2] Doc. 806. In October 2023, following trial, Wasserman pleaded guilty to Count Eleven of the Superseding Indictment. Doc. 1008.

Wasserman filed his first motion to dismiss and for new trial in August 2023, pursuant to Fed. R. Crim. P. 33, alleging, in pertinent part, that he learned after trial his codefendant, Kenneth Rossman, who testified against Wasserman, was suffering from a mental health disorder and taking medication, which impaired Rossman's memory and ability to testify truthfully at trial ("Wasserman's First Motion for New Trial"). *See* Docs. 892, 967 (amending 892). This Court denied that motion. Doc. 1066.

Wasserman was sentenced in February 2024 to a term of 180 months' imprisonment, followed by three years of supervised release, and ordered to pay restitution of $6,896,586.47 ($5,993,523.25 to FastLife investors and $903,063.22 to the U.S. Department of the Treasury, IRS). Docs. 1086, 1098, 1166. Counts Twelve

[2] In March 2022, this Court severed the tax counts charged against Wasserman (Counts Eleven through Eighteen). Doc. 345.

through Eighteen of the Superseding Indictment were dismissed upon motion of the United States at Wasserman's sentencing hearing. *Id*.

Wasserman filed a Notice of Appeal on February 2, 2024, regarding the denial by this Court of Wasserman's First Motion for New Trial, Docs. 892 and 967, his judgment and sentence, Doc. 1098, and the denial of all other orders in this case. Doc. 1100. That appeal remains pending. *Wasserman v. United States*, 24-10389.

In September 2025, during the pendency of his appeal, Wasserman filed another Rule 33 motion for new trial ("Wasserman's Second Motion for New Trial"). Doc. 1175. Therein, Wasserman claimed that he was entitled to a new trial because, according to him, the government did not disclose the FBI's decision not to join the ongoing Florida Office of Financial Regulation ("OFR") investigation of Wasserman, which culminated in his indictment. Doc. 1175 at 14. Per Wasserman, the information regarding the FBI's non-participation somehow would have cast doubt on the credibility of the agents who testified at trial, and the government's failure to disclose that information amounted to *Brady*, *Giglio*, and *Napue* violations. *Id*. at 3 and 14-19.

This Court rejected both arguments and denied Wasserman's Second Motion for New Trial. Doc. 1212. In sum, this Court found that Wasserman "pointed to no specific items of evidence that were not disclosed, and [a] review of the record reveals no basis for his conclusory allegations [that the government failed to disclose exculpatory evidence]." *Id*. at 3. This Court also found that Wasserman failed to demonstrate a *Giglio* violation, in that he identified no false testimony nor a

reasonable likelihood that disclosure of the FBI's decision not to join the ongoing investigation "would have affected the judgment of the jury." *Id*. at 4-5. Wasserman then filed a second Notice of Appeal in April 2026, Doc. 1215, this time concerning the Court's denial of his Second Motion for New Trial, Doc. 1175, and other related motions (Docs. 1173, 1174, 1182, 1184, 1185 (denied in part and dismissed in part), 1192 (dismissed), and 1197). That appeal also remains pending. *See Wasserman v. United States*, 26-11186.

Wasserman has since filed a Third Motion for New Trial, Doc. 1211, and the following related motions (collectively, "Related Motions"):

*a.* *Motion for Liberal Construction/Pro Se (Doc. 1218)*;

*b.* *Motion for Permission to Supplement Defendant's Second Rule 33 Motion Based on Cumulative Brady (Doc. 1219)*;

*c.* *Motion to Require Government to Turn Over All Information Regarding the FBI Investigation into Defendant and Fastlife and Motion for an Evidentiary Hearing (Doc. 1221)*;

*d.* *Motion to be Allowed to Supplement Defendant's Second Rule 33 Motion Based on Newly Discovered Suppressed Exculpatory Brady Material and False and Misleading NapueTestimony of Former OFR Agent Howland and Former IRS Agent Batsch (Doc. 1223)*;

*e.* *Motion for Information About Stephen Howland's Departure from the United States Attorney's Office (Doc. 1224)*;

*f.* *Motion for Contempt, and Motion for Immediate Bond, and Motion for Permission to Supplement Defendant's Second Rule 33 Motion with Additional Argument (Doc. 1225)*; and

*g.* *Motion for Permission to Supplement and or Amend Defendant's Pending Rule 33 Motion (Doc. 1243).*

## II. Applicable Legal Standards

A. Proceedings During Pendency of Appeal

In general, the filing of a notice of appeal in a case confers jurisdiction on the court of appeals and deprives the district court of jurisdiction over all aspects of the case involved in that appeal. *United States v. Diveroli*, 729 F.3d 1339, 1341 (11th Cir. 2013). Thus, once a notice of appeal has been filed, the district court is divested of jurisdiction to take any action regarding the matters appealed other than in aid of the appeal. *Id*. This rule against dual jurisdiction serves two important interests: judicial economy and fairness to parties who could otherwise be forced to simultaneously litigate the same issue before the district court and the appellate court, inevitably creating disorder and frustrating both courts. *Id*. at 1342-43.[3] Notwithstanding, the district court retains jurisdiction to consider matters collateral to those on appeal. *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003).

B. Motion for New Trial; Fed. R. Crim. P. 33

Fed. R. Crim. P. 33(a) permits a district court to vacate a judgement and grant a new trial when "the interest of justice so requires." Rule 33(b), in pertinent part, allows a motion for a new trial based upon newly discovered evidence to be filed within three years after a verdict or finding of guilt.

[3] Under Fed.R.Crim.P. 37, when the district court cannot grant a motion for relief because the court lacks authority due to a pending appeal, the district court may defer considering the motion, deny the motion, or state that the court would grant the motion if the court of appeals remanded for that purpose or that the motion raises a substantial issue.

In the Eleventh Circuit, "[t]o establish a *Brady* violation, [Wasserman] must show that (1) the government possessed favorable evidence to [him]; (2) [he did] not possess the evidence and could not [have obtained] the evidence with any reasonable diligence; (3) the prosecution suppressed the favorable evidence; and (4) had the evidence been disclosed to [Wasserman], there is a reasonable probability that the outcome would have been different." *See United States v. Vallejo*, 297 F.3d 1154, 1163-1164 (11th Cir. 2002); *and see United States v. Williams*, 779 Fed.App'x 601, 603 (11th Cir. 2019). Further, to prevail on a motion for new trial based on newly discovered evidence, a defendant, like Wasserman, must establish: "(1) the evidence was discovered after trial; (2) the failure of [Wasserman] to discover the evidence was not due to a lack of due diligence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material to issues before the court; and (5) the evidence is such that a new trial would probably produce a different result." *United States v. Jernigan*, 341 F.3d 1273, 1287 (11th Cir. 2003). A district court's denial of a motion for new trial—whether based on newly discovered evidence or a *Brady* violation—is reviewed for abuse of discretion. *Vallejo*, 297 F.3d at 1163; *Williams*, 779 Fed.App'x at 603.

Notably here, Rule 33 does not permit a defendant to take multiple bites of the apple to relitigate the merits of issues already rejected by the Court. *United States v. Campa*, 459 F.3d 1121, 1154 (11th Cir. 2006). Unsubstantiated and conclusory allegations that a law enforcement agency might have some exculpatory evidence that might have made a difference in the outcome of a trial are insufficient to show a

defendant is entitled to a new trial. *Williams*, 779 Fed.App'x at 603. Thus, where, as here, a defendant such as Wasserman makes no showing of "significant, different, particularized, newly discovered facts," or presents no new argument or reason to believe that the interests of justice would be served by revisiting an earlier ruling in a Rule 33 motion, this Court may rely on its prior rulings. *See, e.g.*, *United States v. Brown*, 417 F. Supp. 340, 343 (E.D. Pa. 1976). "Motions for a new trial based on newly discovered evidence are highly disfavored in the Eleventh Circuit and should be granted only with great caution." *Campa*, 459 F.3d at 1151.

C. A District Court Need Not Permit Discovery to Support a Motion for New Trial that Lacks Merit.

A trial judge has discretion to deny discovery and an evidentiary hearing on a motion for new trial. *United States v. Thompson*, 335 Fed.App'x 876, 882 (11th Cir. 2009). After all, the insight gained by a trial judge over the course of the proceedings makes that judge well qualified to rule on a motion for new trial based on claimed new evidence without an evidentiary hearing. *United States v. Schlei*, 122 F.3d 944, 994 (11th Cir. 1997). Moreover, the Eleventh Circuit has held that when, as is the case here, a Rule 33(b) motion lacks merit, a district court need not permit discovery, conduct an evidentiary hearing, or even allow oral argument regarding the motion. *See, e.g., United States v. Stahlman*, 934 F.3d 1199, 1230 (11th Cir. 2019). A defendant's argument that discovery may reveal a ground to challenge his convictions is insufficient to justify discovery. Such a fishing expedition based upon a

defendant's mere hopes of finding exculpatory evidence should not be allowed. *See, e.g.*, *United States v. Velarde*, 485 F.3d 553, 561 (10th Cir. 2007).

## III. Wasserman's Third Motion for New Trial

In Wasserman's Third Motion for New Trial, Doc. 1211, Wasserman parrots and rehashes his earlier rejected arguments that the United States failed to disclose and provide documentation concerning that: (1) Rossman "suffered from severe mental illness, was on powerful anti-psychotic medications, and was under psychiatric care while testifying at … trial," *Id*. at 2 (cleaned up); and (2) the FBI had declined to join the ongoing OFR investigation of Wasserman when presented with an opportunity to do so. *Id*. Wasserman also argues that the cumulative impact of the two claimed nondisclosures somehow supports his motion. *Id*. Wasserman is wrong on all counts.

## IV. Wasserman's Third Motion for New Trial—Doc. 1211—Should be Denied: Wasserman's Appeals Have Divested This Court of Jurisdiction to Consider the Matters Raised and the Motion Represents Wasserman's Third Baseless Bite of the Rule 33 Apple.

Wasserman's Third Motion for New Trial should be denied for at least two reasons.

First, as to Wasserman's initial claim regarding the issue of coconspirator Rossman's mental health, this Court has already considered this issue in Wasserman's First Motion for New Trial, discussed above, and determined that the disclosure of the information "would not [have created] a reasonable possibility of a different outcome at trial." Doc. 1066 at 32. This Court denied that motion. In

February 2024, Wasserman filed a notice of appeal as to that ruling, his judgment and sentence, and all other orders in this case. Doc. 1100. That appeal remains pending before the Eleventh Circuit. *See Wasserman v. United States*, 24-10389.

Likewise, Wasserman's second claim—repeating the argument raised by him in his Second Motion for New Trial, Doc. 1175, discussed above—that he is entitled to a new trial pursuant to Rule 33 because he was not provided with information about the FBI having an opportunity to join the ongoing investigation against him and declining to do so—was also already considered by this Court and denied. *See* Doc. 1212 at 2-5. And again, Wasserman filed a notice of appeal as to that Rule 33 determination, as well as to all motions denied by this Court in the same order, namely Docs. 1173, 1182, 1184, 1185 (denied in part, dismissed in part), 1192 (dismissed). *See* Doc. 1215. That appeal also remains pending. *See Wasserman v. United States*, 26-11186.

Wasserman's add-on baseless third claim that the government's "cumulative *Brady* violations" somehow support his motion for new trial is also off base because zero plus zero equals zero—meaning that Wasserman's *Brady* claims are without merit and when considered cumulatively they still amount to nothing—and because his third claim re-raises *Brady* issues that this Court has already considered and denied and that are presently pending appeal before the Eleventh Circuit. Consequently, this Court is without jurisdiction to consider the issues raised by Wasserman in his Third Motion for New Trial. *See Diveroli*, 729 F.3d at 1341-1343. This Court therefore should deny his motion, Doc. 1211.

Second, even assuming *arguendo* that Wasserman had not initiated the pending appeals (which is not the case), which concern issues overlapping those raised in his instant Third Motion for New Trial, Rule 33 does not permit a defendant to take multiple bites of the apple to relitigate issues already rejected by the Court. *Campa*, 459 F.3d at 1154. Motions for new trial are highly disfavored in the Eleventh Circuit and should be granted only with great caution. *Id*. at 1151. As set forth above, Wasserman's claims concerning Rossman and the FBI's non-participation in the investigation leading to his indictment have previously been raised by him in separate motions for new trial and denied by this Court, Docs. 1066 and 1212, and Wasserman offers no reason for this Court to reconsider its earlier denials, particularly while those claims are pending before the Eleventh Circuit. Wasserman's Third Motion for New Trial should be denied.

## V. Wasserman's Four Motions to Supplement His *Third Motion for New Trial*—Docs. 1219, 1223, 1225, and 1243—Should Also All be Denied: The Four Motions Include Matters Raised by Wasserman in His Pending Appeals, Which Divested This Court of Jurisdiction to Consider Them, and the Motions Seek to Supplement Wasserman's Baseless Third Motion for New Trial, Which Should be Denied.

### A. Introduction

Four of Wasserman's pending motions—Docs. 1219, 1223, 1225, and 1243—are styled, at least in part, as motions to supplement his Third Motion for New Trial (collectively, the "Motions to Supplement"). Those four Motions to Supplement largely concern Wasserman's obsessive (mis)focus on the FBI's non-participation in OFR Investigator Howland's and (later) IRS-CI Batsch's investigation of

Wasserman's criminal conduct, recycling Wasserman's nonsensical proposition that the FBI's non-participation in his investigation somehow amounts to positive favorable material evidence. An agency's decision not to join an ongoing investigation does not amount to an informed (or even uninformed) judgement by that agency on the merits of the investigation or any resulting charges. The FBI, like every investigative agency, has varying priorities, limited resources, prior caseloads, and ever-arising intakes and concerns.

Grasping for support, however, Wasserman now also points to one page in one brief—Doc. 38 at 4, .pdf page 19—filed by attorneys working in the U.S. Department of Justice, Civil Division, Tax Litigation Branch on behalf of the United States in defending a suit brought by Wasserman for allegedly unauthorized disclosures under I.R.C. § 7431 (said page is referred to below as the "Tax Branch brief page"). *See Wasserman v. United States of America et al.*, Case No. 25-13515-JJ, Doc. 38 at 2-5, attached for this Court's convenience. That Tax Branch brief page is contained within the Statement of the Case section of the brief wherein the government explains that OFR Investigator Howland discussed his then-ongoing investigation of Wasserman with IRS-CI Special Agent Batsch who joined the investigation as lead in his capacity as an IRS-CI Special Agent and member of the FBI's Joint Financial Crimes Task Force. Not surprisingly, there is no reference in that brief (or anywhere else) asserting that the FBI itself ever opened any investigation into the conduct charged against Wasserman in this case and offers no support for Wasserman's baseless arguments. *Id*.

B. The Motions to Supplement

Docs. 1219, 1223, 1225,[4] and 1243 are primarily motions to supplement Wasserman's Third Motion for New Trial, discussed above. Said motions, while presented in slightly different packaging, rehash Wasserman's earlier related (and rejected) arguments—including his *Brady, Napue*, and *Giglio* claims—regarding the FBI's non-participation in OFR Investigator Howland's and IRS-CI SA Batsch's investigation.

**Docs. 1223 and 1225**. Both Docs. 1223 and 1225 point to the above-referenced Tax Branch brief as "evidence" supporting Wasserman's recycled arguments, though that brief says nothing about the FBI ever opening an investigation into Wasserman's conduct at issue. Moreover, both Motions to Supplement raise *Brady* and *Napue* claims, among other claims, which Wasserman previously raised in his Second Motion for New Trial, *See, e.g.*, Doc. 1175 at 3 and 14-20, which motion was denied by this Court. Doc. 1212 at 2-5. Wasserman has since appealed that denial, Doc. 1215, and this Court therefore is divested of jurisdiction as to those matters. *Diveroli*, 729 F.3d at 1341-1343. Consequently, Doc. 1223 should be denied in its entirety and Doc. 1225 should be denied, at least in part, as to those issues now pending appeal.

[4] Doc. 1225 is titled *Motion for Contempt, and Motion for Immediate Bond, and Motion for Permission to Supplement Defendant's Second Rule 33 Motion with Additional Argument.* Therein, Wasserman also summarily insists this Court should immediately release him on bond, though he offers no authority to support that position other than Rule 33 and other related issues, such as alleged *Brady* and *Giglio* violations, which he has appealed.

**Doc 1225**. Leveraging Wasserman's unwarranted argument concerning the Tax Branch brief page, Wasserman's motion also includes a motion for contempt and a motion for bond. The motion for contempt aspect of Doc. 1225 requests that this Court hold the government's trial team in criminal contempt in conjunction with considering Wasserman's Third Motion for New Trial. As demonstrated above, the information contained in the Tax Branch brief page is not evidence of any wrongdoing by any government person involved in Wasserman's criminal prosecution and adds nothing of substance to Wasserman's motion for new trial.[5] The motion for bond aspect of Doc. 1225 is similar in substance to Wasserman's earlier motion for bond, Doc. 1173, which was tied to Wasserman's Second Motion for New Trial, Doc. 1175. That earlier motion, Doc. 1173, was denied by this Court in its consolidated Order, which also denied Wasserman's Second Motion for New Trial. Doc. 1212 at 6-7. In doing so, this Court explained that, while it retained jurisdiction to consider matters collateral to Wasserman's Second Motion for New Trial (e.g., a motion for bond), the motion relied on the merits of Wasserman's underlying Second Motion for New Trial, which was due to be denied. The Court

---

[5] Notably, the contempt allegation raised by Wasserman in Doc. 1225 also raises some of the same arguments made by Wasserman in Doc. 1185, wherein he motioned the Court to hold the government trial team in contempt because, per Wasserman, Howland admitted to not disclosing information—apparently concerning the FBI's non-participation in the ongoing investigation—and Rossman's history of mental health issues was not properly disclosed by the government. This Court denied that motion, *see* Doc. 1212 at 8, explaining that one of the *Brady* violations that Wasserman raises in Doc. 1185 (just as he does here in Doc. 1225) is also raised in Wasserman's appeal and that the Court does not have jurisdiction to rule on that allegation. The Court also noted that because, as is the case here, Wasserman's motion for new trial was due to be denied, his motion for contempt was also due to be denied. Doc. 1212.

then denied Wasserman's motion for bond. *Id*. The same reasoning should apply here, and this Court should deny all of the additional requests made by Wasserman in Doc. 1225. Wasserman's April 2026 Notice of Appeal, Doc. 1215, specified that Wasserman was appealing not only this Court's denial of his Second Motion for New Trial, but the denial by this Court in Doc. 1212 of other related Wasserman motions, namely here Docs. 1173 (bond) and 1185 (contempt). Thus, to the extent Wasserman's appeals have not divested this Court of jurisdiction to address Wasserman's additional requests in Doc. 1225, said request(s) should be denied.

**Doc. 1243**. Doc. 1243, also styled as a motion to supplement Wasserman's Third Motion for New Trial, couches its argument in the context of an alleged government "violation of Federal Rule of Criminal Procedure 16," but simply refashions Wasserman's groundless arguments concerning the FBI's non-participation in OFR Investigator Howland's and IRS-CI SA Batsch's investigation, and claims that some unspecified material about the FBI's non-participation in the investigation wasn't properly "disclosed to [Wasserman.]" *Id*. Regardless of the form presented, the matters raised by Wasserman in Doc. 1243 (and in Docs. 1223 and 1225, explained above) have previously been considered and rejected by this Court, *see* Doc. 1212 at 2-5, and are now pending before the Eleventh Circuit, which divests this Court of jurisdiction over those matters. *Diveroli*, 729 F.3d at 1341-1343; *see* Doc. 1215 (*Notice of Appeal* of this Court's denial of Wasserman's Second Motion for New Trial, Doc. 1212).

**Doc. 1219**. Doc. 1219 is yet another motion requesting permission to supplement Wasserman's Third Motion for New Trial with excerpts from OFR Investigator Howland's statement in another proceeding to, per Wasserman, "prove the [purported] suppressed undisclosed FBI involvement in defendant's case[,]" and demonstrate a *Brady* violation. Wasserman, however, ***previously included*** in the body of his (denied) Second Motion for New Trial that same information for the same purpose. S*ee* Doc. 1175 at 14-19. As explained above, Wasserman has repeatedly raised that matter, and he has an appeal pending before the Eleventh Circuit that includes the matter, rendering this Court without jurisdiction to consider it. *Diveroli*, 729 F.3d at 1341-1343. It is further worth noting that Wasserman also refers to Howland's same statement and information in the present batch of motions, *see, e.g.*, Doc. 1225, and insists that the Court has before it "evidence of undisclosed investigative facts and favorable law-enforcement information that … [give an] incomplete and false account of how the case was investigated[,]" raising a "*Brady*, *Giglio*, *Napue*, and *Kyles* problem." In other words, Wasserman is continuously rehashing and repackaging his arguments—most of which are matters raised by him in his appeals—in the hope of gaining different results. Regardless of Wasserman's packaging, his ongoing appeals already encompass these matters, and this Court is divested of jurisdiction regarding the matters. *See Diveroli*, 729 F.3d at 1341-1343. This Court therefore should deny Wasserman's four Motions to Supplement, Docs. 1219, 1223, 1225, and 1243.

In any event, even if this Court were to determine that the matters raised in the Motions to Supplement were not pending before the Eleventh Circuit, all four related motions should be denied. Wasserman is attempting in these motions to supplement his Third Motion for New Trial, which, as explained above, should be denied for multiple reasons, including because that motion for new trial is nothing more than a baseless attempt by Wasserman to take a second (or third) bite of the Rule 33 apple, which should not be permitted. *See Campa*, 459 F.3d at 1154. This Court has previously considered Wasserman's First Motion for New Trial, Docs. 892 and 967 (amending 892), and his Second Motion for New Trial, Doc. 1175, and has denied both. *See* Docs. 1066 and 1212. This Court therefore should, in addition to denying Wasserman's Third Motion for New Trial, also deny Wasserman's four related Motions to Supplement—Docs. 1219, 1223, 1225 and 1243—that motion for new trial.

## VI. Wasserman's Discovery Motions for Production of Additional Information—Docs. 1221 and 1224—Should Also be Denied: The Motions are Nothing More than Requests to Launch Unauthorized Fishing Expeditions.

Wasserman's pending motions include two motions seeking discovery, Docs. 1221 and 1224. Both discovery motions should be denied.

**Doc. 1221**. Wasserman's discovery motion, Doc. 1221, repackages aspects of an earlier Wasserman motion, Doc. 1182, and, without citing any relevant authority in support, requests that this Court permit Wasserman to launch a "fishing expedition" by requiring the government to produce to Wasserman all information

concerning FBI Special Agents Stone and Volp, pertaining to Wasserman and Fastlife. Indeed, Wasserman's earlier overlapping related motion—Doc. 1182—was more broad than the instant motion, in that the earlier motion requested this Court to order the government, OFR, OFR Investigator Howland, IRS-CI SA Batsch, the IRS, the FBI, and FBI SA Volp and retired FBI SA Stone to produce

> any and all documents containing any reference to Phillip Roy Wasserman, Fastlife, Kenneth Rossman and any and all witnesses and parties referencing the FBI, Volp and Stone's knowledge, interest and participation or lack of including, but not limited to: witness interviews, memorandums, emails, inter-office communications, and anything written or oral relating to the above.

*Id*. at 1. This Court, in its consolidated Order denying Wasserman's Second Motion for New Trial, also denied Wasserman's discovery motion, Doc. 1182, and Wasserman appealed that denial. *See* Docs. 1212 at 7, and 1215. Thus, the matters raised in Doc. 1221 are now pending before the Eleventh Circuit. This Court therefore is divested of jurisdiction to consider the motion, and it should be denied. *Diveroli*, 729 F.3d at 1341-1343.

**Doc. 1224**. Incredibly, Wasserman, without any foundation to do so, has also filed a discovery motion, Doc. 1224, seeking information concerning Stephen Howland's departure from the United States Attorney's Office, claiming that Wasserman has "reason to believe" that Howland was fired as a result of his involvement in Wasserman's case. Said motion is nothing but another desired "fishing expedition." The Eleventh Circuit has explained that when, as is the case here, a Rule 33 motion lacks merit, a district court need not permit discovery,

conduct an evidentiary hearing, or even allow oral argument regarding the motion. *See, e.g.*, *Stahlman*, 934 F.3d at 1230. A defendant's argument that discovery ***may reveal a ground*** to challenge his convictions—i.e., a motion based only upon a "reason to believe"—is insufficient to justify discovery. Such a fishing expedition based upon a defendant's mere hopes of finding exculpatory evidence should not be allowed. *See, e.g.*, *Velarde*, 485 F.3d at 561.

Consequently, Doc. 1221 should be denied because this Court has been divested of jurisdiction to address the motion, and both discovery motions—Docs. 1221 and 1224—should be denied as nothing more than improper fishing expeditions made to support Wasserman's Third Motion for New Trial, which is also due to be denied.

## VII. Wasserman's Motion for Liberal Construction/Pro Se, Doc. 1218, Should be Denied Because Wasserman is a Trained Lawyer Who Was Previously Eligible to Practice Law in Florida.

Wasserman has also moved this Court to "construe his filings to a liberal construction[,]" asserting that his filings are entitled to such treatment because he is a *pro se* litigant. Doc. 1218. In general, *pro se* motions may be reviewed with lenity, and courts construe such pleadings generously. *See Sconiers v. Lockhart*, 946 F.3d 1256, 1262 (11th Cir. 2020). However, although a court may liberally construe *pro se* section 2255 motions, it still requires that a *pro se* movant "present a claim in clear and simple language such that the district court may not misunderstand it." *Dupree v. Warden*, 715 F.3d 1295, 1299 (11th Cir. 2013); *see also Walker v. Dugger*, 860 F.2d

1010, 1011 (11th Cir. 1988) (claims raised only superficially will not be treated as properly raised under section 2255); *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("Although we liberally construe *pro se* filings, we do not assume the role of advocate."). Notwithstanding, Wasserman is a trained lawyer who was previously eligible to practice law in Florida. *See* https://www.floridabar.org/directories/find-mbr/profile/?num=486388. As such, the reasons underlying the proposition that a *pro se* defendant's filings should be liberally construed by the court is not applicable to Wasserman. In any event, the United States recognizes that this Court has the authority to construe Wasserman's filings as the Court deems appropriate and certainly does not object to this Court doing so.

## VIII. Conclusion

Wherefore, for all of the reasons explained above, Wasserman's Third Motion for New Trial, Doc. 1211, and his above-addressed related motions—Docs. 1218, 1219, 1221, 1223, 1224, 1225, and 1243—should all be denied.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: */s/Jay G. Trezevant*
Jay G. Trezevant
Assistant United States Attorney
Florida Bar No. 0802093
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: jay.trezevant@usdoj.gov

**U.S. v. PHILLIP ROY WASSERMAN Case No. 8:20-cr-207-CEH-NHA**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2026, a true and correct copy of the foregoing document and the notice of electronic filing were sent by United States Mail to the following non-CM/ECF participant(s):

Phillip Roy Wasserman
BOP Reg. No. 73653-018
FCI Coleman – Low
P.O. Box 1031
Coleman, FL 33521

By: */s/Jay G. Trezevant*
Jay G. Trezevant
Assistant United States Attorney