UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 8:20-cr-207-CEH-NHA

PHILLIP ROY WASSERMAN

**UNITED STATES' CONSOLIDATED RESPONSE OPPOSING WASSERMAN'S MOTIONS, DOCS. 1214 AND 1217, CHALLENGING HIS SENTENCE, OR IN THE ALTERNATIVE, A REQUEST FOR THE COURT TO CONSIDER ISSUING A *CASTRO* WARNING**

The United States of America respectfully submits this response in opposition to Wasserman's *Motion to Supplement Defendant's Both Rule 33 Motions for New Trial Based on Newly Discovered Evidence Regarding Sentencing Disparity*, Doc. 1214, and his *Motion to Allow Supplement of Sentencing Disparity to Defendant's Second Rule 33 Motion and for Evidentiary Hearing*, Doc. 1217 (collectively, "Wasserman's Motions Challenging His Sentence"). As explained below, Wasserman's Motions Challenging His Sentence should be denied because, among other reasons, the motions wrongly attempt to leverage Fed.R.Crim.P. 33, governing motions for new trial, to challenge his sentence by re-raising matters previously considered (and denied) by this Court and pending before the Eleventh Circuit.

Should this Court be inclined to recharacterize one or both of Wasserman's Motions Challenging His Sentence to a motion(s) to vacate his sentence under 28 U.S.C. § 2255, the United States alternatively requests, in accordance with *Castro v. United States*, 540 U.S. 375, 383 (2003), that this Court consider giving a *Castro*

warning to Wasserman about the consequences of recharacterizing his motion(s) attacking his sentence under 28 U.S.C. § 2255, allow Wasserman an opportunity to withdraw the motion(s) or pursue his attacks under § 2255, and relatedly permit the United States a reasonable amount of time to respond to Wasserman's motion should Wasserman elect to proceed under § 2255.

## I. Introduction

Defendant Wasserman was charged by Superseding Indictment: in Count One, with conspiracy to commit mail fraud and wire fraud, in violation of 18 U.S.C. § 1349; in Counts Two through Six, with wire fraud, in violation of 18 U.S.C § 1343; in Counts Seven, Eight, and Ten, with mail fraud, in violation of 18 U.S.C. § 1341; in Count Eleven, with evasion of payment of income taxes, in violation of 26 U.S.C. § 7201; in Counts Twelve through Fourteen, with fraud and false statements, in violation of 26 U.S.C. § 7206(1); and in Counts Fifteen through Eighteen, with fraud and false statements, in violation of 26 U.S.C. § 7206(1). The Superseding Indictment also contained related forfeiture allegations. Doc. 69.

On May 15, 2023, the jury returned guilty verdicts against Wasserman on Counts One through Eight and Ten.[1] Doc. 806. In October 2023, following trial, Wasserman pleaded guilty to Count Eleven of the Superseding Indictment. Doc. 1008.

[1] In March 2022, this Court severed the tax counts charged against Wasserman (Counts Eleven through Eighteen). Doc. 345.

Wasserman filed his first motion to dismiss and for new trial in August 2023, pursuant to Fed. R. Crim. P. 33, alleging, in pertinent part, that he learned after trial his codefendant, Kenneth Rossman, who testified against Wasserman, was suffering from a mental health disorder and taking medication, which impaired Rossman's memory and ability to testify truthfully at trial ("Wasserman's First Motion for New Trial"). *See* Docs. 892, 967 (amending 892). This Court denied that motion. Doc. 1066.

Wasserman was sentenced in February 2024 to a term of 180 months' imprisonment, followed by three years of supervised release, and ordered to pay restitution of $6,896,586.47 ($5,993,523.25 to FastLife investors and $903,063.22 to the U.S. Department of the Treasury, IRS). Docs. 1086, 1098, 1166. Counts Twelve through Eighteen of the Superseding Indictment were dismissed upon motion of the United States at Wasserman's sentencing hearing. *Id*.

Wasserman filed a Notice of Appeal on February 2, 2024, regarding the denial by this Court of Wasserman's First Motion for New Trial, Docs. 892 and 967, his judgment and sentence, Doc. 1098, and the denial of all other orders in this case. Doc. 1100. That appeal remains pending. *Wasserman v. United States*, 24-10389.

In September 2025, during the pendency of his appeal, Wasserman filed another Rule 33 motion for new trial ("Wasserman's Second Motion for New Trial"). Doc. 1175. Therein, Wasserman claimed that he was entitled to a new trial because, according to him, the government did not disclose the FBI's decision not to join the ongoing Florida Office of Financial Regulation ("OFR") investigation of

Wasserman, which culminated in his indictment. Doc. 1175 at 14. Thus, per Wasserman, the information regarding the FBI's non-participation somehow would have cast doubt on the credibility of the agents who testified at trial, and the government's failure to disclose that information amounted to *Brady*, *Giglio*, and *Napue* violations. *Id*. at 3 and 14-19.

This Court rejected both arguments and denied Wasserman's Second Motion for New Trial. Doc. 1212. In sum, this Court found that Wasserman "pointed to no specific items of evidence that were not disclosed, and [a] review of the record reveals no basis for his conclusory allegations [that the government failed to disclose exculpatory evidence]." *Id*. at 3. This Court also found that Wasserman failed to demonstrate a *Giglio* violation, in that he identified no false testimony nor a reasonable likelihood that disclosure of the FBI's decision not to join the ongoing investigation "would have affected the judgment of the jury." *Id*. at 4-5. Wasserman then filed a second Notice of Appeal in April 2026, Doc. 1215, this time concerning the Court's denial of his Second Motion for New Trial, Doc. 1175, and other related motions (Docs. 1173, 1174, 1182, 1184, 1185 (denied in part and dismissed in part), 1192 (dismissed), and 1197). That appeal also remains pending. *See Wasserman v. United States*, 26-11186.

Wasserman has since filed a Third Motion for New Trial, Doc. 1211, and the following Motions Challenging His Sentence:[2]

[2] Wasserman has filed additional motions related to his Third Motion for New Trial, which are addressed in other filings.

a. *Motion to Supplement Defendant's Both Rule 33 Motions for New Trial Based on Newly Discovered Evidence Regarding Sentencing Disparity (Doc. 1214);* and

b. *Motion to Allow Supplement of Sentencing Disparity to Defendant's Second Rule 33 Motion and for Evidentiary Hearing (Doc. 1217).*

## II. Applicable Legal Standards

### A. Proceedings During Pendency of Appeal

In general, the filing of a notice of appeal in a case confers jurisdiction on the court of appeals and deprives the district court of jurisdiction over all aspects of the case involved in that appeal. *United States v. Diveroli*, 729 F.3d 1339, 1341 (11th Cir. 2013). Thus, once a notice of appeal has been filed, the district court is divested of jurisdiction to take any action regarding the matters appealed other than in aid of the appeal. *Id*. This rule against dual jurisdiction serves two important interests: judicial economy and fairness to parties who could otherwise be forced to simultaneously litigate the same issue before the district court and the appellate court, inevitably creating disorder and frustrating both courts. *Id*. at 1342-43.[3] Notwithstanding, the district court retains jurisdiction to consider matters collateral to those on appeal. *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003).

### B. Motion for New Trial; Fed. R. Crim. P. 33

Fed. R. Crim. P. 33(a) permits a district court to vacate a judgement and grant

[3] Under Fed.R.Crim.P. 37, when the district court cannot grant a motion for relief because the court lacks authority due to a pending appeal, the district court may defer considering the motion, deny the motion, or state that the court would grant the motion if the court of appeals remanded for that purpose or that the motion raises a substantial issue.

a new trial when "the interest of justice so requires." Rule 33(b), in pertinent part, allows a motion for a new trial based upon newly discovered evidence to be filed within three years after a verdict or finding of guilt.

In the Eleventh Circuit, "[t]o establish a *Brady* violation, [Wasserman] must show that (1) the government possessed favorable evidence to [him]; (2) [he did] not possess the evidence and could not [have obtained] the evidence with any reasonable diligence; (3) the prosecution suppressed the favorable evidence; and (4) had the evidence been disclosed to [Wasserman], there is a reasonable probability that the outcome would have been different." *See United States v. Vallejo*, 297 F.3d 1154, 1163-1164 (11th Cir. 2002); *and see United States v. Williams*, 779 Fed.App'x 601, 603 (11th Cir. 2019). Further, to prevail on a motion for new trial based on newly discovered evidence, a defendant, like Wasserman, must establish: "(1) the evidence was discovered after trial; (2) the failure of [Wasserman] to discover the evidence was not due to a lack of due diligence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material to issues before the court; and (5) the evidence is such that a new trial would probably produce a different result." *United States v. Jernigan*, 341 F.3d 1273, 1287 (11th Cir. 2003). A district court's denial of a motion for new trial—whether based on newly discovered evidence or a *Brady* violation—is reviewed for abuse of discretion. *Vallejo*, 297 F.3d at 1163; *Williams*, 779 Fed.App'x at 603-604.

Notably here, Rule 33 does not permit a defendant to take multiple bites of the apple to relitigate the merits of issues already rejected by the Court. *United States v.*

*Campa*, 459 F.3d 1121, 1154 (11th Cir. 2006). Unsubstantiated and conclusory allegations that a law enforcement agency might have some exculpatory evidence that might have made a difference in the outcome of a trial are insufficient to show a defendant is entitled to a new trial. *Williams*, 779 Fed.App'x at 603. Thus, where, as here, a defendant such as Wasserman makes no showing of "significant, different, particularized, newly discovered facts," or presents no new argument or reason to believe that the interests of justice would be served by revisiting an earlier ruling in a Rule 33 motion, this Court may rely on its prior rulings. *See, e.g.*, *United States v. Brown*, 417 F. Supp. 340, 343 (E.D. Pa. 1976). "Motions for a new trial based on newly discovered evidence are highly disfavored in the Eleventh Circuit and should be granted only with great caution." *Campa*, 459 F.3d at 1151.

C. A District Court Need Not Permit Discovery to Support a Motion for New Trial that Lacks Merit.

A trial judge has discretion to deny discovery and an evidentiary hearing on a motion for new trial. *United States v. Thompson*, 335 Fed.App'x 876, 882 (11th Cir. 2009). After all, the insight gained by a trial judge over the course of the proceedings makes that judge well qualified to rule on a motion for new trial based on claimed new evidence without an evidentiary hearing. *United States v. Schlei*, 122 F.3d 944, 994 (11th Cir. 1997). Moreover, the Eleventh Circuit has held that when, as is the case here, a Rule 33(b) motion lacks merit, a district court need not permit discovery, conduct an evidentiary hearing, or even allow oral argument regarding the motion. *See, e.g., United States v. Stahlman*, 934 F.3d 1199, 1230 (11th Cir. 2019). A

defendant's argument that discovery may reveal a ground to challenge his convictions is insufficient to justify discovery. Such a fishing expedition based upon a defendant's mere hopes of finding exculpatory evidence should not be allowed. *See, e.g., United States v. Velarde*, 485 F.3d 553, 561 (10th Cir. 2007).

## III. Wasserman's Motions Challenging His Sentence Should be Denied.

In general, Wasserman's Motions Challenging His Sentence, Docs. 1214 and 1217, both wrongly leverage Rule 33 to challenge Wasserman's sentence by re-raising matters previously considered (and denied) by this Court and pending before the Eleventh Circuit.

**Doc. 1214**. In Doc. 1214, Wasserman challenges his sentence by improperly moving to "supplement" and leverage two of his Rule 33 motions for new trial—Docs. 1175 and 1211. Wasserman explicitly acknowledges in his motion challenging his sentence that he previously filed his Second Motion for New Trial and included the same claimed *Brady* violation—specifically that the government did not disclose the FBI's non-participation in the investigation leading to his indictment—and, he argues, that this Court wrongly sentenced him to 15 years' incarceration, creating a sentencing disparity between his sentence and those of other white-collar criminals. *Id*.

First, Wasserman's motion, Doc. 1214, in part, wrongly attempts to supplement his Second Motion for New Trial, Doc. 1175, which has already been denied by this Court. Doc. 1212. Wasserman's effort in that regard should be denied as moot. Second, because Wasserman's motion challenging his sentence includes

and rehashes a *Brady* claim raised by him in his Second Motion for New Trial, *see* Doc. 1175 at 14-19, which was previously considered and denied by this Court, *see* Doc. 1212 at 2-5, and is presently pending appeal before the Eleventh Circuit, Doc. 1215, this Court is without jurisdiction to consider that aspect of his motion and should deny it. *See Diveroli*, 729 F.3d at 1341-1343.

Third, Wasserman's motion should also be denied because, though Wasserman references Rule 33, his motion could be considered a disguised effort to attack his sentence, which is not authorized under Rule 33. If Wasserman is attempting to attack his sentence, that effort should be pursued under 28 U.S.C. § 2255. Regardless, should Wasserman file a § 2255 motion raising the same matters while they are pending appeal, this Court, having been divested of jurisdiction concerning those matters, should either deny that § 2255 motion without prejudice or set the motion aside until his appeals become final. For all of the above reasons, this Court should deny Doc. 1214.

**Doc. 1217**. Wasserman, in Doc. 1217, apparently works to amplify his earlier challenge to his claimed "sentencing disparity," Doc. 1214, by rephrasing his argument but still referencing the same claimed *Brady* violation—specifically that the government did not disclose the FBI's non-participation in the investigation leading to his indictment—and argues that this Court "for some unknown reason ignored" the import of his earlier argument when the Court denied his Second Motion for New Trial. Doc. 1217.

Because Wasserman's argument in Doc. 1217 raises matters previously considered and denied by this Court, *see* Doc. 1212 at 2-5, and the matters are presently pending appeal before the Eleventh Circuit, Doc. 1215, this Court is without jurisdiction to consider his motion and should deny it. *See Diveroli*, 729 F.3d at 1341-1343.

Further, to the extent Doc. 1217 pursues a challenge to Wasserman's sentence,[4] the motion should also be denied because, as explained above, Wasserman is improperly raising the issue via a Rule 33 motion for new trial, rather than pursuing such an attack on his sentencing under § 2255. Of course, should Wasserman file a § 2255 motion that raises the same matters while they are pending appeal, when this Court is divested of jurisdiction to address the matters, *see Diveroli*, 729 F.3d at 1341-1343, this Court should either deny that § 2255 motion without prejudice or set the motion aside until his appeals become final.

Finally, this Court should relatedly deny that aspect of Wasserman's motion, Doc. 1217, which requests an evidentiary hearing. This Court is steeped in the case filings and presided over a lengthy trial. As a result, this Court is well qualified to rule on Wasserman's motion without an evidentiary hearing. *See, e.g.*, *Schlei*, 122 F.3d at 994; *Stahlman*, 934 F.3d at 1230. Consequently, this Court should deny Wasserman's motion in all respects.

[4] The motion is somewhat unclear about the relief requested and the authority supporting that request.

## IV. Alternatively, Should Wasserman's Motion(s) be Construed as § 2255 Motion(s), the United States Suggests That This Court Provide Wasserman with the Notice and Warnings Contemplated in *Castro*, Consistent with Attachment A.

In accordance with *Castro*, the United States alternatively requests that, should this Court be inclined to recharacterize one or both of Wasserman's Motions Challenging His Sentence, Docs. 1214 and 1217, as a motion(s) to vacate his sentence under § 2255, this Court consider giving a *Castro* warning to Wasserman about the consequences of recharacterizing his motion(s) attacking his sentence under § 2255 and allowing him an opportunity to withdraw the motion(s) or pursue his attacks under § 2255. Further, should Wasserman elect to pursue an attack of his sentence under § 2255, the United States requests that it be permitted a reasonable time to respond to the recharacterized or any amended § 2255 motion. A copy of the United States' proposed notice and warning is attached as Attachment A.

As the post-conviction movant, Wasserman bears the burden of establishing a jurisdictional basis for the relief he seeks. *See, e.g., Williams v. Warden*, 713 F.3d 1332 (11th Cir. 2013). Wasserman, however, cites no authority supporting a motion to challenge his sentence, other than Rule 33, which is a rule governing a motion for new trial.

A federal prisoner who wants to collaterally attack the legality of his conviction or sentence must file a motion to vacate under 28 U.S.C. § 2255. *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) (en banc). Generally, a petitioner is permitted only one section 2255

proceeding. *See* 28 U.S.C. § 2255(h); *Gilbert v. United States*, 640 F.3d 1293, 1305–06 (11th Cir. 2011) (en banc). Wasserman has not yet filed a § 2255 motion.

In *Castro*, the Supreme Court held that should a district court recharacterize a *pro se* filing as a § 2255 motion, the district court must: (1) notify the litigant of the pending recharacterization; (2) warn the litigant that the recharacterization will subject any subsequent § 2255 motion to restrictions; and (3) provide the litigant an opportunity to withdraw the motion or amend it to include all available § 2255 claims. 540 U.S. at 383. If a district court fails to issue these warnings, it cannot later consider the recharacterized motion as a previously filed section 2255 motion for purposes of the second-or-successive rule. *Id*. The *Castro* rule is "categorical and mandatory, and therefore not subject to exception." *Figuereo-Sanchez v. United States*, 678 F.3d 1203, 1206 (11th Cir. 2012) (citing and quoting *Gooden v. United States*, 627 F.3d 846, 848–49 (11th Cir. 2010)). Moreover, warnings are required even if, ultimately, procedural defenses applicable in a section 2255 proceeding will preclude relief on the merits. *See Gooden*, 627 F.3d at 849. Consequently, if appropriate for the reasons explained above, the United States respectfully requests this Court warn Wasserman of the consequences of recharacterizing a motion attacking his sentence under 28 U.S.C. § 2255.

## V. Conclusion

For the reasons set forth above, Wasserman's Motions Challenging His Sentence, Docs. 1214 and 1217, should be denied. If for any reason this Court considers one or both of the motions to be attacks by Wasserman upon his sentence

under § 2255, the United States requests that this Court consider giving Wasserman a *Castro* warning and, relatedly, permitting the United States sufficient time to respond to any § 2255 challenge resulting therefrom.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: */s/Jay G. Trezevant*
Jay G. Trezevant
Assistant United States Attorney
Florida Bar No. 0802093
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: jay.trezevant@usdoj.gov

**U.S. v. PHILLIP ROY WASSERMAN** **Case No. 8:20-cr-207-CEH-NHA**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2026, a true and correct copy of the foregoing document and the notice of electronic filing were sent by United States Mail to the following non-CM/ECF participant(s):

Phillip Roy Wasserman
BOP Reg. No. 73653-018
FCI Coleman – Low
P.O. Box 1031
Coleman, FL 33521

By: *\/s/Jay G. Trezevant*
Jay G. Trezevant
Assistant United States Attorney