UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 8:20-cr-207-CEH-NHA

PHILLIP ROY WASSERMAN

**UNITED STATES' RESPONSE IN OPPOSITION TO WASSERMAN'S MOTIONS, DOCS. 1202 AND 1210, CONCERNING WASSERMAN'S REQUEST FOR INFORMATION ABOUT A PURPORTED CONFIDENTIAL INFORMANT**

The United States of America respectfully submits this response in opposition to Wasserman's *Motion to Reveal Confidential Informant*, Doc. 1202, and *Motion to Reveal Confidential Informant*, Doc. 1210 (collectively, "Wasserman's Motions to Reveal Confidential Informant"). Wasserman's Motions to Reveal Confidential Informant should be denied because the United States did not utilize a confidential informant in the investigation or prosecution of this case, as well as for the other reasons explained below.

Wasserman's Motions to Reveal Confidential Informant are filed post-conviction and cite to no Federal Rule of Criminal Procedure or other authority that would allow such a motion. Moreover, the motions are drafted without any informative detail that would allow the United States to determine how Wasserman has arrived at his erroneous conclusion that the United States used the services of a confidential informant and appear to be nothing more than hopeful speculation by Wasserman.

The United States sent its initial discovery letter to Wasserman in July 2020, attached for this Court's review. That letter, at paragraph 10, made clear that "[t]he government did not utilize a confidential informant in the investigation of this case." Had the United States used a confidential informant, it would have notified Wasserman at that time. Moreover, if, as Wasserman claims in his Motions to Reveal Confidential Informant, the government had revealed in pretrial litigation "it had a confidential informant"—*see* Docs. 1202 at 1, and 1210 at 1—Wasserman should have filed a timely motion at that pretrial point to secure the desired information. The United States, however, did not state that it used a confidential informant, pretrial or otherwise, because no confidential informant was used in this case.

The United States has attempted to determine the source of Wasserman's misconceptions in this regard. The United States believes that Wasserman may be referring to the United States use of the term "confidential source" (as opposed to "Confidential Informant") on one occasion in a response filed by the United States in opposition to Wasserman's motion to quash certain subpoenas. Doc. 238 at 12. There, however, the United States was not referring to a human source but to other source materials. In any event, as explained above, had Wasserman believed that reference to be to a human Confidential Information, Wasserman should have timely filed whatever motion he felt was appropriate at that point, pretrial. Wasserman did

not do so. Wasserman's Motions to Reveal Confidential Informant therefore should be denied.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: *_/s/Jay G. Trezevant______________*

Jay G. Trezevant
Assistant United States Attorney
Florida Bar No. 0802093
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: jay.trezevant@usdoj.gov

**U.S. v. PHILLIP ROY WASSERMAN Case No. 8:20-cr-207-CEH-NHA**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2026, a true and correct copy of the foregoing document and the notice of electronic filing were sent by United States Mail to the following non-CM/ECF participant(s):

Phillip Roy Wasserman
BOP Reg. No. 73653-018
FCI Coleman – Low
P.O. Box 1031
Coleman, FL 33521

By: *_/s/Jay G. Trezevant_*
Jay G. Trezevant
Assistant United States Attorney