# Attachment

2110 First Street, Suite 3-137
Fort Myers, Florida 33901
239/461-2200
239/461-2219 (Fax)

35 SE 1st Avenue, Suite 300
Ocala, Florida 34471
352/547-3600
352/547-3623 (Fax)

U.S. Department of Justice
*United States Attorney*
*Middle District of Florida*

Main Office
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
813/274-6000
813/274-6358 (Fax)

300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
904/301-6300
904/301-6310 (Fax)

400 West Washington Street, Suite 3100
Orlando, Florida 32801
407/648-7500
407/648-7643 (Fax)

**Reply to: Tampa, FL** **kdr**

July 20, 2020

*[via email]*

Christopher H. Brown, Esquire
Brown, Suarez, Rios & Weinberg, P.A.
1532 Jackson Street
Ft. Myers, Florida 33901

Re: *United States v. Phillip Roy Wasserman*
Case No. 8:20-cr-207-T-36JSS

Dear Mr. Brown:

Pursuant to Federal Rule of Criminal Procedure 16(a) and the Court's Pretrial Discovery Order and Notice of Trial and Status Conference, please be advised of the following:

1. The "1st Discovery Production" is ready to be copied on to a hard drive supplied by you. Today I received the one TB flash drive you mailed to the U.S. Attorney's Office. I just provided it to our automated litigation support ("ALS") team, so that they can get started immediately. The production will be accompanied by an index of the contents. Per your request, I will hold on to the flash drive until the Court rules on the motion to withdraw you reported that you will be filing today. Thereafter, I will send it to the lawyer who will be representing Mr. Wasserman going forward.

2. With respect to any oral, written or recorded statements of the defendant, please note that the production includes, among other items, a memorandum of Mr. Wasserman's proffer, copies of emails Mr. Wasserman sent to IRS/CI Special Agent Lauren Kocinski concerning the investigators, and memoranda of interviews of victim-investors who referred to various statements

made by Mr. Wasserman. The production also includes Mr. Wasserman's statements, and documents provided, to the Florida Office of Financial Regulation during its investigation.

The contents of Mr. Wasserman's email accounts, PWasserman@aol.com and Philw@fastlife.life, will be included in a subsequent production of discovery. Please note that a taint review of emails was performed by AUSA Carlton Gammons. Accordingly, I will facilitate production of the emails from those accounts which were not taint-reviewed. AUSA Gammons, the taint AUSA, will contact you directly concerning the emails from those accounts which were taint-reviewed.

3. Although I have been advised that Mr. Wasserman was charged with criminal contempt, it is my understanding that the charge did not result in a conviction. Accordingly, Mr. Wasserman does not have any criminal history of which the government is aware.

4. With respect to documents and tangible objects that are material to the preparation of the defense or were obtained from or belong to the defendant or are intended for use by the government in its case-in-chief, I refer you again to the production for, among other items, incorporation and other business records of relevant entities; bank, loan, credit card and other financial records; insurance and annuities-related records, promissory notes, and tax records; subscriber and phone toll records; various vendors' records and other records evidencing the expenditure of fraud proceeds. The expenditure records include, but are not limited to, records relating to the Palmer Ranch residence, the beach house, gambling, dating website, vehicles, jewelry, Tampa Bay Lightning and other event tickets, retail shopping, ATM withdrawals (including ATM video footage), and more.

5. The government does not have any results or reports of any physical or mental examination or of any scientific test or experiment to disclose in this case.

6. The government intends to introduce the expert testimony of an IRS Revenue Agent concerning certain tax calculations in this case. I will provide you with the required disclosures via separate correspondence.

7. The defendant was not identified in any lineup, show up, photo spread or similar identification proceeding during the investigation of this case. No such investigative tool was utilized during the investigation of this case.

8. The government does intend to introduce evidence obtained via search warrants. The search warrant applications, supporting affidavits, search warrants, and inventories will be produced separately.

9. The defendant was not the subject of electronic surveillance of any kind, including electronic surveillance as defined in 18 U.S.C. § 2510(11), or of a mail cover in the course of the investigation that gave rise to this case.

10. The government did not utilize a confidential informant in the investigation of this case.

11. Please be advised that the government may seek to introduce evidence pursuant to Fed. R. Evid. 404(b) with regard to, *inter alia*, any prior actions of the defendant. I will provide you with separate, written notice of the government's intentions in this regard.

12. There are no unindicted coconspirators of which the government is aware.

13. The government is aware of its continuing discovery obligations pursuant to Fed. R. Crim. P. 16(c) as well as the Court's Pretrial Discovery Order, and it will be supplementing this discovery as appropriate.

14. Pursuant to Fed. R. Crim. P. 16(b) and the Court's Pretrial Discovery Order, the United States requests reciprocal discovery, including, but not limited to, the following:

a. Books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence in chief at the trial. Fed. R. Crim. P. 16(b)(1)(A).

b. Any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of the defendant, which the defendant intends to introduce as evidence in chief at the trial or which were prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to that witness' testimony. Fed. R. Crim. P. 16(b)(1)(B).

c. A written summary of testimony that the defendant intends to use under Rule 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, describing the witnesses' opinions, the bases and reasons for those opinions, and the witnesses' qualifications. Fed. R. Crim. P. 16 (b)(1)(C).

If you have any questions concerning any of the foregoing or wish to discuss this case, please do not hesitate to contact me at (813) 274-6134.

Sincerely,

MARIA CHAPA LOPEZ
United States Attorney

By: Rachelle DesVaux Bedke
Rachelle DesVaux Bedke
Assistant United States Attorney